```
 1  THOMAS M. HERLIHY (SBN 83615)
    JOHN C. FERRY (SBN 104411)                    ORIGINAL
 2  KELLY, HERLIHY & KLEIN LLP                     FILED
    44 Montgomery Street, Suite 2500
 3  San Francisco, CA 94104-4798                 AUG - 8 2007
    Tel.: (415) 951-0535
 4  Fax: (415) 391-7808                        RICHARD W. WIEKING
                                             CLERK, U.S. DISTRICT COURT
 5  Email: herlihy@kelher.com               NORTHERN DISTRICT OF CALIFORNIA
           jferry@kelher.com
 6
 7  Attorneys for Defendants
    UNUM GROUP (formerly known as
 8  UNUMPROVIDENT CORPORATION),
    and FIRST UNUM LIFE INSURANCE
 9  COMPANY (erroneously sued as UNUM
    CORPORATION) and NEW YORK
10  LIFE INSURANCE COMPANY
11
    J. RUSSELL STEDMAN (SBN 117130)
12  JENNIFER N. LEE (SBN 230727)
    BARGER & WOLEN LLP
13  650 California Street, 9th Floor
    San Francisco, CA 94108
14  Tel.: (415) 434-2800
15  Fax.: (415) 434-2533
    Email: rstedman@barwol.com
16         jlee@barwol.com
17  Co-Counsel for New York Life Insurance Company only

18              UNITED STATES DISTRICT COURT
19              NORTHERN DISTRICT OF CALIFORNIA
20
21  LYLYE HUGHES,                    )   Case No.: C 07 4088
                                     )
22          Plaintiff,                )   NOTICE OF REMOVAL OF ACTION
                                     )   TO FEDERAL COURT
23     vs.                           )
                                     )
24  UNUMPROVIDENT CORPORATION;       )
    UNUM CORPORATION, NEW YORK LIFE  )
25  INSURANCE COMPANY, THE           )
    COMMISSIONER OF THE CALIFORNIA   )
26  DEPARTMENT OF INSURANCE, and DOES )
    1 through 20 inclusive,          )
27                                   )
28          Defendants.               )
```

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

CASE NO. ____

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Please take notice that, pursuant to 28 U.S.C. sections 1332, 1441 and 1446, defendants UNUM GROUP (formerly known as UNUMPROVIDENT CORPORATION), FIRST UNUM LIFE INSURANCE COMPANY (which, upon information and belief was erroneously sued as UNUM CORPORATION) and NEW YORK LIFE INSURANCE COMPANY (collectively "the Removing Defendants") hereby remove to the United States District Court for the Northern District of California the state court action described below ("the action") on the grounds that: (1) this court has federal question jurisdiction in that the action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. section 1001, *et seq.*; and (2) there is complete diversity of citizenship between plaintiff Lyle Hughes ("plaintiff"), a citizen of the State of California, and defendants Unum Group a citizen of the State of Delaware, incorporated in the State of Delaware and having its principal places of business in Chattanooga, Tennessee, and Portland, Maine; First Unum Life Insurance Company, a citizen of the State of New York incorporated in the State of New York and having its principal place of business in New York City, New York; New York Life Insurance Company, ("New York Life") is organized and existing under and by virtue of the laws of the State of New York, with its principal place of business in the State of New York; and defendant The Commissioner of the Department of Insurance of the State of California ("the Commissioner") who is a sham defendant against whom no viable causes of action have been pled and who should be disregarded for purposes of determining diversity jurisdiction; (3) the amount in controversy in the action exceeds the jurisdictional minimum of $75,000, as required by section 1332(a); and (4) the foregoing facts were true at the time the complaint in this matter was filed and they remain true as of the date of filing of this Notice of Removal.

## I.

## NATURE OF THE ACTION

1. On or about June 28, 2007, plaintiff filed a complaint in the Superior Court of the State of California in and for the City and County of San Francisco entitled "*Lyle Hughes,*

1  *plaintiff v, UnumProvident Corporation, Unum Corporation, New York Life Insurance Company,*
2  *The Commissioner of the California Department of Insurance, and Does 1-20 inclusive,*
3  *Defendants,*" case no. CGC 07-464729.

4      2.    Plaintiff asserts claims against the Removing Defendants for breach of contract, breach of the covenant of good faith and fair dealing, intentional and negligent misrepresentation, intentional infliction of emotional distress under, inter alia, under a group disability insurance policy. The remaining causes of action, which respectively seek a writ of mandamus and declaratory relief are alleged against the Commissioner alone. There are no causes of action common to all defendants.

