1    Ray Bourhis, Esq. SBN 53196
     Lawrence Mann, Esq. SBN 83698
2    **BOURHIS & MANN**
3    1050 Battery Street
     San Francisco, CA 94111
4    Tel: (415) 392-4660; Fax: (415) 421-0259
5    Attorneys for Plaintiff, LYLE HUGHES

RECEIVED

JUL 1 1 2007

LAW DEPT.

ENDORSED
F I L E D
San Francisco County Superior Court

CASE MANAGEMENT CONFERENCE SET

NOV 3 0 2007 -9:00 AM

JUN 2 4 2007

GORDON PARK-LI, Clerk

BY: _____
PARAM N.ATT
Deputy Clerk

8    **DEPARTMENT 212**

9    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10   **FOR THE CITY AND COUNTY OF SAN FRANCISCO**

11

12   LYLE HUGHES,                          ) Case No. **CGC-07-464729**
                                           )
13              Plaintiff,                 ) **COMPLAINT FOR BREACH OF**
                                           ) **CONTRACT, BREACH OF THE**
14       v.                                ) **COVENANT OF GOOD FAITH AND**
                                           ) **FAIR DEALING, INTENTIONAL AND**
15   UNUMPROVIDENT CORPORATION, UNUM       ) **NEGLIGENT**
16   CORPORATION, NEW YORK LIFE            ) **MISREPRESENTATION,**
     INSURANCE COMPANY, THE                ) **INTENTIONAL INFLICTION OF**
17   COMMISSIONER OF THE CALIFORNIA        ) **EMOTIONAL DISTRESS,**
     DEPARTMENT OF INSURANCE and DOES 1    ) **DECLARATORY RELIEF, and**
18   through 20, inclusive,                ) **MANDAMUS; JURY TRIAL**
                                           ) **REQUESTED**
19                                         )
                                           )
20   _____      )

21

22       Plaintiff LYLE HUGHES ("HUGHES") hereby requests a trial by jury of all issues in

23   this matter.

24       COMES NOW, Plaintiff and alleges as follows:

25   ///

26   ///

27

28   _____
                         1
                   Case No.:
     COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND
     FAIR DEALING, INTENTIONAL AND NEGLIGENT MISREPRESENTATION, INTENTIONAL
     INFLICTION OF EMOTIONAL DISTRESS, DECLARATORY RELIEF, and MANDAMUS; JURY TRIAL
                                   REQUESTED

EXHIBIT "1"

# I.
## BACKGROUND

1.     Plaintiff HUGHES is and at all times relevant was a resident and citizen of California.

2.     Plaintiff alleges that defendant NEW YORK LIFE INSURANCE COMPANY ("NEW YORK LIFE") is a wholly owned subsidiary of defendant UNUMPROVIDENT CORPORATION (UNUMPROVIDENT) and defendant UNUM Corporation (UNUM) and at all times herein mentioned was a corporation duly organized and existing under and by virtue of the laws of the State of Massachusetts, of Tennessee, and of Maine and is authorized to transact and is transacting the business of insurance in the State of California.

3.     Plaintiff alleges that defendant UNUMPROVIDENT and defendant UNUM are publicly owned corporations duly organized and existing under and by virtue of the laws of the State of Tennessee and is authorized to transact and is transacting the business of insurance in the State of California.

4.     Plaintiff alleges that defendant The California Department of Insurance (hereinafter (CDI) is a governmental agency unit of the State of California, headed by the Commissioner of the California Department of Insurance (hereinafter "Commissioner"), and maintains its offices in San Francisco.

5.     Plaintiff alleges that UNUMPROVIDENT and UNUM were formerly known as PROVIDENT COMPANIES, INC., including PROVIDENT LIFE AND CASUALTY INSURANCE COMPANY."

6.     Plaintiff alleges that on or about March 1997, defendant UNUMPROVIDENT became a wholly owned subsidiary of PROVIDENT COMPANIES, INC., now known as

1    UNUMPROVIDENT and UNUM.

2        7.    Plaintiff alleges that UNUMPROVIDENT conducts its insurance operations

3    through UNUM LIFE INSURANCE COMPANY OF AMERICA, PROVIDENT LIFE AND

4    ACCIDENT INSURANCE COMPANY, PROVIDENT LIFE AND CASUALTY INSURANCE

5    COMPANY, PAUL REVERE LIFE AND ACCIDENT INSURANCE COMPANY and NEW

6     

7    YORK LIFE INSURANCE COMPANY and other entities not named at this time.

8        8.    Plaintiff alleges that UNUMPROVIDENT also operates under the name UNUM.

9        9.    Plaintiff alleges that UNUMPROVIDENT and UNUM make all claims decisions

10   on policies that were issued by all companies they have acquired.

11    

12       10.    Plaintiff alleges that UNUMPROVIDENT and UNUM are responsible for all

13   matters involving the non payment of the HUGHES claim.

