1  THOMAS M. HERLIHY (SBN 83615)
   JOHN C. FERRY (SBN 104411)
2  KELLY, HERLIHY & KLEIN LLP
   44 Montgomery Street, Suite 2500
3  San Francisco, CA 94104-4798
   Tel.: (415) 951-0535
4  Fax: (415) 391-7808
5  Email: herlihy@kelher.com
          jferry@kelher.com
6
7  Attorneys for Defendants
   UNUM GROUP (formerly known as UNUMPROVIDENT CORPORATION),
8  FIRST UNUM LIFE INSURANCE COMPANY (erroneously sued as UNUM
   CORPORATION) and NEW YORK LIFE INSURANCE COMPANY
9
10 J. Russell Stedman (SBN 117130)
   Jennifer N. Lee (SBN 230727)
11 BARGER & WOLEN LLP
   650 California Street, 9th Floor
12 San Francisco, CA 94108
   Tel.: (415) 434-2800
13 Fax.: (415) 434-2533
14 Email: rstedman@barwol.com
          jlee@barwol.com
15
16 Co-Counsel for NEW YORK LIFE INSURANCE COMPANY only

17                    UNITED STATES DISTRICT COURT
18                   NORTHERN DISTRICT OF CALIFORNIA
19

20 LYLE HUGHES,                          ) Case No.: C 07 4088 JL
                                         )
21         Plaintiff,                    )
                                         ) **ANSWER OF DEFENDANTS**
22    vs.                                ) **UNUMPROVIDENT CORPORATION,**
                                         ) **UNUM CORPORATION AND NEW**
23 UNUMPROVIDENT CORPORATION;            ) **YORK LIFE INSURANCE COMPANY**
   UNUM CORPORATION, NEW YORK LIFE       ) **TO PLAINTIFF'S COMPLAINT**
24 INSURANCE COMPANY, THE                )
   COMMISSIONER OF THE CALIFORNIA        )
25 DEPARTMENT OF INSURANCE, and DOES     )
   1 through 20 inclusive,               )
26                                       )
27         Defendants                    )
                                         )
28 ─────────────────────────────────────

ANSWER TO COMPLAINT
CASE NO. C 07 4088 JL

Comes now Defendants Unum Group (formerly known as UnumProvident Corporation), First Unum Life Insurance Company (erroneously sued as Unum Corporation) (collectively hereinafter "Unum") and New York Life Insurance Company (all defendants collectively hereinafter "Defendants") answers the complaint ("complaint") filed by plaintiff Lyle Hughes ("plaintiff") in this action as follows:

## PRELIMINARY ALLEGATIONS

1.      Answering the allegations of paragraph 1 of the complaint, Defendants are without information or belief to answer said allegations and based thereon denies said allegations.

2.      Answering the allegations of paragraph 2 of the complaint, Defendants deny the allegations.

3.      Answering the allegations of paragraph 3 of the complaint, Unum admits that Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the State of Delaware and having its principal places of business in Chattanooga, Tennessee, and Portland, Maine. Unum further states that plaintiff improperly named Unum Corporation and while the allegations of the complaint are unclear, it is apparent that he intended to name First Unum Life Insurance Company, which is incorporated in the State of New York and having its principal place of business in New York City, New York. Defendants deny the remaining allegations of said paragraph.

4.      Answering the allegations of paragraph 4 of the complaint, Defendants admit the allegations.

5.      Answering the allegations of paragraph 5 of the complaint, Unum denies the allegations.

6.      Answering the allegations of paragraph 6 of the complaint, Unum admits that Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the State of Delaware and having its principal places of business in Chattanooga, Tennessee, and Portland, Maine. Unum further states that plaintiff improperly named Unum Corporation and while the allegations of the complaint are unclear, it is apparent that he intended to name First