    3.    Plaintiff's cause of action for a writ of mandamus alleges that the Commissioner, in allegedly approving the policy forms issued to plaintiff, failed to enforce the mandatory minimum requirements under the California Insurance Code. He allegedly seeks a writ of mandamus compelling the Commission to "correct" the policy forms so they comply with California law.

    4.    Plaintiff states two causes of action for declaratory relief against the Commissioner. The sixth cause of action alleges the existence of a dispute arising out of the approval of the policy forms by the Commissioner. He allegedly seeks a declaration as to whether the policy form's language must be construed as unambiguous merely based on the approval of the policy forms by the Commissioner. The seventh cause of action alleges the existence of a dispute arising out of a settlement agreement between Unum and the Commissioner which, plaintiff alleges, the Commissioner has failed to enforce.

## II.

### TIMELINESS OF REMOVAL

    5.    The Unum defendants first received a copy of the summons and the complaint on July 11, 2007, through various means for service of process. Various other San Francisco Superior Court documents also were served with the complaint. True and complete copies of the summons, complaint, and other forms received by defendants are attached hereto as Exhibit 1.

6. The Removing Defendants have not been served with, nor have they received, any other pleadings pertaining to the action other than those included in Exhibit 1. The Removing Defendants are informed and believe, and thereon allege, that other than the pleadings attached to this notice of removal, there have been no further pleadings, process, or orders filed in this action.

7. New York Life was served with the materials attached hereto as Exhibit 1 on July 9, 2007.

8. The Removing Defendants are informed and believe that the Commissioner was not served prior to service on Unum and New York Life. As such, the Removing Defendants have filed this notice of removal within 30 days of receipt by any defendant of plaintiff's state court complaint.

## III.

## FEDERAL QUESTION JURISDICTION

9. This is a civil action over which the court has original jurisdiction under 28 U.S.C. section 1331, and is one that may be removed by defendants to this court pursuant to the provisions of 28 U.S.C. section 1441(b), in that plaintiff's purported claims arise under and are governed by The Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA") and support removal based on federal question jurisdiction. 28 U.S.C. § 1331; 29 U.S.C. § 1001 *et seq.*; *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

10. In the complaint, plaintiff alleges that he is entitled to disability benefits under alleged group policies of insurance, which are governed by ERISA. (Complaint, ¶ 27).

11. The allegations of the complaint establish that ERISA preempts plaintiff's complaint and that this court has federal question jurisdiction, pursuant to 28 U.S.C. section 1331 and 29 U.S.C. section 1001 *et seq.* Therefore, removal is proper.

## IV.

## DIVERSITY JURISDICTION

### A. Complete Diversity Exists Between Plaintiff and the Removing Defendants

12. This court also has jurisdiction over this action under the provisions of 28 U.S.C., § 1332, and the action may be removed pursuant to the provisions of 28 U.S.C., § 1442(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as set forth more fully below.

13. Plaintiff is a resident of California. (Complaint, ¶ 1.)

14. Unum Group is, and at the time of the filing of this action was, a citizen of the State of Delaware, incorporated in the State of Delaware and having its principal places of business in Chattanooga, Tennessee, and Portland, Maine.

15. First Unum Life Insurance Company of America is, and at the time of the filing of this action was, a citizen of New York, incorporated in the State of New York and having its principal place of business in New York.

16. New York Life Insurance Company is, and at the time of the filing of this action was, a mutual life insurance company that was and is organized and existing under and by virtue of the laws of the Sate of New York with its principal place of business in the State of New York.

### B. The Amount in Controversy is Satisfied

17. This court's jurisdictional minimum of an amount in controversy in excess of $75,000 is satisfied as follows:

(a) By filing the complaint in Superior Court, plaintiff represents that he is entitled to recover damages in excess of the minimum superior court jurisdictional threshold of $50,000.

(b) Plaintiff seeks to recover monthly disability benefits under the purported policy or policies. Although defendants deny plaintiff is entitled to recover such damages, the court may consider the potential for such a recovery in this action in determining whether the

amount in controversy requirement is met for purposes of removal. Plaintiff's claim for back disability benefits alone exceeds the court's $75,000 jurisdictional minimum.

(c) Plaintiff claims to have suffered emotional injury due to defendants' alleged failure to pay benefits due, for which he claims damages in an amount to be shown at trial. (Complaint, ¶¶ 46, 65, 78; Prayer for Relief, ¶ 3.) Although defendants deny plaintiff is entitled to recover such damages, the court may consider the potential for such a recovery in this action in determining whether the amount in controversy requirement is met for purposes of removal.

(d) Plaintiff seeks an award of general and special damages according to proof. Given the nature of the allegations contained in the complaint, it is probable that plaintiff's request for general damages alone would exceed the jurisdictional limit of this court.