14       11.    In the alternative, on information and belief, plaintiff alleges that

15   UNUMPROVIDENT and UNUM are joint venturers.

16    

17       12.    In the alternative, on information and belief, plaintiff alleges that he is a third-

18   party creditor beneficiary of all contracts between UNUMPROVIDENT and UNUM.

19       13.    Before he was discharged in March, 2003, the president of UNUMPROVIDENT

20   and UNUM was J. Harold Chandler.

21       14.    The corporate headquarters of UNUMPROVIDENT and UNUM are at One

22   Fountain Square, Chattanooga, Tennessee.

23    

24       15.    UNUMPROVIDENT owns the majority of the common stock of UNUM.

25       16.    Payments to UNUM and UNUMPROVIDENT insureds are made with

26   UNUMPROVIDENT checks.

27   ///

28

Case No.:
COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING, INTENTIONAL AND NEGLIGENT MISREPRESENTATION, INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS, DECLARATORY RELIEF, and MANDAMUS; JURY TRIAL
REQUESTED

17.    As a result of acquisition of UNUM by UNUMPROVIDENT and the agreement between UNUM and UNUMPROVIDENT, defendants each were (and continue to be) responsible to pay benefits under plaintiff's POLICY.  UNUM has this responsibility because it issued the POLICY.  Plaintiff is informed and believes and on that basis alleges that UNUMPROVIDENT assumed this obligation from UNUM by way of assignment or otherwise.  UNUMPROVIDENT also accepted and assumed the obligation to pay plaintiff's insurance claim and to administer it on plaintiff's behalf and for her benefit.

18.    Plaintiff alleges that defendant UNUMPROVIDENT so used its control of defendant UNUM and/or used the corporate assets of defendant UNUM as to render defendant UNUM into UNUMPROVIDENT's corporate alter-ego.

19.    UNUMPROVIDENT and UNUM are dependent upon payments from wholly owned subsidiaries to pay dividends to its stockholders and to pay its expenses.

20.    Plaintiff alleges that defendant UNUM adopted and implemented UNUMPROVIDENT's, formerly PROVIDENT COMPANIES, unfair claims handling practices and has utilized those unfair claims handling practices in its role as claims administrator for UNUM's individual disability income POLICY.

21.    Plaintiff alleges that after PROVIDENT's acquisition of UNUM, UNUM's claims adjusters became employees of UNUMPROVIDENT.

22.    Plaintiff alleges that after the merger of PROVIDENT and UNUM, PROVIDENT employees became employees of UNUMPROVIDENT.  Plaintiff further alleges that the unfair claims handling practices instituted at PROVIDENT continued after the merger of PROVIDENT and UNUM.

///

Case No.:
COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, INTENTIONAL AND NEGLIGENT MISREPRESENTATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, DECLARATORY RELIEF, and MANDAMUS; JURY TRIAL REQUESTED

23.    In October, 2005 California Insurance Commissioner John Garamendi informed Californians that "UNUMPROVIDENT is an outlaw company. It is a company that for years has operated in an illegal fashion." On October 1, 2005, the Insurance Commissioner of the State of California filed the attached Accusation (attached hereto as Exhibit B), against Defendants, asserting multiple violations of the Insurance Code and fraud committed against Defendants' disability insurance policyholders, including:

    a.    Targeting claims for "resolution" (i.e., for denial or termination of benefits) based on company economics instead of the claim's merits, e.g., high benefit, noncancellable long term disability income policies previously heavily marketed, which had become costly for the company through claims;

    b.    Failing to document claims files regarding the so-called "roundtable" sessions at which substantive claims decisions were made;

    c.    Placing claimants in the position of either having to sign an overly broad authorization form – thus giving up the right to privacy in financial and credit scoring records in claims in which such records may be neither necessary nor material to resolution of the claims – or having to alter the form/refuse to execute the form and risk claim denial;

    d.    Placing the burden of investigating the claim on the claimant (e.g., imposing unreasonable documentation obligations on the claimant) and failing to fulfill its duty to adequately investigate;

    e.    Misrepresenting to claimants under individual or government employer-sponsored group policies that ERISA preemption applies and thereby limits a claimant's rights on appeal;

---

Case No.:
COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, INTENTIONAL AND NEGLIGENT MISREPRESENTATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, DECLARATORY RELIEF, and MANDAMUS; JURY TRIAL REQUESTED

f.  Overruling the opinions of attending physicians after Company in-house physicians or nurses had conducted only a "paper review" of the medical file;

g.  Continuing to seek additional information where claimants provided adequate proof of disability;

h.  Offering adjusters "incentives" or "rewards" for closing files;

i.  Failing to disclose to the claimant additional benefits that might be available under the policy, e.g., a waiver of premium, a cost of living endorsement, a seat belt benefit.