1  Unum Life Insurance Company, which is incorporated in the State of New York and having its
2  principal place of business in New York City, New York. Defendants deny the remaining
3  allegations of said paragraph.
4     7.    Answering the allegations of paragraph 7 of the complaint, Unum admits that
5  Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the
6  State of Delaware and having its principal places of business in Chattanooga, Tennessee, and
7  Portland, Maine. Unum further states that plaintiff improperly named Unum Corporation and
8  while the allegations of the complaint are unclear, it is apparent that he intended to name First
9  Unum Life Insurance Company, which is incorporated in the State of New York and having its
10 principal place of business in New York City, New York. Defendants deny the remaining
11 allegations of said paragraph.
12    8.    Answering the allegations of paragraph 8 of the complaint, Unum admits that
13 Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the
14 State of Delaware and having its principal places of business in Chattanooga, Tennessee, and
15 Portland, Maine. Unum further states that plaintiff improperly named Unum Corporation and
16 while the allegations of the complaint are unclear, it is apparent that he intended to name First
17 Unum Life Insurance Company, which is incorporated in the State of New York and having its
18 principal place of business in New York City, New York. Defendants deny the remaining
19 allegations of said paragraph.
20    9.    Answering the allegations of paragraph 9 of the complaint, Unum admits that
21 Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the
22 State of Delaware and having its principal places of business in Chattanooga, Tennessee, and
23 Portland, Maine. Unum further states that plaintiff improperly named Unum Corporation and
24 while the allegations of the complaint are unclear, it is apparent that he intended to name First
25 Unum Life Insurance Company, which is incorporated in the State of New York and having its
26 principal place of business in New York City, New York. Defendants deny the remaining
27 allegations of said paragraph.
28

10. Answering the allegations of paragraph 10 of the complaint, Unum admits that Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the State of Delaware and having its principal places of business in Chattanooga, Tennessee, and Portland, Maine. Unum further states that plaintiff improperly named Unum Corporation and while the allegations of the complaint are unclear, it is apparent that he intended to name First Unum Life Insurance Company, which is incorporated in the State of New York and having its principal place of business in New York City, New York. Defendants deny the remaining allegations of said paragraph.

11. Answering the allegations of paragraph 11 of the complaint, Unum denies the allegations.

12. Answering the allegations of paragraph 12 of the complaint, Unum denies the allegations.

13. Answering the allegations of paragraph 13 of the complaint, Unum admits that Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the State of Delaware and having its principal places of business in Chattanooga, Tennessee, and Portland, Maine. Unum further states that plaintiff improperly named Unum Corporation and while the allegations of the complaint are unclear, it is apparent that he intended to name First Unum Life Insurance Company, which is incorporated in the State of New York and having its principal place of business in New York City, New York. Defendants deny the remaining allegations of said paragraph.

14. Answering the allegations of paragraph 14 of the complaint, Unum admits that one of its principal places of business is in Chattanooga, Tennessee.

15. Answering the allegations of paragraph 15 of the complaint, Unum admits that Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the State of Delaware and having its principal places of business in Chattanooga, Tennessee, and Portland, Maine. Unum further states that plaintiff improperly named Unum Corporation and while the allegations of the complaint are unclear, it is apparent that he intended to name First Unum Life Insurance Company, which is incorporated in the State of New York and having its

1  principal place of business in New York City, New York. Defendants deny the remaining
2  allegations of said paragraph.

3      16.  Answering the allegations of paragraph 16 of the complaint, Unum admits that
4  Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the
5  State of Delaware and having its principal places of business in Chattanooga, Tennessee, and
6  Portland, Maine. Unum further states that plaintiff improperly named Unum Corporation and
7  while the allegations of the complaint are unclear, it is apparent that he intended to name First
8  Unum Life Insurance Company, which is incorporated in the State of New York and having its
9  principal place of business in New York City, New York. Defendants deny the remaining
10 allegations of said paragraph.

11     17.  Answering the allegations of paragraph 17 of the complaint, Unum admits that
12 Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the
13 State of Delaware and having its principal places of business in Chattanooga, Tennessee, and
14 Portland, Maine. Unum further states that plaintiff improperly named Unum Corporation and
15 while the allegations of the complaint are unclear, it is apparent that he intended to name First
16 Unum Life Insurance Company, which is incorporated in the State of New York and having its
17 principal place of business in New York City, New York. Defendants deny the remaining
18 allegations of said paragraph.