(e) Plaintiff claims he is entitled to an award of exemplary damages against defendants because their conduct allegedly was oppressive, fraudulent, and malicious. (Complaint, ¶¶ 48, 68, 81; Prayer for Relief ¶ 5.) "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943). Considering the allegations in the complaint, plaintiff's request for punitive damages must be included in calculating whether the jurisdictional limit is met in this case for purposes of removal.

(f) Plaintiff claims he is entitled to attorney's fees in amount to be determined. (Prayer for Relief, ¶ 7.)

(g) Plaintiff undoubtedly will seek an award of interest on his alleged damages at the legal rate (10%). The court should consider the potential recovery of interest in assessing the amount in controversy.

18. In light of plaintiff's request for accrued benefits allegedly owed, general and compensatory damages, punitive damages, interest, and attorney's fees, it is more likely than not that the amount in controversy in this case exceeds the jurisdictional minimum of $75,000.

Sanchez v. Monumental Life Ins. Co., 102 F. 3d 398, 404 (9th Cir., 1996) [citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F3d 1353, 1357 (11th Cir., 1996.)

### C. The Commissioner is a Sham Defendant that Cannot Defeat Diversity

19. Fraudulently joined defendants do not destroy diversity jurisdiction. See *Farias v. Bexar County Brd. of Trustees*, 925 F.2d 866, 871 (5th Cir., 1991); *Bennett v. Allstate Ins. Co.*, 753 F.Supp. 299 (N.D. Cal. 1990). Even if the Commissioner were a "citizen" of California for diversity purposes, which he is not, his presence in this action still would not destroy diversity jurisdiction for the additional reason that his joinder is a sham used to prevent removal.

20. A party is fraudulently joined to defeat diversity where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against that defendant or seek a joint judgment. *Goldberg v. CPC International, Inc.*, 495 F. Supp. 233, 239 (N.D. Cal., 1980), citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 98, 42 S. Ct. 35, 37 (1921); *Chicago, Rock Island & Pacific Railway Co. v. Schwyhart*, 227 U.S. 184, 194, 33 S. Ct. 250, 251, 57 L. Ed. 473 (1913); cf., *Sessions v. Chrysler Corp.*, 517 F.2d 759, 761 (9th Cir. 1975). Stated another way, a joinder is fraudulent if there is no real intention in good faith to prosecute the action against the defendant or seek a joint judgment. *Mallalieu-Golder Insurance Agency, Inc. v. Executive Risk Indemnity, Inc.*, 254 F.Supp.2d 521, 524 (2003), citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3rd Cir., 1992).

21. A party's gamesmanship in manipulating the pleadings has been found to be sufficient circumstantial evidence of a lack of any real intention to pursue a judgment against the non-resident defendant such that the joinder was fraudulent. In *Lewis v. Time, Inc.*, 83 F.R.D 455 (E.D. Cal. 1979), for example, the court viewed with suspicion the plaintiff's eleventh-hour joinder of a non-diverse defendant upon learning that the only other named party was diverse. Stating that the circumstances "seriously undercut any claim that the joinder was *bona fide*," the court denied plaintiff's motion to remand due to the doubt about the plaintiff's genuine intention to secure a judgment against the resident defendant. *Id.*, at p. 466.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
CASE NO. _____

22.     The Removing Defendants are informed and believe, and thereon state, that plaintiff's claims against the Commissioner have been asserted solely as a basis for attempting to defeat diversity jurisdiction. Specifically, the Removing Defendants are informed and believe that plaintiff's counsel has engaged in a pattern of including identical claims against the Commissioner in actions against insurers in the State of California without prosecuting the cases against the Commissioner or pursuing a judgment against the Commissioner. This practice has been utilized with such frequency that it has become apparent that there is "no real intention in good faith to prosecute the action" against the Commissioner or to seek a joint judgment, such that the joinder must be found to be fraudulent. *Mallalieu-Golder, supra*, 254 F.Supp.2d at 524; *Batoff, supra*, 977 F.2d at 851.

23.     The Commissioner is a sham defendant because the claims against the Commissioner are time barred, since the statute of limitations begins to run from the time the Commissioner approves the policy at issue. See *Borsuk v. MassMutual*, 2003 U.S. Dist. LEXIS 25259 (N.D. Cal. Sept 23, 2003) (holding that the naming of the Department of Insurance as a defendant did not destroy diversity based on the Department's approval of the policy form at issue because the approval took place long before the filing of the Complaint). Here, the policies (attached to Plaintiff's complaint) were issued almost twenty years ago, on December 25, 1987 (Policy No. H3072721) and September 14, 1988 (Policy No. 2724074).