24.  As part of its investigation of UNUMPROVIDENT AND UNUM, Defendant CDI reviewed jury verdicts, civil trial evidence and appellate decisions against UNUMPROVIDENT and UNUM in which they were assessed millions of dollars in both punitive and compensatory damages for fraud and other illegal conduct.

25.  The true names and capacities, whether individual, corporate, government, associate or otherwise of defendant DOES 1 through 20, inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and, therefore, alleges that each of the defendants designated herein legally caused injury and damages proximately thereby to plaintiff as herein alleged, and are, therefore, responsible to the plaintiff, for the damages herein requested.

## II.
## FIRST CAUSE OF ACTION
### (Breach of Contract against UNUMPROVIDENT, UNUM and DOES 1-10.)

26.  Plaintiff incorporates by reference each and every paragraph of the complaint as though set forth in this cause of action.

27.    Defendant UNUMPROVIDENT, UNUM and their subsidiaries AND DOES 1-10 issued four POLICIES of insurance to plaintiff HUGHES including a Group disability policy, and individual policy number H3072721 and H272 4074, 573602 (group policy) and   NYLIC QN6-82 (group policy) hereinafter "the POLICIES" and attached hereto as Exhibit A).

28.    At the time of the issuance of the policy and at all relevant times, Plaintiff was a New York Life life and health insurance agent.

29.    Plaintiff fully performed all duties required of him under the POLICY.

30.    Under the terms of POLICIES and under California law Plaintiff is considered totally disabled if he is unable to perform his substantial and material duties in the usual and customary manner and with reasonable continuity.

31.    In 2002 Plaintiff was diagnosed with chronic fibromyalgia. Since that time he has developed bipolar disorder, thyroid problems, rheumatoid arthritis, sleep apnea and clinical depression. Between 2002 and the present he has been prescribed a host of drugs for his medical conditions including hydrodone, oxycodone, kadian, topomax, trazadone, methotrexate, methylprednisolone, hydrochlorothiazide, effexor, levothyroxine, and other drugs. For his pain he was recently switched from Kadian (oral morphine 140 mg, three times per day to a Fentanyl patch, 100 mcg every three days, plus 80 mg per dose of oxycontin three times per day and 10 mg of vicodin three times per day,

32.    In September 2004 Plaintiff made a claim for Total Disability benefits.  At the time he became disabled his occupation was that of an insurance agent for New York Life Insurance Company. Plaintiff was and is impaired in his memory, his ability to concentrate, to drive, to market his services, to supervise others, to operate a computer, and to perform other duties required of him in his work. On August 17 2005 UNUM sent a final denial letter to Plaintiff

Case No.:
COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING, INTENTIONAL AND NEGLIGENT MISREPRESENTATION, INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS, DECLARATORY RELIEF, and MANDAMUS; JURY TRIAL
REQUESTED

refusing to pay him the benefits due under his policy. As a result of the failure and refusal of defendants to pay him the benefits owing, UNUM has forced Plaintiff to continue to attempt to work in order to support his family.

33.     At the time of the filing of his claim, and at all times thereafter, Plaintiff was entitled to receive disability benefits under the Total Disability provisions of her POLICY.

34.     Despite Defendants' obligations to pay Plaintiff the appropriate disability benefits pursuant to her POLICY, and despite his deteriorating medical condition, UNUMPROVIDENT AND UNUM have failed and continue to fail to do so. In failing to pay Plaintiff his benefits due under the POLICY, and in forcing Plaintiff to obtain representation before paying him the benefits to which plaintiff is due, UNUMPROVIDENT AND UNUM and DOES 1 through 10 have breached and continue to breach its contracts of insurance with Plaintiff.

35.     UNUMPROVIDENT and UNUM are well aware that any payment of benefits under these circumstances no longer can make Plaintiff whole for Defendants' breaches.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as hereinafter set forth.

### III.
### SECOND CAUSE OF ACTION
**(Intentional/Fraudulent and Negligent Misrepresentation against UNUMPROVIDENT, UNUM and DOES 1-10)**

As and for a separate and distinct SECOND CAUSE OF ACTION, Plaintiff complains against defendants UNUMPROVIDENT, UNUM AND DOES 1-10 as follows.

36.     Plaintiff incorporates as though fully set forth herein, Paragraphs 1 through 38 of his Complaint.

///

Case No.:
COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, INTENTIONAL AND NEGLIGENT MISREPRESENTATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, DECLARATORY RELIEF, and MANDAMUS; JURY TRIAL REQUESTED

37.    In the sale of the POLICY, defendants UNUMPROVIDENT, UNUM AND DOES 1-10 falsely and fraudulently stated and represented to plaintiff that they would pay and continue to pay him the appropriate disability benefits if plaintiff became disabled from his own occupation as that term is defined by the POLICY, the company and under the laws of California.