19     18.  Answering the allegations of paragraph 18 of the complaint, Unum admits that
20 Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the
21 State of Delaware and having its principal places of business in Chattanooga, Tennessee, and
22 Portland, Maine. Unum further states that plaintiff improperly named Unum Corporation and
23 while the allegations of the complaint are unclear, it is apparent that he intended to name First
24 Unum Life Insurance Company, which is incorporated in the State of New York and having its
25 principal place of business in New York City, New York. Defendants deny the remaining
26 allegations of said paragraph.

27     19.  Answering the allegations of paragraph 19 of the complaint, Unum admits that
28 Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the

1  State of Delaware and having its principal places of business in Chattanooga, Tennessee, and
2  Portland, Maine. Unum further states that plaintiff improperly named Unum Corporation and
3  while the allegations of the complaint are unclear, it is apparent that he intended to name First
4  Unum Life Insurance Company, which is incorporated in the State of New York and having its
5  principal place of business in New York City, New York. Defendants deny the remaining
6  allegations of said paragraph.

7  20.   Answering the allegations of paragraph 20 of the complaint, Unum denies the
8  allegations.

9  21.   Answering the allegations of paragraph 21 of the complaint, Unum admits that
10 Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the
11 State of Delaware and having its principal places of business in Chattanooga, Tennessee, and
12 Portland, Maine. Unum further states that plaintiff improperly named Unum Corporation and
13 while the allegations of the complaint are unclear, it is apparent that he intended to name First
14 Unum Life Insurance Company, which is incorporated in the State of New York and having its
15 principal place of business in New York City, New York. Defendants deny the remaining
16 allegations of said paragraph.

17 22.   Answering the allegations of paragraph 22 of the complaint, Unum denies the
18 allegations.

19 23.   Answering the allegations of paragraph 23 of the complaint, Unum admits that the
20 Insurance Commissioner filed the document attached to the complaint as Exhibit B but denies
21 that it is an "outlaw company" that "has operated in an illegal fashion" and further denies each
22 and every allegation contained in subparagraphs (a) through (i).

23 24.   Answering the allegations of paragraph 24 of the complaint, Unum is without
24 information or belief as to the details of the investigation by the Department of Insurance and
25 based thereon, denies said allegations

26 25.   Answering the allegations of paragraph 25 of the complaint, Defendants deny the
27 allegations.
28

## FIRST CAUSE OF ACTION

26. Answering the allegations of paragraph 26 of the complaint, Defendants incorporate by reference each and every paragraph of the complaint as though set forth in this cause of action.

27. Answering the allegations of paragraph 27 of the complaint, Defendants are without information or belief to answer said allegations because the alleged policy information as pled is incomplete and vague, and based thereon denies said allegations.

28. Answering the allegations of paragraph 28 of the complaint, Defendants are without information or belief to answer said allegations and based thereon denies said allegations.

29. Answering the allegations of paragraph 29 of the complaint, Defendants deny the allegations.

30. Answering the allegations of paragraph 30 of the complaint, Defendants deny the allegations.

31. Answering the allegations of paragraph 31 of the complaint, Defendants deny the allegations.

32. Answering the allegations of paragraph 32 of the complaint, Defendants admit that plaintiff filed a claim for disability benefits and that said claim was denied. Defendants deny the remaining allegations in said paragraph 32.

33. Answering the allegations of paragraph 33 of the complaint, Defendants deny the allegations.

34. Answering the allegations of paragraph 34 of the complaint, Defendants deny the allegations.

35. Answering the allegations of paragraph 35 of the complaint, Defendants deny the allegations.

## SECOND CAUSE OF ACTION

36. Answering the allegations of paragraph 36 of the complaint, Defendants incorporate by reference their responses to paragraphs 1-35 as though fully set forth herein.

ANSWER TO COMPLAINT

CASE NO. C 07 4088 JL

1 | 37. Answering the allegations of paragraph 37 of the complaint, Defendants deny the allegations.