**D.     The Commissioner's Joinder is Not Required For Removal**

24.     Joinder of a codefendant named on an ERISA claim need not join in the notice of removal. See *Moscovitch v. Danbury Hosp.*, 25 f. Supp,2d 74, 78 (D. Ct. 1999). Here Plaintiff has asserted ERISA claims against defendants and thus the Commissioner's joinder is unnecessary for removal.

**E.     The Commissioner is a Sham Defendant Who Does Not Destroy Diversity**

25.     If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir., 1987). Under this standard, plaintiff's claims against the Commissioner are obviously untenable and therefore

1  he is a sham defendant who must be disregarded for diversity purposes and whose lack of
2  consent to removal does not defeat federal question jurisdiction.
3     26.   In his mandamus causes of action, plaintiff requests that the Court order the
4  Commissioner to take corrective action with respect to the policy forms. (Complaint, ¶ 90.) In
5  other words, he wants the Commissioner to re-write the policies. In support of his claim,
6  plaintiff relies upon section 10291.5(b) of the Insurance Code. That section provides: "The
7  commissioner <u>shall not approve</u> any disability policy for issuance or delivery in this state in any
8  of the following circumstances . . ." Plaintiff alleges that the Commissioner violated this
9  provision by approving of a policy with improper provisions. (Complaint, ¶ 93.)
10    27.   California Insurance Code Section 10291.5(f), which grants the Commissioner
11 authority to withdraw approval of a disability policy, specifically provides that "any such
12 withdrawal shall, in the absence of any such request, be effective, **prospectively and not**
13 **retroactively**, on the 91st day following the mailing or delivery of the withdrawal . . ." Thus,
14 any invalidation of a proposed policy form by the Commissioner applies prospectively only; the
15 statute does not authorize the Commissioner to retroactively change the terms of the policies as
16 requested by plaintiff. Inasmuch as the relief sought is unavailable, plaintiff's claim for a writ of
17 mandamus fails.
18    28.   The right to petition the court for declaratory relief exists only where there is an
19 *actual controversy between parties to a written instrument as to their respective rights and*
20 *obligations.* (Cal. Code Civ. Proc., § 1060.) Plaintiff's complaint is absolutely devoid of facts to
21 establish that he has a right to declaratory relief as against the Commissioner regarding the
22 policies. The complaint contains no allegations establishing that plaintiff and the Commissioner
23 are parties to a written instrument with respect to the policies. Clearly, they are not. Plaintiff's
24 coverage is derivative of a private contract between him and his insurer. No written instrument
25 exists as between plaintiff and the Commissioner. Further, the complaint contains no allegations
26 establishing that a "controversy" exists pertaining to the respective rights of plaintiff and the
27 Commissioner as to a written instrument to which they are parties. Plaintiff has not alleged that
28

-8-
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
CASE NO. ___

the Commissioner has taken a position contrary to his own or interpreted the policy in a manner that has given rise to a dispute creating an "actual controversy."

29. Plaintiff has no standing to pursue his claim arising out of the settlement agreement between the Removing Defendants and the Commissioner as alleged in plaintiff's seventh claim and thus there is no justiciable controversy. Despite asking the court to declare the rights of the parties under the settlement agreement Plaintiff makes no allegation in his complaint that he was prevented from pursuing any claim he may have had under the settlement agreement and has no standing to pursue any claim under that agreement either for himself or for others. The settlement agreement as to third parties is not enforceable by a non-party to the agreement. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975). Thus, there is no justiciable controversy.

30. Further, plaintiff has failed to allege that a violation of said agreement creates a cognizable claim in any court or that the Commissioner has exhausted whatever administrative remedies exist. The doctrine of primary jurisdiction applies because enforcement of the settlement agreement under California's insurance regulatory scheme vests solely with the Department of Insurance.

31. Plaintiff's causes of action for mandamus and declaratory relief are untenable because he has not alleged the requisite facts to maintain such claims. As such, the Commissioner must be considered a sham defendant for purposes of removal.

///
///
///
///
///
///
///
///
///

## V.

## CONCLUSION

On the basis of federal question *and* diversity jurisdiction, as set forth above, defendants seek removal of this action from the Superior Court of the State of California in and for the County of San Francisco, in which it is now pending, to the District Court of the United States for the Northern District of California, San Francisco Division.

KELLY, HERLIHY & KLEIN LLP

Dated: August 8, 2007   By /s/ John C. Ferry

John C. Ferry
Attorneys for Defendants
UNUM GROUP (Formerly known as UNUMPROVIDENT CORPORATION), FIRST UNUM LIFE INSURANCE COMPANY (erroneously sued as UNUM CORPORATION)
and NEW YORK LIFE INSURANCE COMPANY

E:\27132\P01.doc

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
CASE NO. _____