38.    In the sale of its POLICY, agents or employees of UNUMPROVIDENT, UNUM AND DOES 1-10 whose identities have not yet been discovered by plaintiff, falsely and fraudulently stated and represented to plaintiff that defendants would pay and continue to pay plaintiff's disability benefits if plaintiff became totally disabled from his own occupation as that term is defined by the POLICY, the company and the laws of California.

39.    Moreover, UNUMPROVIDENT AND UNUM did not intend to pay or to continue paying his benefits for total disability.  Said Defendants knew their statements regarding their intentions were false at the time they made them.

40.    Plaintiff relied on these false statements, which induced him to obtain coverage under the POLICY, both at the outset of the POLICY and each and every time plaintiff made his premium payments thereafter under the POLICY.

41.    Furthermore, at the time of all mergers and acquisitions the companies acquired by UNUMPROVIDENT and UNUM adopted new and unlawful patterns and practices for processing claims, without informing plaintiff of this change.  Despite this fact, UNUMPROVIDENT AND UNUM kept accepting plaintiff's premium payments under the POLICY.

///

Case No.:
COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, INTENTIONAL AND NEGLIGENT MISREPRESENTATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, DECLARATORY RELIEF, and MANDAMUS; JURY TRIAL REQUESTED

42.     UNUMPROVIDENT AND UNUM further concealed from plaintiff the standard of review they intended to apply to the evaluation of plaintiff's claim for benefits.

43.     The aforesaid representations were material and false in that UNUMPROVIDENT AND UNUM misrepresented POLICY provisions under California law.

44.     Further, UNUMPROVIDENT AND UNUM did not intend to correctly apply California law to the provisions of its POLICY.

45.     As a direct and proximate result of the aforementioned conduct of UNUMPROVIDENT AND UNUM, Plaintiff has been damaged in an amount in excess of the jurisdiction of this court, to be proven at trial.

46.     As a further direct and proximate result of the aforementioned conduct of said defendants, and each of them, Plaintiff has suffered mental and emotional distress including, but not limited to, fear, aggravation, depression, humiliation and other highly unpleasant consequences including anxiety and has thereby incurred general damages in a sum in excess of the jurisdiction of this court to be determined according to proof at trial.

47.     As a further, direct and proximate result of the aforementioned conduct of defendant UNUMPROVIDENT AND UNUM, HUGHES has been obliged to expend or incur liability for costs of suit, attorneys' fees and related expenses in an amount not yet fully ascertained, but which will be submitted at the time of trial.

48.     In doing the acts set forth above, UNUMPROVIDENT AND UNUM acted fraudulently, maliciously, oppressively, and in conscious disregard of plaintiff's rights and in a despicable fashion. Plaintiff is therefore entitled to punitive damages in a sum sufficient to punish said defendant so that such conduct will not take place again.

WHEREFORE, plaintiff prays for judgment against defendants UNUMPROVIDENT AND UNUM as hereinafter set forth.

## IV.
## THIRD CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing, Insurance Bad Faith Against Defendants UNUMPROVIDENT, UNUM and Does 1-10)

As and for a separate and distinct THIRD CAUSE OF ACTION, plaintiff complains against defendant UNUMPROVIDENT, UNUM and Does 1-10 as follows.

49.    Plaintiff incorporates by reference each and every paragraph of the Complaint as though set forth in this cause of action.

50.    At all times herein relevant, UNUMPROVIDENT AND UNUM agreed to act in good faith and deal fairly with plaintiff when they entered into the POLICY and accepted premiums.    Said defendants thereby assumed a special relationship with and fiduciary-like obligations to Plaintiff, and agreed to abide by their said duties.    Nevertheless, said defendants refused and failed to act in good faith and deal fairly with Plaintiff, and breached said obligations, as is set forth more particularly below.

51.    In the absence of a reasonable basis for doing so, and with full knowledge and/or conscious disregard of the consequences, said defendants have failed and refused to provide Plaintiff the appropriate benefits promised under the POLICY and the laws of California.

52.    Said defendants engaged and continue to engage in a course of conduct to further their own economic interest and in violation of their contractual and fiduciary obligations to plaintiff, including, but not limited to:

53.    Unreasonably failing to pay the correct benefits of the POLICY;

54.    Failing to provide promptly a reasonable explanation of the basis relied on in the

---

insurance POLICY for its failure to pay the correct benefits;

55.     Failing to pay the benefits which plaintiff was entitled to receive based on insufficient and inadequate medical information;

56.     Failing to place the financial interests of plaintiff on an equal par with said defendants' own financial interests;

57.     Misrepresenting coverage and POLICY provisions at issue, including the interpretation of "total disability", "residual disability", and "occupation" in its own occupation POLICY.