2 | 38. Answering the allegations of paragraph 38 of the complaint, Defendants deny the allegations.

3 | 39. Answering the allegations of paragraph 39 of the complaint, Defendants deny the allegations.

4 | 40. Answering the allegations of paragraph 40 of the complaint, Defendants deny the allegations.

5 | 41. Answering the allegations of paragraph 41 of the complaint, Defendants deny the allegations.

6 | 42. Answering the allegations of paragraph 42 of the complaint, Defendants deny the allegations.

7 | 43. Answering the allegations of paragraph 43 of the complaint, Defendants deny the allegations.

8 | 44. Answering the allegations of paragraph 44 of the complaint, Defendants deny the allegations.

9 | 45. Answering the allegations of paragraph 45 of the complaint, Defendants deny the allegations.

10 | 46. Answering the allegations of paragraph 46 of the complaint, Defendants deny the allegations.

11 | 47. Answering the allegations of paragraph 47 of the complaint, Defendants deny the allegations.

12 | 48. Answering the allegations of paragraph 48 of the complaint, Defendants deny the allegations.

### THIRD CAUSE OF ACTION

49. Answering the allegations of paragraph 49 of the complaint, Defendants incorporate by reference their responses to each and every paragraph of the complaint as though fully set forth herein.

50. Answering the allegations of paragraph 50 of the complaint, Unum admits that it agreed to act in good faith and deal fairly with the plaintiff. Defendants deny the remaining allegations.

51. Answering the allegations of paragraph 51 of the complaint, Defendants deny the allegations.

52. Answering the allegations of paragraph 52 of the complaint, Defendants deny the allegations.

53. Answering the allegations of paragraph 53 of the complaint, Defendants deny the allegations.

54. Answering the allegations of paragraph 54 of the complaint, Defendants deny the allegations.

55. Answering the allegations of paragraph 55 of the complaint, Defendants deny the allegations.

56. Answering the allegations of paragraph 56 of the complaint, Defendants deny the allegations.

57. Answering the allegations of paragraph 57 of the complaint, Defendants deny the allegations.

58. Answering the allegations of paragraph 58 of the complaint, Defendants deny the allegations.

59. Answering the allegations of paragraph 59 of the complaint, Defendants deny the allegations.

60. Answering the allegations of paragraph 60 of the complaint, Defendants deny the allegations.

61. Answering the allegations of paragraph 61 of the complaint, Defendants deny the allegations.

62. Answering the allegations of paragraph 62 of the complaint, Defendants deny the allegations.

1  63.  Answering the allegations of paragraph 63 of the complaint, Defendants deny the allegations.

2  64.  Answering the allegations of paragraph 64 of the complaint, Defendants deny the allegations.

3  65.  Answering the allegations of paragraph 65 of the complaint, Defendants deny the allegations.

4  66.  Answering the allegations of paragraph 66 of the complaint, Defendants deny the allegations.

5  67.  Answering the allegations of paragraph 67 of the complaint, Defendants deny the allegations.

6  68.  Answering the allegations of paragraph 68 of the complaint, Defendants deny the allegations.

## FOURTH CAUSE OF ACTION

69.  Answering the allegations of paragraph 69 of the complaint, Defendants incorporate by reference their responses to each and every paragraph of the complaint as though fully set forth herein.

70.  Answering the allegations of paragraph 70 of the complaint, Defendants deny the allegations.

71.  Answering the allegations of paragraph 71 of the complaint, Defendants deny the allegations.

72.  Answering the allegations of paragraph 72 of the complaint, Defendants deny the allegations.

73.  Answering the allegations of paragraph 73 of the complaint, Defendants deny the allegations.

74.  Answering the allegations of paragraph 74 of the complaint, Defendants deny the allegations.

75.  Answering the allegations of paragraph 75 of the complaint, Defendants deny the allegations.

1      76.    Answering the allegations of paragraph 76 of the complaint, Defendants deny the allegations.