58.     Forcing plaintiff to hire an attorney to obtain the benefits of the POLICY due to her;

59.     Failing to conduct an investigation into the substantial and material duties of a insurance agent and deliberately misrepresenting the requirements for qualification as "totally disabled" under the terms of the POLICY; and

60.     Other such unreasonable conduct that is unknown at this time.

61.     Said defendants' actions were all part of a pattern and practice of denying and terminating long-term disability income claims issued to professionals in California, on specious bases in order to reduce overall reserves and improve the company's financial condition.

62.     In doing the acts listed above, said defendants' acts breached the covenant of good faith and fair dealing, and constitute unfair claims settlement practices.

63.     Said defendants continue to engage in the aforementioned acts, and said conduct and bad faith constitutes a continuing tort and continuing bad faith to plaintiff, causing plaintiff continuing damage as described herein beyond the date of the filing of this action.

Case No.:
COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING, INTENTIONAL AND NEGLIGENT MISREPRESENTATION, INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS, DECLARATORY RELIEF, and MANDAMUS; JURY TRIAL
REQUESTED

64.    As a direct and proximate result of the aforementioned conduct of said defendants, and each of them, plaintiff has been damaged in an amount in excess of the jurisdiction of this court, to be proven at trial.

65.    As a further direct and proximate result of the aforementioned conduct of said defendants, and each of them, plaintiff has suffered mental and emotional distress including, but not limited to, fear, aggravation, depression, humiliation and anxiety and has thereby incurred general damages in a sum in excess of the jurisdiction of this court to be determined according to proof at trial.

66.    As a further, direct and proximate result of the aforementioned conduct of UNUMPROVIDENT AND UNUM and each of them, plaintiff has been obliged to expend or incur liability for costs of suit, attorneys' fees and related expenses in an amount not yet fully ascertained, but which will be submitted at the time of trial.

67.    As a further, direct and proximate result of the aforementioned conduct of said defendants, plaintiff has suffered other special damages in amounts according to proof at the time of trial which include, but are not limited to, his inability to replace the POLICY under the terms and conditions represented to her.

68.    In doing the acts set forth above, defendants acted fraudulently, maliciously, oppressively, and in conscious disregard of plaintiff's rights and in a despicable fashion. Plaintiff is therefore entitled to punitive damages in a sum sufficient to punish defendants so that such conduct will not take place again.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

///

Case No.:
COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, INTENTIONAL AND NEGLIGENT MISREPRESENTATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, DECLARATORY RELIEF, and MANDAMUS; JURY TRIAL REQUESTED

**V.**
## FOURTH CAUSE OF ACTION
### (Intentional Infliction Of Emotional Distress Against
### Defendants UNUMPROVIDENT, UNUM And DOES 1 - 20)

As and for a FOURTH CAUSE OF ACTION, plaintiff complains against defendants UNUMPROVIDENT, UNUM and DOES 1 – 20 and alleges:

69.     Plaintiff incorporates by reference each and every paragraph of the complaint as though fully set forth in this cause of action.

70.     Defendants UNUMPROVIDENT, UNUM AND DOES 1-10 had access to plaintiff's medical records, and were aware, at all times relevant times, that plaintiff was totally disabled from his own occupation as an insurance agent.

71.     With full knowledge of plaintiff's precarious condition, and of the fact that he was entitled to total disability benefits under the POLICIES, UNUMPROVIDENT and UNUM failed to pay him the benefits owed.

72.     In so doing, said defendants pursued an outrageous course of conduct, intentionally and/or recklessly, proximately causing plaintiff severe emotional distress, shock and other highly unpleasant emotions.

73.     Specifically, but not exclusively, UNUMPROVIDENT, UNUM AND DOES 1-10 failed to pay plaintiff benefits for total disability by concealing POLICY provisions and ignoring California law.

74.     Furthermore, defendants have not done an adequate independent investigation of plaintiff's medical condition or her work conditions, or of the usual and customary duties of an insurance agent.

///

Case No.:
COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING, INTENTIONAL AND NEGLIGENT MISREPRESENTATION, INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS, DECLARATORY RELIEF, and MANDAMUS; JURY TRIAL
REQUESTED

75.    The conduct of UNUMPROVIDENT, UNUM and DOES 1-10 caused plaintiff severe emotional distress and anxiety.

76.    Said defendants further made false statements regarding the duties of plaintiff's occupation and the requirements of California law, all for the purposes of injuring plaintiff, and increasing said defendants' profits, while inflicting severe emotional distress and avoiding a valid claim.

77.    As a direct and proximate result of the aforementioned conduct of said defendants, plaintiff has been damaged in the amount of the disability benefits due and owing to him and continuing hereinafter until fully paid.

78.    As a further, direct and proximate result of the aforementioned conduct of defendants, plaintiff has suffered mental and emotional distress including, but not limited to, frustration, depression, nervousness, and anxiety and has thereby incurred general damages in an amount to be determined according to proof at time of trial.

79.    As a further, direct and proximate result of the aforementioned conduct of defendants, plaintiff has been obliged to expend and/or incur liability for costs of suit, attorneys' fees, and related expenses in an amount not yet fully ascertained, but which will be submitted at the time of trial.