     77.    Answering the allegations of paragraph 77 of the complaint, Defendants deny the allegations.

     78.    Answering the allegations of paragraph 78 of the complaint, Defendants deny the allegations.

     79.    Answering the allegations of paragraph 79 of the complaint, Defendants deny the allegations.

     80.    Answering the allegations of paragraph 80 of the complaint, Defendants deny the allegations.

     81.    Answering the allegations of paragraph 81 of the complaint, Defendants deny the allegations.

## FIFTH CAUSE OF ACTION

     82.    The allegations in the Fifth Cause of Action (paragraphs 82 through 93 of the complaint) are not directed at these answering Defendants, but to the extent that any allegations contained therein refer to the conduct of these answering Defendants, Defendants deny said allegations.

## SIXTH CAUSE OF ACTION

     83.    The allegations in the Sixth Cause of Action (paragraphs 94 through 102 of the complaint) are not directed at these answering Defendants, but to the extent that any allegations contained therein refer to the conduct of Defendants, Defendants deny said allegations.

## SEVENTH CAUSE OF ACTION

     84.    The allegations in the Seventh Cause of Action (paragraphs 103 through 106 of the complaint) are not directed at these answering Defendants, but to the extent that any allegations contained therein refer to the conduct of Defendants, Defendants deny said allegations.

///

///

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, Defendants Unum allege that neither plaintiff's complaint nor any claim for relief therein state facts sufficient to constitute a claim for relief against Defendants.

### SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, Defendants allege, on information and belief, that through plaintiff's conduct, to be determined by the court as comparative or contributory fault, plaintiff has waived and relinquished, or is estopped to assert, every claim for relief asserted in his complaint.

### THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, Defendants allege, on information and belief, that any damages sustained by plaintiff by reason of the events alleged in his complaint were proximately caused or contributed to by plaintiff's conduct, to be determined by the court.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense, Defendants allege, on information and belief, that plaintiff's damages and/or policy benefits, to be determined by the court, are subject to reduction and/or elimination pursuant to offset and/or policy limitations.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense, Defendants allege that plaintiff has failed to satisfy all conditions precedent to receipt of benefits under the policy.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth affirmative defense, Defendants allege, on information and belief, that plaintiff, as to be determined by the court, is barred and estopped by the equitable doctrine of unclean hands from seeking or obtaining any recovery against Defendants by reason of his complaint.

///

///

**SEVENTH AFFIRMATIVE DEFENSE**

As a seventh affirmative defense, Defendants deny that plaintiff has sustained any injury or damage by any act or omission by Defendants. However, if it is established that plaintiff suffered an injury or damage for which Defendants are held liable, Defendants allege that such injury or damage is to be determined by the court as proximately caused or contributed to by the intervening negligence or wrongful acts of plaintiff, or others acting for or on his behalf and that those negligent and/or wrongful acts by plaintiff or others, eliminate and/or reduce any damages plaintiff can recover from Defendants in this action.

**EIGHTH AFFIRMATIVE DEFENSE**

As an eighth affirmative defense, Defendants allege that any and all losses or damages sustained by plaintiff, as a result of the occurrences alleged in the complaint, are to be determined by the court as proximately caused in whole or in part by the negligence or fault of persons or entities other than Defendants, and for whom Defendants are not responsible. The negligence and fault of other persons or entities eliminates or reduces any damages plaintiff may recover from Unum in this action.

**NINTH AFFIRMATIVE DEFENSE**

As a ninth affirmative defense, Defendants allege that plaintiff, as to be determined by the court, failed to exercise reasonable care and diligence to mitigate his damages, if he has any. As a consequence, plaintiff's claim should be barred, or alternatively, any damages awarded to plaintiff should be reduced in proportion to plaintiff's fault in failing to mitigate his damages.

**TENTH AFFIRMATIVE DEFENSE**

As a tenth affirmative defense, Defendants allege that plaintiff's claims for relief, as to be determined by the court, are barred by the principle of unjust enrichment.

**ELEVENTH AFFIRMATIVE DEFENSE**

As an eleventh affirmative defense, Defendants allege that each and every act or statement done or made by Defendants, or by Defendants agents or employees, with reference to plaintiff, before and after plaintiff filed his original complaint, was privileged as a good faith assertion of Defendants' legal and contractual rights.