80.    As a further, direct and proximate result of the aforementioned conduct of defendants, plaintiff has suffered other special damages in amounts according to proof at the time of trial which include, but are not limited to, the lack of availability of said sums to her.

81.    The conduct of defendants as described above was despicable and fraudulent and was further done willfully, oppressively, maliciously, and with conscious disregard of the rights of plaintiff, and with the intent to annoy, harass or injure plaintiff such that plaintiff is entitled

1  to a recovery of exemplary damages.

2  
## VI.
### FIFTH CAUSE OF ACTION
**(Writ of Mandamus: Commissioner of the California Department of Insurance)**

3  

4  

5  82.  Plaintiff incorporates by reference each and every paragraph of her Complaint as

6  though set forth in this cause of action.

7  83.  The California Department of Insurance (CDI), is a governmental agency unit of

8  the State of California, and operates independently under the control of an elected Insurance

9  Commissioner pursuant to Insurance Code §12906. The COMMISSIONER/CDI is required by

10  Insurance Code § 12905 to maintain its offices in San Francisco and the COMMISSIONER/CDI

11  do so.

12  

13  84.  Insurance Code §12921 mandates that "The COMMISSIONER shall perform all

14  duties imposed upon him by provisions of this code and other laws regulating the business of

15  insurance in this State, and shall enforce the execution of such provisions and laws." Section

16  12926 mandates that "The COMMISSIONER shall require from every insurer a full compliance

17  with all provisions of (the insurance) code." Further, §12940 provides that "The acts and orders

18  of the COMMISSIONER are subject to such review, or other action by a court of competent

19  jurisdiction, as is permitted or authorized by law."

20  

21  85.  CDI is required by Insurance Code §12905 to maintain its offices in San Francisco

22  and the DOI and COMMISSIONER do so.

23  

24  86.  The COMMISSIONER must approve all disability insurance policies for sale,

25  issuance or delivery in California pursuant to Insurance Code §10291.5. The COMMISSIONER

26  is required to rigorously apply these standards in order to "prevent, in respect to disability

27  insurance, fraud, unfair trade practices and insurance economically unsound to the insured."

28  

---

Case No.:
COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING, INTENTIONAL AND NEGLIGENT MISREPRESENTATION, INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS, DECLARATORY RELIEF, and MANDAMUS; JURY TRIAL
REQUESTED

§10291.5(a)(1). Further, the COMMISSIONER is prohibited by law from approving any disability policy which is uncertain, ambiguous or likely to mislead a person to whom the policy is offered, delivered or issued. §10291.5(b)(1).

87.     The Insurance Code further prohibits disability policy provisions that are less favorable in any respect to an insured than required by law; for example, §§10328 and 10390.

88.     Insurance Code Section 12921 mandates that "The COMMISSIONER shall perform all duties imposed upon him by provisions of this code and other laws regulating the business of insurance in this State, and shall enforce the execution of such provisions and laws."

89.     Insurance Code Section 12926 mandates that "The COMMISSIONER shall require from every insurer a full compliance with all provisions of (the insurance) code." Further, Section 12940 provides that "The acts and orders of the COMMISSIONER are subject to such review, or other action by a court of competent jurisdiction, as is permitted or authorized by law."

90.     On information and belief, plaintiff hereby alleges that the COMMISSIONER has failed to enforce the mandatory minimum requirements of the Insurance Code with respect to POLICY definitions of disability, and related POLICY provisions respecting proof of claim and payment of claim, contained in UNUMPROVIDENT, UNUM AND DOES 1 THROUGH 10's insurance POLICIES that are at variance with and less favorable to their insureds and disability claimants than required by California law.

91.     On information and belief, plaintiff alleges that the COMMISSIONER has failed to perform the duties imposed upon the him to require compliance with the California Insurance Code, including but not limited to Sections 790.03(h) and 10291.5, as well as the Fair Claims Settlement Practices Regulations (10 Cal. Admin. Code Section 2695.1 *et seq*) and various DOI

Case No.:
COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, INTENTIONAL AND NEGLIGENT MISREPRESENTATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, DECLARATORY RELIEF, and MANDAMUS; JURY TRIAL REQUESTED

rulings and bulletins dealing with the same or similar subject matter.

92.    The acts and omissions of the COMMISSIONER have contributed to UNUMPROVIDENT, UNUM and DOES 1 through 10's ability to perpetuate the unlawful, fraudulent and other wrong acts alleged herein.

93.    By this action, plaintiff seeks, in addition to all other remedies sought herein, an order from this Court mandating that the COMMISSIONER perform the duties imposed upon him by law, as described hereinabove, and take corrective action as is reasonably necessary to respond to the fraudulent and unlawful conduct of said defendants, including, but not limited to the correction of defendants' insurance POLICY forms to conform with California law.