### TWELFTH AFFIRMATIVE DEFENSE

As a twelfth affirmative defense, Defendants allege that plaintiff is not entitled to any further benefits or any other compensation from Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth affirmative defense, Defendants allege that pursuant to the provisions set forth in the Group Policy and Plan document Defendants were vested with discretionary authority to determine eligibility for benefits and to interpret the terms and provisions of the Group Policy. Defendants' claim decision is properly reviewed by the court under an arbitrary and capricious standard of review. Defendants' claim decision was not arbitrary and capricious.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth affirmative defense, Defendants allege that plaintiff's claims for relief are barred by the parol evidence rule, to the extent that such rule has been made a part of the federal common law of ERISA.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a fifteenth affirmative defense, Defendants allege that plaintiff's complaint is barred by the applicable statutes of limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a sixteenth affirmative defense, Defendants allege that plaintiff does not have standing to bring this action pursuant to a claim decision under the Regulatory Settlement Agreement.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a seventeenth affirmative defense, Defendants allege that plaintiff does not have standing to bring this action pursuant to a claim decision under the California Settlement Agreement.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As an eighteenth affirmative defense, Defendants allege that their claim decision was correct and proper under the terms of the Plan and/or Group Policy

### NINETEENTH AFFIRMATIVE DEFENSE

As a nineteenth affirmative defense, Defendants allege that plaintiff, by virtue of the legal

-13-

1  doctrines of waiver and laches, as to be determined by the court, is estopped from pursuing some
2  or all of the claims alleged against Unum.

### TWENTIETH AFFIRMATIVE DEFENSE

As a twentieth affirmative defense, Defendants allege that plaintiff is not entitled to, attorneys' fees, or damages in the amount of future benefits pursuant to any of the claims for relief alleged in his complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a twenty-first affirmative defense, Defendants allege that plaintiff's damage claim, if any, is limited by the provisions of Insurance Code Section 10111.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As a twenty-second affirmative defense, Defendants allege that plaintiff's remedy for any alleged breach of contract is limited by California Civil Code Sections 3300 and 3302.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As a twenty-third affirmative defense, Defendants alleges that Plaintiff has failed to allege, and has no facts to prove, under the clear and convincing standard, the oppression, fraud, or malice required for an award of punitive damages pursuant to California Civil Code Section 3294.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a twenty-fourth affirmative defense, Defendants allege that an award of punitive damages and/or injunctive relief violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a twenty-fifth affirmative defense, Defendants allege that any award of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

///
///

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a twenty-sixth affirmative defense, Defendants allege that Plaintiff is not entitled to punitive damages, attorneys' fees, or damages in the amount of benefits pursuant to any of the causes of action alleged in his Complaint.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a twenty-seventh affirmative defense, Defendants allege that Plaintiff's complaint and each and every cause of action therein, is barred by Plaintiff's failure to exhaust his administrative remedies.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a twenty-eighth affirmative defense, Defendants allege that plaintiff's fifth, sixth and seventh causes of action are barred by the applicable statute of limitations.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

As a twenty-ninth affirmative defense, Defendants reserve their right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment to be determined by the court/jury in its favor as follows:

1. That plaintiff take nothing by reason of his complaint on file herein;
2. That Defendants be awarded their costs and expenses incurred in this action;
3. That Defendants be awarded their attorneys' fees incurred in this action; and

///
///
///
///
///
///

4.  That Defendants recover such other and further relief as the Court may deem just and proper.

KELLY, HERLIHY & KLEIN LLP

Dated: August ___, 2007        By  /s/
                                   John C. Ferry
                                   Attorneys for Defendants
                                   UNUM GROUP (Formerly known as UNUMPROVIDENT
                                   CORPORATION), FIRST UNUM LIFE INSURANCE COMPANY
                                   (erroneously sued as UNUM CORPORATION)
                                   and NEW YORK LIFE INSURANCE COMPANY

E:\27132\P04a.doc