## VII.
## SIXTH CAUSE OF ACTION
**(Declaratory Relief: COMMISSIONER Under Code of Civil Procedure § 1060)**

94.    An actual controversy exists between plaintiff and defendants and between plaintiff and the COMMISSIONER arising out of the COMMISSIONER and the CDI's alleged approval of the policy form at issue in this case.

95.    Plaintiff herein seeks a declaration by the Court as to the rights of the parties with respect to the issue of whether or not an otherwise ambiguous provision in the policy must be construed as unambiguous merely based on the alleged approval of the policy form by the commissioner and/or the DOI.

96.    On October 1, 2005, the Insurance Commissioner of the State of California filed the attached Accusation (attached hereto as Exhibit B), against Defendants, asserting multiple violations of the Insurance Code and fraud committed against Defendants' disability insurance policyholders.

97.    In October, 2005 the Insurance Commissioner of the State of California and Defendants entered a California Settlement Agreement (attached hereto as Exhibit C), requiring in part that Defendants perform Reassessments of previously unpaid disability claims.  Pursuant

18
Case No.;
COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING, INTENTIONAL AND NEGLIGENT MISREPRESENTATION, INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS, DECLARATORY RELIEF, and MANDAMUS; JURY TRIAL
REQUESTED

1  to the California Settlement Agreement, the Insurance Commissioner of the State of California

2  was required to "conduct examinations of the [Defendants'] Claim Reassessment Unit claim

3  decisions and compliance with the other terms of the California Settlement Agreement"(Section

4  F.1.).

5      98.    Pursuant to a settlement entered between the Insurance Commissioner of the State

6  of California and Defendants, on October 3, 2005 the Insurance Commissioner of the State of

7  California issued a Decision and Order Of Insurance Commissioner Upon Settlement against

8  Defendants (attached hereto as Exhibit D).

9      99.    Plaintiff HUGHES at the time of the October, 2005 California Settlement

10 Agreement and  Decision and Order Of Insurance Commissioner was a resident of the State of

11 California entitled to the benefits and protections of its laws,  and was a "California Claimant"

12 who was part of the Claim Reassessment conducted by Defendants in California pursuant to the

13 aforesaid California Settlement Agreement and  Decision and Order Of Insurance Commissioner

14 Upon Settlement.

15     100.    On information and belief, plaintiff HUGHES hereby alleges that the

16 COMMISSIONER and the DOI have failed to enforce the mandatory minimum requirements of

17 the Insurance Code with respect to enforcement of the California Settlement Agreement and

18 Decision and Order Of Insurance Commissioner Upon Settlement required by California law,

19 including Insurance Code Section 12926 and the COMMISSIONER'S own Decision and Order

20 Of Insurance Commissioner Upon Settlement, including the requirement of monitoring

21 compliance of the California Settlement Agreement to "conduct examinations of the

22 [Defendants'] Claim Reassessment Unit claim decisions and compliance with the other terms of

23 the California Settlement Agreement"(Section F.1.).

24     101.    On information and belief, plaintiff HUGHES alleges that the COMMISSIONER

25 and DOI have failed to perform the duties imposed upon the COMMISSIONER to require

26 compliance with the California Insurance Code, including but not limited to §§790.03(h) and

27 10291.5, as well as the Fair Claims Settlement Practices Regulations (10 Cal.Admin. Code

28

---

19
Case No.:
COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING, INTENTIONAL AND NEGLIGENT MISREPRESENTATION, INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS, DECLARATORY RELIEF, and MANDAMUS; JURY TRIAL
REQUESTED

1   §2695.1 *et seq*) and various DOI rulings and bulletins dealing with the same or similar subject

2   matter. The acts and omissions of the COMMISSIONER have contributed to defendants' ability

3   to perpetuate the unlawful, fraudulent and other wrong acts alleged herein. Defendants unlawful

4   activities in the Reassessment process being permitted by COMMISSIONER include, but are not

5   limited to the following:  1) Violation of California Insurance Code Section 790.03 in not

6   promptly, fairly and expeditiously adjusting the Reassessment claims, including Defendants not

7   allocating nor obtaining sufficient personnel to process the reassessment claims in a reasonable

8   time so that the claims are delayed for over a year and a half, causing further severe injury to the

9   disabled claimants. 2) Violation of Insurance Code Section 790.03 in Defendants refusing to

10  negotiate claim resolution with claimants' attorneys for those claims placed in the Reassessment,

11  despite the said California law requirement that Defendants are required to negotiate claims in

12  good faith. 3) Violation of the aforesaid Settlement Agreement and Decision in permitting

13  defendants absolute discretion to deny the Reassessment claims, acting as their own judge and

14  jury, denying the Reassessment claimants due process and equal protection of the law; although

15  the Reassessment process is an appellate procedure, it does not have the power to overturn the

16  Defendants decisions regarding the Reassessment. 4) Despite the unfair claims handling

17  practices uncovered by the DOI, the UNUM defendants are not considering awarding any of the

18  extracontractual damages under the Reassessment owed to claimants under California law,

19  including for claimants' emotional distress, and compensatory damages for the UNUM

20  Defendants causing claimants' bankruptcies, home foreclosures, and other financial harm.

21          102.    By this action, plaintiff seeks, in addition to all other remedies sought herein, an

22  order from this Court mandating that the COMMISSIONER perform the duties imposed upon

23  him by law, as described hereinabove, and take corrective action as is reasonably necessary in

24  the exercise of his discretion to respond to the fraudulent and unlawful conduct of defendants,

25  including, but not limited to enforcing and monitoring compliance of claim Reassessments.

26  ///

27  ///

28

# VIII.
## SEVENTH CAUSE OF ACTION

### (Declaratory Relief: Commissioner of the Department of Insurance, Under Code of Civil Procedure § 1060)

103.   Plaintiff incorporates by reference each and every paragraph of her Complaint as though set forth in this cause of action.

104.   An actual controversy exists between plaintiff and defendants and between Plaintiff and the COMMISSIONER arising out of the COMMISSIONER's aforesaid violation of California law and the COMMISSIONER'S own aforesaid Decision and Order Of Insurance Commissioner Upon Settlement.

105.   Plaintiff herein seeks a declaration by the Court as to the rights of the parties with respect to the issue of whether the COMMISSIONER is required to compel the UNUM defendants to follow California law as aforesaid in the Reassessment process.

106.   Plaintiff herein further seeks an order from the Court declaring that the statutes of limitation are tolled for Plaintiff during his claim being processed in the Reassessment.

# IX.
## PRAYER FOR RELIEF

### AS TO THE FIRST CAUSE OF ACTION:

WHEREFORE, plaintiff prays for relief as follows:

1.   General damages against defendants UNUM, UNUMPROVIDENT AND DOES 1-10 for the failure to provide the promised benefits under the subject contract of insurance in a sum to be determined at the time of trial, and a return of the premiums which defendants have required plaintiff to pay to keep the POLICY in force.

2.   For such other and further relief as the Court deems just and proper.

---

Case No.:
COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING, INTENTIONAL AND NEGLIGENT MISREPRESENTATION, INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS, DECLARATORY RELIEF, and MANDAMUS; JURY TRIAL
REQUESTED

1    **AS TO THE SECOND, THIRD, AND FOURTH CAUSES OF ACTION:**

2    WHEREFORE, plaintiff prays for relief as follows:

3    3.  General damages against defendants UNUM, UNUMPROVIDENT AND DOES

4    1010 for mental and emotional distress and other incidental damages in a sum to be determined

5    at trial;

6    4.    Special damages in an amount according to proof;

7    5.    Punitive and exemplary damages;

8    6.    For costs of suit herein incurred;

9    7.    For reasonable attorneys' fees; and

10    8.    For such other and further relief as the Court deems just and proper.

11    **AS TO THE FIFTH CAUSE OF ACTION:**

12    WHEREFORE, plaintiff prays for relief as follows:

13    9.    In addition to all other remedies sought herein, an order from this Court mandating

14    that the COMMISSIONER exercise reasonable discretion and take such action as he may decide

15    is reasonably necessary to respond to the alleged fraudulent and unlawful conduct of defendants,

16    including, but not limited to enforcing and monitoring compliance of claim Reassessments;

17    10.    For such other and further relief as the Court deems just and proper.

18    **AS TO THE SIXTH AND SEVENTH CAUSES OF ACTION:**

19    WHEREFORE, plaintiff prays for relief as follows:

20    11.    In addition to all other remedies sought herein, a Declaration from the Court ruling

21    that the COMMISSIONER is required to compel the UNUM defendants to follow California law

22    as aforesaid in the Reassessment process.

23    12.    Plaintiff herein further seeks an order from the Court declaring that the statutes of

24    limitation are tolled for Plaintiff during his claim being processed in the Reassessment.

25    ///

26    ///

27    

28

---

22

Case No.:
COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING, INTENTIONAL AND NEGLIGENT MISREPRESENTATION, INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS, DECLARATORY RELIEF, and MANDAMUS; JURY TRIAL
REQUESTED

1    13.    For such other and further relief as the Court deems just and proper.

2

3    Dated: June 27, 2007         Respectfully submitted,

4

5

6                                 BOURHIS & MANN

7

8                        By:_____

9                                 Ray Bourhis
                                   Lawrence Mann
10                        Attorney for Plaintiff LYLE HUGHES

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23
Case No.:
COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING, INTENTIONAL AND NEGLIGENT MISREPRESENTATION, INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS, DECLARATORY RELIEF, and MANDAMUS; JURY TRIAL
REQUESTED