1  Ray Bourhis, Esq. SBN 53196
   Lawrence Mann, Esq. SBN 83698
2  Bennett M. Cohen, Esq. SBN 90865
3  **BOURHIS & MANN**
   1050 Battery Street
4  San Francisco, CA 94111
   Tel: (415) 392-4660; Fax: (415) 421-0259
5
6  Attorneys for Plaintiff LYLE HUGHES

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 LYLE HUGHES,                        ) Case No.:  C 07-4088 PJH **(E-FILING)**
                                       )
12         Plaintiff,                  ) PLAINTIFF LYLE HUGHES' MOTION
13                                     ) FOR REMAND BACK TO STATE
       v.                             ) COURT AND REQUEST FOR COSTS
14                                     ) AND FEES (28 U.S.C. § 1447(c))
   UNUMPROVIDENT CORPORAITON; UNUM     )
15 CORPORATION, NEW YORK LIFE          ) [Filed concurrently with Plaintiff's Notice
   INSURANCE COMPANY, THE              ) of Motion; Declarations of Bennett M.
16 COMMISSIONER OF THE CALIFORNIA      ) Cohen and Lyle Hughes]
17 DEPARTMENT OF INSURANCE and DOES 1  )
   through 20, inclusive               )
18                                     ) DATE:   Wednesday, October 31, 2007
                                       ) TIME:   9:00 A.M.
19         Defendants.                 ) DEPT:   Courtroom 3, 17th Floor
                                       )
20 _____ ) TRIAL DATE:  Not Yet Set

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

Page(s)

I.    INTRODUCTION ........................................................................    1

II.   PROCEDURAL POSTURE AND NATURE OF CASE...............................    2

III.  ISSUES TO BE ADJUDICATED ..................................................    3

III.  LEGAL ARGUMENT.................................................................    3

    A.   DEFENDANT INSURER HAS THE BURDEN TO ESTABLISH
        FRAUDULENT JOINDER BY SHOWING THAT PLAINTIFF HAS
        FAILED TO ALLEGE ANY VIABLE CAUSE OF ACTION
        AGAINST THE COMMISSIONER AND THE FAILURE IS
        OBVIOUS ACCORDING TO THE SETTLED RULES OF THE
        STATE .............................................................................    3

    B.   THE LAW IS WELL SETTLED THAT PLAINTIFF HAS A
        VIABLE CAUSE OF ACTION UNDER STATE LAW AGAINST
        THE COMMISSIONER ........................................................    5

        1)   The California Insurance Code Expressly Provides That The
            Commissioner's Actions Are Subject To Judicial Review.............    5

        2)   Case Law From Both The California Courts And The Ninth
            Circuit Expressly Grant An Insured The Right To Seek Judicial
            Review Of The Commissioner's Actions By Means Of A Writ
            Of Mandamus................................................................    6

    C.   AS PLAINTIFF HAS NO OTHER ADEQUATE REMEDY
        AVAILABLE TO HIM, HE NEED NOT EXHAUST
        ADMINISTRATIVE REMEDIES TO ASSERT A CAUSE OF
        ACTION AGAINST THE COMMISSIONER .....................................    10

    D.   DEFENDANT INSURER'S ASSERTIONS ABOUT
        PLAINTIFF'S COUNSEL'S FAILURE TO SECURE A
        JUDGMENT AGAINST THE COMMISSIONER IN PRIOR
        CASES ARE LEGALLY IRRELEVANT TO ADJUDICATING A
        MOTION TO REMAND.......................................................    11

    E.   PLAINTIFF'S ACTION FOR MANDAMUS SEEKS TO
        COMPEL THE EXERCISE OF THE COMMISSIONER'S
        DISCRETION AND DOES NOT SEEK TO COMPEL THE
        PERFORMANCE OF A SPECIFIC ACT............................................    12

    F.   DEFENDANT INSURER HAS FAILED TO ESTABLISH THAT
        PLAINTIFF IS NOT ENTITLED TO DECLARATORY RELIEF.......    12

    G.   DEFENDANT INSURER CANNOT ESTABLISH UNDER
        SETTLED CALIFORNIA LAW THAT PLAINTIFF'S
        MANDAMUS CAUSE OF ACTION AGAINST THE
        COMMISIONER IS TIME-BARRED ....................................    14

        a)   Cases Within The  Northern District Have Held That Plaintiff's
            Actions For Mandamus Is Timely Under Code Of Civil
            Procedure Section 338 ......................................................    14

# TABLE OF CONTENTS

Page(s)

b)  Not Until Defendant Insurer Denied Plaintiff's Claim Was There An Actual "Case Or Controversy" Involving The Issue Of Commissioner's Abuse Of Discretion And/Or His Failure To Discharge A Mandatory Duty; Accordingly, Not Until The Insurer Denies The Plaintiff's Claim Does His Cause Of Action For Mandamus Against The Commissioner Accrue........... 16

H.  THAT THE REMEDY OF REVOCATION OF A POLICY PROVISION IN AN ACTION FOR MANDAMUS WILL BE PROSPECTIVE AND MIGHT NOT PERSONALLY BENEFIT THE PLAINTIFF DOES NOT NEGATE PLAINTIFF'S CAUSE OF ACTION FOR MANDAMUS........................................................ 17

I.  CALIFORNIA INSURANCE CODE SECTION 10291.5 SHOULD BE LIBERALLY CONSTRUED TO EFFECTUATE ITS PURPOSES AND INTENTIONS OF AVOIDING AMBIGUOUS AND MISLEADING POLICY PROVISIONS AS WELL AS PERMITTING JUDICIAL REVIEW....................................................... 20

J.  DEFENDANT INSURER CANNOT MEET ITS BURDEN TO ESTABLISH THAT ERISA GOVERNS PLAINTIFF'S GROUP POLICY ........................................................................................ 20

a)  As An ERISA Policy Is Created By An Employer For Employees And Not For Independent Contractors And It Is Beyond Dispute That Plaintiff Was An Independent Contractor For New York Life Insurance Company, ERISA Cannot Possibly Apply To Plaintiff's NYLIC Policy ................................. 21

b)  As Plaintiff Was The Sole Owner Of His Business And The Sole Insured Under The NYLIC Policy, ERISA Does Not Apply............................................................................................ 23

K.  AS DEFENDANT INSURER HAS FAILED TO ESTABLISH CITIZENS HIP AS A FOREIGN CORPORATION, IT HAS FAILED TO ESTABLISH DIVERSITY OF CITIZENSHIP AND THE CASE SHOULD BE REMANDED ON THIS BASIS ALONE... 24

L.  DEFENDANT INSURER'S NOTICE OF REMOVAL IS PROCEDURALLY DEFECTIVE........................................................... 24

IV.  REQUEST FOR COSTS AND FEES ............................................. 24

V.  CONCLUSION............................................................................. 25

**CASE NO.: C-04-0407 SI (E-FILING)**

**PLAINTIFF'S REPLY BRIEF TO DEFENDANTS' OPPOSITION TO MOTION TO REMAND**

**TABLE OF AUTHORITIES**                                    **Page(s)**

1  **FEDERAL CASES**

2  Albi v. Street & Smith Publications, Inc., 140 F.2d 310 (9th Cir. 1944) ..................... 11

3  B., Inc. v. Miller Brewing Co., 6663 F.2d 545 (5th Cir. 1981) ................................. 3,4

4  Barnhart v. New York Life Ins. Co., 141 F.3d 1310 (9th Cir. 1998) ......................... 21,22,23

5  Borsuk v. Massachusetts Mutual Insurance Company, 2003 U.S. Dist. Lexis

6      25259, *25 (N.D. Cal. 2003)………………………………………………….1,9,14,15,19

7  Brazina v. Paul Revere Life Ins. Co., 271 F.Supp.2d 1163 (N.D. Cal. 2003)………..1 ,2,7,8,9

8  Boyer v. Snap-On Tools, 913 F. 2d 108 (3rd Cir. 1990) ........................................... 4

9  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)........................................... 3

10 District of Columbia v. Greater Washington Bd. Of Trade, 506 U.S. 125 (1992) ....... 21

11 Dodson v. Spiliada Maritime Corp., 951 F.2d 42, 43 ((5th Cir. 1992).......................... 4

12 Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) ............................................ 3

13 Finley v. U.S., 490 U.S. 545 (1989) .......................................................................... 3

14 Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)............................................. 3

15 Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) .............................. 4,5

16 Hangarter v. Paul Revere Life Ins. Co., 2006 U.S. Dist. LEXIS 5295 ........................ 1,2,9,11

17 Jernigan v. Ashland Oil Co., 989 F. 2d 812, (5th Cir. 1993)........................................ 4

18 Kennedy v. Allied Mut. Ins. Co. 952 F.2d 262 (9th Cir. 1991)................................... 23

19 Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994) ........................................ 3

20 Ballard v. Anderson, (1971) 4 Cal.3d 863, 885)...................................................... 12

21 Laventure v. Prudential Ins. Co. of Am. 237 F.3d 1042 (9th Cir. 2001)....................... 23,24

22 McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) ...................... 4

23 Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183 (1931)........................................ 12

24 Morris v. Bridgestone/Firestone, Inc., 985 F.2d 238 (6th Cir. 1993) .......................... 24

25 Morris v. Princess Cruises, Inc., 236 F.3d 1061 (9th Cir. 2001) ............................... 4

26 Parrina v. FHP, Inc, 146 F. 3d 699 (9th Circ. 1998)................................................. 24

iii

**TABLE OF AUTHORITIES**                                          Page(s)

Peterson v. American Life & Health Ins. Co.. 48 F.3d 404, 410 (9th Cir.), cert.
    denied, 516 U.S. 942, 133 L. Ed 2d 301, 116 S. Ct. 377 (1995) ................    1,6,7,8

Salveson v. Western States Bankcard Ass'n., 525 F. Supp. 566 525 (N.D. Cal.
    1981) ........................................................................................    3

Societe De Conditionnement En Aluminium v.. Hunter Engineering Co., Inc. 655
    F.2d 938 (9th Cir. 1980)........................................................................    16

Steel Company v. Citizens For A Better Environment, 523 U.S. 83 (1998)...............    16

Sullivan v. Unum Life Ins. Co. of Amer., 2004 U.S. Dist. LEXIX 7010 (N.D. 2Cal.
    2004).........................................................................................1,2,9,14,15

Whitmore v. Arkansas, 495 U.S. 149 (1990)................................................    16

Valdez v. Wal-Mart Stores, Inc., 199 F.3d 290 (5th Cir. 2000) ....................    24


**STATE CASES**

Ballard v. Anderson, (1971) 4 Cal.3d 863, 885)........................................    12

Bixby v. Pierno, 4 Cal.3d 130 (1970) 93 Cal.Rptr. 234 481 P.2d 242 (Cal. 1971)......    7,8

Blumhorst v. Jewish Family Services of Los Angeles, (2005) 126 Cal.App.4[th] 993 ...    16,17

Burnett v. Regents of Univ. of Cal., (1995) 35 Cal.App.4[th] 843 ................    7

Frenzer v. Mutual Ben. Health & Acc. Ass'n 27 Cal.App. 2d 406 (1938)..................    13

Hollman v. Warren, (1948) 32 Cal.2d 351, 355 ........................................    12

Humane Society of the United States v. State Bd. Of Equalization (2007) 152
    Cal.Ap.4[th] 349 ..........................................................................    19

InfiNet Marketing Services, Inc. v. American Motorist Insurance Company 150
    Cal.App.4[th] 168 (2007)..................................................................    13

Knoff v. City & County of San Francisco, (1969) 1 Cal.App. 3d 184, 197)................    12

Korea Supply Co. v. Lockheed Martin Corp., (2003) 219 Cal.4[th] 1134......................    19

Parris v. Zolin, (1996) 12 Cal.4[th] 839 ................................................    18

San Joaquin v. State Board of Equalization, (1970) 9 Cal.App. 3d 365......................    13

Schmier v. Supreme Court, (2000) 78 Cal.App.4[th] 703................................    16

Sklar v. Franchise Tax Board, (1986) 185 Cal. App.3d 616, 622 ..............................    12

CASE NO.: C-04-0407 SI (E-FILING)
**PLAINTIFF'S REPLY BRIEF TO DEFENDANTS' OPPOSITION TO MOTION TO REMAND**

## TABLE OF AUTHORITIES

Page(s)

1  Torres v. City of Yorba Linda, (1993) 13 Cal.App.4[th] 1035 ........................................ 17

2  Van Ness v. Blue Cross of Cal., (2001) 87 Cal.App.4[th] 364 ..................................... 1,7,8

3
4  **STATUTES**
5  California Insurance Code
       §790.03(h) ................................................................................. 2
6      §12490.................................................................................... 17
       §10291.5      ...............................................................2,5,7,8,9,20
7      §12921.5(b)(1)......................................................................... 8
       §10291.5(h) ............................................................................. 8
8      §10291.5(i) .............................................................................. 20
9      §12921.3      ......................................................................10,11,17
       §12921.4 ................................................................................. 10
10     §12921.4(a) .............................................................................. 10
       §12940      ............................................................................... 6
11  Code of Civil Procedure
12     §338      .............................................................................. 14,15
       §338(a) .................................................................................. 14
13     §526      ................................................................................. 19
       §1060      ................................................................................ 13
14     §1094.5 .................................................................................. 7
15  28 United States Code
16     §1447(c) ................................................................................. 1
17  29 United States Code
       §1002(6) ................................................................................. 21
18
19  Employee Retirement Income Security Act
       U.S.C.S. §1001 ......................................................................... 2

20  **OTHER**
21
22  Fair Claims Settlement Practices Regulations,
       10 Cal. Admin Code §2695.1      ....................................................... 2
23
24  California Business and Professions Code
       §17200.................................................................................. 18
25
26
27
28

# I. **INTRODUCTION**

Plaintiff Lyle Hughes ("Plaintiff") respectfully moves for remand of this case to state court pursuant to Title 28 of the United States Code, section 1447(c).

The principal assertion in Defendant Insurer's Notice Of Removal is that Plaintiff cannot state a cause of action for mandamus against the Commissioner of the California Department of Insurance ("Commissioner"). Defendant Insurer's assertion, however, *completely disregards* well settled law in both the 9th Circuit and the California courts holding viable this very cause of action.

The 9th Circuit Court of Appeals expressly stated that an insured <u>has</u> a cause of action for mandamus against the Commissioner for the revocation of an insurance policy provision in *Peterson v. American Life & Health Insurance Company et al*, 48 F.3d 404, 410 (9th Cir. 1995), cert. denied, 516 U.S. 942 (1995). The California Court of Appeal expressly stated that an insured <u>has</u> this same cause of action in *Van Ness v. Blue Cross of Cal.* (2001) 87 Cal.App.4[th] 364.

Within the Northern District, in bad faith insurance cases indistinguishable from the instant case, at least four different district courts have expressly upheld an insured's cause of action for mandamus against the Commissioner for the revocation of an insurance policy provision. More particularly, the Honorable Marilyn Hall Patel upheld an insured's cause of action for mandamus against the Commissioner in  the published case, *Brazina v. Paul Revere Life Ins. Co, et al*, 271 F.Supp.2d 1163 (N.D. Cal. 2003); the Honorable Martin Jenkins upheld this same cause of action in *Sullivan v. Unum Life Ins. Co. of Amer.*, 2004 U.S. Dist. LEXIS 7010 (N.D. Cal. 2004), the Honorable Susan Illston upheld this same cause of action in *Maiolino v. UnumProvident Corporation*, 2004 U.S. Dist. LEXIS 7556 (N.D. Cal. 2004), the Honorable William Alsup upheld this same cause of action in *Hangarter v. Paul Revere Life Ins. Co.*, 2006 U.S. Dist. LEXIS 5295; the Honorable Vaughn Walker upheld this same cause of action in *Borsuk v. Massachusetts Mutual Insurance Company*, 2003 U.S. Dist. Lexis 25259, *25 (N.D. Cal. 2003) -- even though, contrary to the holdings in *Sullivan v. Unum Life Ins. Co. of Amer., supra* and *Maiolino v. UnumProvident Corporation, supra*, Judge Walker held the cause of action to be time-barred and denied remand.

///

1

1    In *Brazina v. Paul Revere Life Ins. Co, et al, supra, Sullivan v. Unum Life Ins. Co. of Amer.,*

2    *supra, Maiolino v. UnumProvident Corporation*, and *Hangarter v. Paul Revere Life Ins. Co., supra,*

3    the District Court expressly held that the Commissioner was a proper party and ordered remand.

4    Defendant Insurer's further claim that the Employee Retirement Income Security Act of

5    1974, 29 U.S.C.S. § 1001 et seq., ("ERISA") governs Plaintiff's claim under the NYLIC Policy is

6    similarly without merit. (As set forth in the Declaration of Lyle Hughes, he had one "group" policy

7    -- the NYLIC Policy, not two "group" policies as erroneously stated in paragraph 27 of Plaintiff's

8    Complaint.)  As set forth in further detail below,  Plaintiff's NYLIC Policy is not governed by

9    ERISA for two reasons. First, Plaintiff was an independent contractor and <u>not</u> an employee of New

10   York Life Insurance Company.  Second, as Plaintiff is and was the owner of his own independent

11   insurance agency and is and was the *sole* insured under this NYLIC Policy, both 9th Circuit case law

12   and federal regulations expressly exempt this policy from the reach of ERISA.

13   Defendant Insurer, accordingly, can state no jurisdictional basis for removal.  Accordingly,

14   under the authorities cited herein, remand is clearly warranted.

15   ## II.    PROCEDURAL POSTURE AND NATURE OF CASE

16   This case was filed in Superior Court in and for the County of San Francisco on June 29,

17   2007.  The Defendant Insurer was served with the Complaint on July 9, 2007. The Commissioner

18   was served on July 9, 2007 and was granted an open extension to answer.  Defendant Insurer

19   removed the action on May 16, 2007.  (See, Declaration of Bennett M. Cohen, Paragraph 2.)

20   In his complaint – a complaint which raises no federal question -- Plaintiff alleges that on

21   August 17, 2005, Defendant Insurer wrongfully denied disability benefits owing to him under his

22   policy when he became disabled from his occupation as an insurance agent. COMPLAINT ¶¶ 26-

23   35. Plaintiff further alleges that he has been injured by the Commissioner's failure: (1) to enforce

24   the mandatory minimum requirements of the California Insurance Code ("Insurance Code"); (2) to

25   execute his required duties with respect to Insurance Code §§790.03(h) and 10291.5; (3) to execute

26   his required duties with respect to the Fair Claims Settlement Practices Regulations (10 Cal. Admin

27   Code §2695.1 *et seq*.); and (4) Defendant Insurer has failed to fulfill its obligations under a

28

2

Case No.: C 07-4088 PJH (E-FILING)
PLAINTIFF LYLE HUGHES' MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR
COSTS AND FEES (28 U.S.C. § 1447(c))

1   settlement agreement reached with the Commissioner with respect to Defendant Insurer's handling

2   of disability claims -- a settlement agreement of which Plaintiff, as an insured, was intended to

3   benefit.  COMPLAINT ¶¶ 82-102.  *(Plaintiff respectfully requests that the Court take judicial*

4   *notice of the Complaint and the Exhibits thereto.)*

5   ### III.    ISSUES TO BE ADJUDICATED

6       The principal issues are whether Defendant Insurer has met its burden of proof under

7   applicable law to establish either that: (i) there is diversity of citizenship conferring jurisdiction on

8   the federal courts or (ii) one of Plaintiff's policies (the NYLIC Policy) is governed by ERISA --

9   thereby conferring federal jurisdiction.

10  ### IV. LEGAL ARGUMENT

11  ### A. DEFENDANT INSURER HAS THE BURDEN TO ESTABLISH FRAUDULENT JOINDER BY SHOWING THAT PLAINTIFF HAS FAILED TO ALLEGE ANY VIABLE CAUSE OF ACTION AGAINST THE COMMISSIONER AND THE FAILURE IS OBVIOUS ACCORDING TO THE SETTLED RULES OF THE STATE

15      The United States District Court is a court of limited jurisdiction.  *Kokkonen v. Guardian*

16  *Life Ins. Co.,* 511 U.S. 375 (1994); *Finley v. U.S.,* 490 U.S. 545 (1989).  Federal courts may only

17  adjudicate cases in which there is diversity of citizenship, a federal question, or in which the U.S. is

18  a party.  *Kokkonen,* 511 U.S. at 375.  The burden of establishing that a federal court has subject

19  matter jurisdiction over a civil action rests upon the party asserting jurisdiction.  *Id.* at 377.  A cause

20  of action may be removed only if the federal court would have had subject matter jurisdiction over

21  the action had it originally been filed there.  *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).

22      In keeping with this principle of federal courts being of limited jurisdiction, the removal

23  statute is strictly construed against removal with *all doubt being resolved in favor of remand.*

24  *Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th

25  Cir. 1992.  Absent a federal question, a party who removes a case to federal court must prove the

26  existence of diversity in cases where the plaintiff moves for remand.  *Duncan v. Stuetzle, supra,* 76

27  F.3d 1480, 1485; *Salveson v. Western States Bankcard Ass'n, supra,* 525 F. Supp. 566; *B., Inc. v.*

28

3

1  *Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981). A removing defendant also must successfully

2  allege and prove that the nondiverse party's joinder is "sham" or "fraudulent." *Jernigan v. Ashland*

3  *Oil Co.*, 989 F.2d 812, 815-816 (5th Cir. 1993); *Boyer v. Snap-On Tools*, 913 F.2d 108 (3rd Cir.

4  1990).

5       The test for fraudulent joinder is whether "the plaintiff fails to state a cause of action against

6  a resident defendant, and the failure is *obvious* according to the settled rules of the state. . ."

7  *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9thCir. 1987) (citing *Moore's Federal*

8  *Practice* (1986) ¶ O.161[2]). (Emphasis Added.) The removing party must demonstrate that there is

9  *"absolutely no possibility"* that the Plaintiff will be able to establish a cause of action against the

10

11  resident Defendant. As the court stated in *Green v. Amerada Hess Corp.*, supra:

12       "The burden of proving a fraudulent joinder is a heavy one. The removing party
         must prove that there is **absolutely no possibility** that the Plaintiff will be able to

13       establish a cause of action against the in-state Defendant in state court, or that there
         has been outright fraud in the Plaintiff's pleadings of jurisdictional facts." *Id.* at 205.

14       *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983) (emphasis added).

15  As the 9th Circuit Court of Appeals stated in *Morris v. Princess Cruises, Inc., Inc.*, 236 F.3d

16
17  1061 (9th Cir. 2001):

18       Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's
         presence in the lawsuit is ignored for purposes of determining diversity, "if the

19       plaintiff fails to state a cause of action against a resident defendant, **and the failure
         is obvious according to the settled rules of the state.**" (Emphasis Added.) *Id.* at

20       1067.

21

22       In making this determination, "**all disputed questions of fact and all ambiguities in the**

23  **controlling state law must be decided in favor of the non-removing party.**" *Dodson v. Spiliada*

24  *Maritime Corp.*, 951 F.2d 42, 43 (5th Cir.1992) (holding that even a "tenuous proposition" under

25  state law is sufficient since its "modicum of sturdiness" passed possibility of recovery test).

26       The issue of whether an in-state defendant is fraudulently joined *must be capable of*

27  *summary determination* in order for a motion to remand to be properly denied. *Green v. Amerada*

28

4

Case No.: C 07-4088 PJH (E-FILING)
PLAINTIFF LYLE HUGHES' MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR
COSTS AND FEES (28 U.S.C. § 1447(c))

*Hess Corp.,* 707 F.2d 201, 205 (5th Cir. 1983)  In ruling on a motion to remand, the district court "must not 'pre-try'" substantive factual issues to answer the threshold question of whether the joinder of an in-state defendant is fraudulent. *Id.* at 204.

> As a procedural matter, **a district court "need not and should not conduct a full scale evidentiary hearing on questions of fact** affecting the ultimate issues of substantive liability in a case in order to make a preliminary determination as to the existence of subject matter jurisdiction. **The question of whether the plaintiff has set forth a valid claim against the in-state defendant(s) should be capable of summary determination."** *Green v. Amerada Hess Corp. supra* at 204, citing *B., Inc. v. Miller Brewing Company,* 663 F.2d 545 (5th Cir.1981).

Defendant Insurer cannot meet its heavy burden.

**B.  THE LAW IS WELL SETTLED THAT PLAINTIFF HAS A VIABLE CAUSE OF ACTION UNDER STATE LAW AGAINST THE COMMISSIONER**

**1. The California Insurance Code expressly provides that the Commissioner's actions are subject to judicial review**

California Insurance Code Section 10291.5 setting forth the "Standards for approval" of insurance policy provisions by the Commissioner provides in pertinent part:

**§ 10291.5.  Standards for approval**

**(a)** The purpose of this section is to achieve both of the following:

**(1)** Prevent, in respect to disability insurance, fraud, unfair trade practices, and insurance economically unsound to the insured.

**(2)** Assure that the language of all insurance policies can be readily understood and interpreted.

**(b) The commissioner shall not approve any disability policy for insurance** or delivery in this state in any of the following circumstances:

**(1)** If the commissioner finds that it contains any provision, or has any label, description of its contents, title, heading, backing, or other indication of its provisions which is **unintelligible, uncertain, ambiguous, or abstruse, or likely to mislead a person to whom the policy is offered,** delivered or issued.  (Emphasis Added.)

5

California Insurance Code Section 10291.5(h) expressly provides that any action taken by the Commissioner pursuant to this Section in connection with the approval of an insurance policy provision is subject to judicial review.  As Section 10291.5(h) provides:

> **(h)** Except as provided in subdivision (k), **any action taken by the commissioner under this section is subject to review by the courts of this state** and proceedings on review shall be in accordance with the Code of Civil Procedure.  (Emphasis added.)

California Insurance Code Section 12940 also expressly provides that any action taken by the Commissioner is subject to judicial review.  As Section 12940 provides:

> § 12940.  Judicial review
>
> **The acts and orders of the commissioner are subject to such review, or other action by a court of competent jurisdiction**, as is permitted or authorized by law. (Emphasis Added.)

As demonstrated below, the statutory right to judicial review of the Commissioner's actions is confirmed by California case law.  As courts themselves do not initiate judicial review, initiating judicial review remains the role of persons who have been injured by policy provisions which should never have been approved -- and, as explained below, both federal and state courts have expressly recognized an insured's right to initiate an action for judicial review.

### 2. Case Law From Both The California Courts And The Ninth Circuit Expressly Grant An Insured The Right To Seek Judicial Review Of The Commissioner's Actions By Means Of A Writ Of Mandamus

In *Peterson v. American Life & Health Insurance Company et al*, 48 F.3d 404, 410 (9th Cir. 1995), cert. denied, 516 U.S. 942 (1995), the plaintiff, insured under an ERISA policy, asked the court to find that a policy provision failed to comply with California law and order the Commissioner to reform it. Although the 9th Circuit Court of Appeals denied the plaintiff's request on the ground that held that an insured under a group policy does not have this particular right of judicial review, the court expressly stated that an insured has a viable cause of action for mandamus to compel the Commissioner to revoke approval of a provision in an individual policy.  As the 9th Circuit stated with respect to individual policies:

6

The Commissioner also has an obligation to fulfill his duties under the California Insurance Code. Cal. Ins. Code § 12921. **If an insured such as Peterson believes that the Commissioner has abused his discretion by approving a policy in violation of either § 10291.5(b)(7) of the Code or the Commissioner's own regulations implementing the Code, then he may petition for a writ of mandamus requiring the Commissioner to revoke his approval.** Cal. Code Civ. Proc. § 1094.5; *see generally Bixby v. Pierno*, 4 Cal. 3d 130, 93 Cal. Rptr. 234, 481 P.2d 242 (Cal. 1971) *Peterson* at 410. (Emphasis added.)

The California Court of Appeal also expressly stated that an insured has a viable cause of action for mandamus to compel the Commissioner to revoke an insurance policy provision. In *Van Ness v. Blue Cross of Cal.*, *supra*, wherein the court rejected the plaintiff's claim that provisions in a Blue Cross medical insurance plan were ambiguous, the court nevertheless stated that an insured has a viable cause of action for mandamus to compel the Commissioner to revoke an insurance policy which fails to comply with the "standards for approval" set forth in California Insurance Code Section 10291.5.   As the court stated:

> The standards for approval are significant and include the mandate to withhold approval of any disability insurance policy "[i]f, irrespective of the premium charged therefore, any benefit of the policy is, or the benefits of the policy as a whole are, not sufficient to be of real economic value to the insured." (§ 10291.5, subd. (b)(7)(A).) If the commissioner approves a policy that does not comply with this requirement, he or she has authority to revoke approval for good cause. (Cal. Code Regs., tit. 10, § 2196.4.) **And if an insured believes the commissioner has abused his or her discretion in approving a policy in violation of section 10291.5, the insured may petition for a writ of mandamus requiring the commission to revoke the approval.** (See § 10291.5, subd. (h); *Peterson v. American Life & Health Ins. Co.* (9th Cir. 1995) 48 F.3d 404, 410-411.) (Emphasis added.) *Van Ness v. Blue Cross of Cal.*, *supra*, at 371-372.

*Van Ness* is consistent with California law which has long established that "proper method of obtaining judicial review of most public agency decisions is by instituting a proceeding for a writ of mandate." *Burnett v. Regents of Univ. of Cal.* (1995) 35 Cal.App.4th 843, 848.

As stated above, no less than 5 separate courts in the Northern District has expressly found that a writ of mandamus is a viable cause of action against the Commissioner.

In *Brazina v. Paul Revere Life Ins. Co, et al*, *supra*, the only published opinion found in the 9th Circuit which adjudicated the *precise* issue now before this Court, as stated, held that the Commissioner was a proper party and ordered remand.

7

In *Brazina,* an orthopedic surgeon insured under a Paul Revere Insurance Company disability policy suffered a herniated lumbar disc and brought a claim for "total disability" benefits. After the disability insurer declined to pay "total disability" benefits and agreed only to pay lesser benefits under the "residual disability" provision of the policy, the insured brought suit against his insurer; the insured, as in the instant case, also named as a defendant the Commissioner -- asserting claims for a writ of mandamus and declaratory relief, contending, *inter alia,* that the Commissioner should not have approved the pertinent policy language because it was ambiguous and misleading.  The insurer removed the case and the insured moved the District Court for remand.

In ordering remand, the *Brazina* Court stated:

> **This court finds that Brazina's petition for a writ of mandamus to challenge the DOI Commissioner's approval of the insurance policy language under section 10291.5 of the California Insurance Code is a viable cause of action.** Section 10291.5 gives the Commissioner the duty and power to approve disability insurance policies.  Subparagraph (b)(1) provides that "the commissioner shall not approve any disability policy for insurance or delivery in this state ...if the commissioner finds that it contains any provision ... which is unintelligible, uncertain, ambiguous, or abstruse, or likely to mislead a person to whom the policy is offered, delivered or issued." Cal. Ins. Code § 10291.5(b)(1). **The Commissioner's decision is subject to judicial review in accordance with the California Code of Civil Procedure. Cal. Ins. § 10291.5(h).** *Brazina* at 167.  (Emphasis added.)

The *Brazina* Court found ample support in both *Peterson v. American Life & Health Insurance Company et al, supra,* and *Van Ness v. Blue Cross of Cal., supra,*.  As the *Brazina* Court stated:

> **The Ninth Circuit, relying on section 1094.5 of the California Code of Civil Procedure and *Bixby v. Pierno*, 4 Cal. 3d 130, 137, 93 Cal.Rptr. 234, 481, P.2d 242 (Cal. 1971), has stated that an insured may petition for a writ of mandamus requiring the Commissioner to revoke approval of a policy if the insured believes the Commissioner abused his discretion in approving the policy under section 10291.5.** n4 Peterson v. American Life & Health Ins. Co. 48 F.3d 404, 410 (9th Cir.), cert. denied, 516 U.S. 942, 133 L. Ed 2d 301, 116 S. Ct. 377 (1995). A recent California case indicates that state courts would also accept a cause of action as expressed in Peterson for approval of a policy that violated section 10291.5. Van Ness v. Blue Cross of Cal., 87 Cal. App.4[th] 364, 371-72, 104 Cal.Rptr. 2d 511 (Cal.Ct. App. 2001).. It is not entirely clear which type of writ the Van Ness court envisioned, but the language used by the court is not restrictive. **Thus, among courts that have addressed the matter, there is a general willingness to allow a writ when an insured wishes to challenge a Commissioner's approval of a policy under section 10291.5.** *Id.* at **1167-1168.**  (Emphasis added.)

8

The *Brazina* Court found that the insured -- whose case is indistinguishable from the case herein -- had met all of the criteria for bringing such a writ. More specifically, the *Brazina* Court found that the writ was appropriate as: (i) the insured had no plain, speedy, and adequate alternative remedy (ii) the Commissioner has a duty to perform, and (iii) the insured has a clear and beneficial right to performance.

In *Sullivan v. Unum Life Ins. Co. of Amer., supra*, the Honorable Martin Jenkins expressly followed *Brazina*, stating:

> **Brazina clearly establishes that a cause of action for writ of mandamus may lie against the Commissioner. *Brazina*, 271 F. Supp. 2d at 1171 …**

As stated above, even in *Borsuk v. Massachusetts Mutual Insurance Company, supra*, wherein the Court found that plaintiff's action for mandamus against the Commissioner was time-barred, the Court expressly recognized that the cause of action itself was viable. As Judge Walker stated:

> Even were Borsuk to obtain a writ of mandate against the commissioner directing the commissioner to revoke approval of the policy forms here at issue, that revocation would not affect the respective rights of Borsuk and MassMutual as asserted against one another.
>
> **Nevertheless, an apparent trend in California case law suggests that mandamus relief of the kind Borsuk seeks is conceivably available to force the commissioner of the DOI to revoke approval of a policy form that violates state law**. To obtain such relief, Borsuk must demonstrate that it was an abuse of the commissioner's discretion for the commissioner to approve the policy form in the first place. *Id.* at page 16.
>
> **Although cursory, these allegations can be read to assert at least one potentially cognizable claim under Cal. Ins. Code § 10291.5 for which mandamus review, as discussed, is available.** *Id.* at page 20.

As stated above, other courts in the Northern District expressly found this cause of action for mandamus viable and ordered remand. (See *Maiolino v. UnumProvident Corporation, supra*, and *Hangarter v. Paul Revere Life Ins. Co., supra*.).

///

///

///

9

**C.    AS PLAINTIFF HAS NO OTHER ADEQUATE REMEDY AVAILABLE TO HIM, HE NEED NOT EXHAUST ADMINISTRATIVE REMEDIES TO ASSERT A CAUSE OF ACTION AGAINST THE COMMISSIONER**

Contrary to Defendant Insurer's claim in its Notice Of Removal that Plaintiff has failed to exhaust administrative remedies, "exhaustion" is excused here as a matter of law as the Commissioner has no adequate administrative procedure in place to remedy this dispute.

The California Insurance Code prohibits the Commissioner from adjudicating claims disputes between an insured and an insurer. See California Insurance Code §§12921.3, 12921.4. Moreover, no authority can be found requiring the Commissioner to act on complaints it receives from insureds about insurers. The Commissioner could do absolutely nothing and delay any action until long after the statute of limitations has run for filing a civil suit.

In *Brazina,* in finding that the insured's remedies before the Commissioner were *inadequate* and that the insured was excused from exhausting administrative remedies, the Court stated:

> **Brazina likely meets the first requirement, since he has no alternative remedy which is plain, adequate, and speedy. Nowhere does the Insurance Code provide an administrative remedy for an insured to contest the Commissioner's approval of a policy form.** Cf. Cal Ins. Code § 10291.5(f) (insurer may request a hearing to appeal the Commissioner's withdrawal of approval). Defendants point to section 12921.03 of the Insurance Code, in which the Commissioner "shall receive complaints and inquiries, investigate complaints, prosecute insurers when appropriate ... and respond to complaints and inquiries by members of the public concerning the handling of insurance claims ...." Cal. Ins. Code § 12921.3. This process is not a means of administrative appeal of the Commissioner's actions, but a method for the public to complain about the conduct of insurers. In fact, powers given to the Commissioner to respond to complaints do not include the "power to adjudicate claims." Cal. Ins. Code § 12921.4(a). **Thus, it is possible for Brazina to show that no other remedy is available to him other than asking the court to adjudicate his claim against the defendants directly, which will not be speedy, or to compel the Commissioner to exercise his discretion and withdraw approval of the policy.** *Brazina* at 1168-1169.

Accordingly, any claim that Plaintiff must exhaust non-existent administrative remedies has already been deemed by this District Court to be without merit.

///

///

///

10

**D.    DEFENDANT INSURER'S ASSERTIONS ABOUT PLAINTIFF'S COUNSEL'S FAILURE TO SECURE A JUDGMENT AGAINST THE COMMISSIONER IN PRIOR CASES ARE LEGALLY IRRELEVANT TO ADJUDICATING A MOTION TO REMAND**

In its Notice of Removal, Defendant Insurer accuses Plaintiff's Counsel of "gamesmanship" in failing to secure a judgment against the Commissioner.  Although a completely exhaustive review of all cases brought by Plaintiff's Counsel's office is difficult to accomplish, based on a recent review of the cases filed by Plaintiff's Counsel's office in the last 5 years in which the Commissioner has been named as a defendant, it appears that <u>none</u> of these cases ever actually proceeded to trial against <u>any</u> defendant.  (See Declaration of Bennett M. Cohen In Support Of Motion To Remand.)  It appears instead that all such cases either settled or were dismissed prior to trial.  (Please note that there was a case entitled *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998 (9th Cir. 2004) -- which did proceed to trial; however, it appears that the Commissioner was not named as a defendant in that case. Similarly, *McGregor v. Paul Revere*, C97-2938 PJH (Northern District of California) was filed more than 5 years ago and did proceed to trial; however, it appears that the Commissioner was not named as a defendant in that case. )  Thus, as none of the cases to which Defendant Insurer apparently refers appear to have proceeded to trial against <u>any</u> defendant, there can hardly be any "bad faith" in not proceeding to trial against the Commissioner alone.

Whether or not such cases proceeded to judgment against the Commissioner, however, is legally irrelevant to whether joinder of the Commissioner is "fraudulently" joined. The law is clear in the 9th Circuit that a plaintiff's motive for joining a non-diverse defendant is *immaterial* to the propriety of removal or remand and joinder is <u>not</u> fraudulent as long as the plaintiff is able to state a valid cause of action against that defendant. *Albi v. Street & Smith Publications, Inc.*, 140 F.2d 310 (9th Cir. 1944).  As the 9th Circuit Court of Appeals stated:

> … it is universally thought that the **motive for joining such a defendant is immaterial**. n5 **It is only where the plaintiff has not, in fact, a cause of action against the resident defendant**, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, **that the joinder**

11

1     **can be said to be fraudulent, entitling the real defendant to a removal.** *Id.* at 312.
2     (Emphasis Added.)

3        As in *Mecom v. Fitzsimmons Drilling Co.*, (1931) 284 U.S. 183, wherein the U.S. Supreme
4  Court held that removal was improper notwithstanding the defendant's contention that the
5  administrator of an estate was appointed solely to defeat diversity, the Court stated:

6        The case falls clearly within the authorities announcing the principle that in a removal
      proceeding **the motive of a plaintiff in joining defendants is immaterial, provided**
7        **there is in good faith a cause of action against those joined.** *Id.* at 189. (Emphasis
8        Added.)

9        Accordingly, Insurer Defendant's argument that Plaintiff's Counsel is engaged in bad faith
10  tactics is both factually and legally incorrect -- and, in any event, irrelevant to the issues of removal
11  and remand which are presently before the Court.

12      **E.**    **PLAINTIFF'S ACTION FOR MANDAMUS SEEKS TO COMPEL THE**
            **EXERCISE OF THE COMMISSIONER'S DISCRETION AND DOES NOT**
13              **SEEK TO COMPEL THE PERFORMANCE OF A SPECIFIC ACT**

14        While the law supports judicial review by a court to order the Commissioner to revoke a policy
15  provision where it can be shown that the Commissioner has already abused his discretion in
16  approving policy provision, the law also supports an order compelling the Commissioner to review
17  a policy provision and exercise his discretion in reviewing that provision.

18        While it is true that mandamus may not be available to compel the exercise of discretion
19  possessed by the Commissioner in a particular manner or to reach a particular result, mandamus
20  "does lie to command the exercise of discretion -- to compel some action on the subject involved."
21  *Sklar v. Franchise Tax Board* (1986) 185 Cal.App.3d 616, 622, (citing and quoting *Ballard v.*
22  *Anderson* (1971) 4 Cal.3d 873, 885) (emphasis added); *Hollman v. Warren* (1948) 32 Cal.2d 351,
23  355: accord *Knoff v. City & County of San Francisco* (1969) 1 Cal.App.3d 184,197). No case cited
24  by Defendant Insurer in its Notice of Removal negates this holding.

25        How the Commissioner exercises his discretion is for the Commissioner to decide. The
26  distinction which Defendant Insurer obscures is that between using mandamus to compel the
27  exercise of discretion *in a particular* manner -- which Plaintiff does not seek and agrees is not
28

12

available -- and simply compelling the exercise of discretion -- which Plaintiff legitimately seeks.

**F.    DEFENDANT INSURER HAS FAILED TO ESTABLISH THAT PLAINTIFF IS NOT ENTITLED TO DECLARATORY RELIEF**

CCP Section 1060 governing declaratory relief actions provides in pertinent part:

**§ 1060.  Declaratory relief**

**Any person** interested under a **written instrument**, excluding a will or a trust, or under a contract, or **who desires a declaration of his or her rights or duties with respect to another**, or in respect to, in, over or upon property, or with respect to the location of the natural channel of a watercourse, **may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action** or cross-complaint in the superior court for a declaration of his or her rights and duties. (Emphasis Added.)

The interpretation of a statute or ordinance is a proper subject of declaratory relief. *San Joaquin v. State Board of Equalization* (1970) 9 Cal App 3d 365. A third party beneficiary has a right to seek declaratory relief of his rights under an insurance policy. *InfiNet Marketing Services, Inc. v. American Motorist Insurance Company*, (2007) 150 Cal. App. 4th 168, 180.

In this case, Plaintiff alleges that he is a member of the class of insureds intended to be protected by the consent agreement reached between the Commissioner and Defendant Insurer with respect to the reassessment of claims. (See Complaint, paragraph 99.) Accordingly, under *InfiNet Marketing Services, Inc. v. American Motorist Insurance Company*, *supra*, Plaintiff is clearly a third party beneficiary of this agreement and entitled to seek a declaration that Defendant Insurer has failed to fulfill its terms of the agreement.

As part of his cause of action for declaratory relief, Plaintiff further requests that the Court issue a declaration stating, *inter alia*, that Plaintiff's policy does not conform to the minimum standards for the approval of insurance policy provisions under Insurance Code Section 10291.5. Such a request for declaratory relief is support by California law as courts have held that even if a policy has been approved by the DOI, a court may still rule that the policy is misleading -- and, thus, violative of the standards for approval of policy provisions set forth in Insurance Code Section 10291.5.  See, *Frenzer v. Mutual Ben. Health & Acc. Ass'n*, 27 Cal. App. 2d 406, 414 (1938). As the *Frenzer* Court stated:

13

1  Regardless of the fact that this particular provision and the policy itself was approved
   by the state insurance department does not prevent us from considering the matter, and
2  stating that in our opinion the policy is misleading and does not conform to the
   requirements of the Insurance Act. *Id.* at 415.
3

4      In light of the genuine controversy involving the Defendant Insurer's compliance with the

5  above-referenced consent agreement and, further, as to whether his policies comply with Insurance

6  Code Section10291.5, Plaintiff can state a viable cause of action for declaratory relief.

7      **G.  DEFENDANT  INSURER  CANNOT  ESTABLISH  UNDER  SETTLED
       CALIFORNIA LAW THAT PLAINTIFF'S MANDAMUS CAUSE OF ACTION
8      AGAINST THE COMMISSIONER IS TIME-BARRED**

9      This action was filed on June 29, 2007, within 2 years of the denial of benefits.

10     In its Notice Of Removal, Defendant Insurer states in a conclusory manner that Plaintiff's

11 cause of action against the Commissioner is time-barred without specifically identifying the statute

12 which renders it time-barred.  Plaintiff nevertheless will address the ruling in *Borsuk v.*

13 *Massachusetts Mutual Insurance Company, supra,* to which Defendant Insurer refers in its Notice

14 of Removal in which Judge Walker held that this cause of action was time barred -- in

15 contradistinction to Judge Illston and Judge Jenkens who held that it was not.

16     **a.  Cases Within The Northern District Have Held That Plaintiff's Action For
17         Mandamus Is Timely Under Code Of Civil Procedure Section 338**

18     In *Sullivan v. Unum Life Ins. Co. of Amer., supra*, Judge Jenkins heard and rejected the

19 argument impliedly advanced by Defendant Insurer in its Notice of Removal that the 3-year statute

20 of limitations provided by California Code of Civil Procedure Section 338(a) renders Plaintiff's

21 causes of action against the Commissioner time-barred. After holding that the plaintiff-insured

22 could state a viable cause of action for mandamus against the Commissioner, Judge Jenkins ruled

23 that CCP Section 338 ran from the date the insurer denied his claim in reliance on the subject policy

24 provision and not the date the insured bought the policy.  As the court stated:

25     It seems unfair to hold categorically that Plaintiff had notice of the way defendants
26     would administer the policy before Unum denied him benefits. **This denial occurred
       on or about August 2002.** Complaint at P31. Therefore, **Unum have not shown that
27     Plaintiff's claims against the Commissioner and the DOI are clearly time-barred**
28

Case No.:  C 07-4088 PJH (E-FILING)
PLAINTIFF LYLE HUGHES' MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR
COSTS AND FEES (28 U.S.C. § 1447(c))

**for the purposes of establishing removal jurisdiction**. *Id.* at page 11. (Emphasis Added.)

The court's ruling in *Sullivan v. Unum Life Ins. Co. of Amer., supra*, is directly contrary to the ruling in *Borsuk v. Massachusetts Mutual Insurance Company, supra,* wherein the court held that plaintiff's cause of action for mandamus against the Commissioner began to run when he purchased the policy -- even if his claim had never been denied by his insurer. The *Sullivan* Court's reasoning, Plaintiff respectfully urges, is more sound in that an insured -- usually a layperson -- could not possibly have a clue as to how most policy provisions will be interpreted and administered until his insurer makes a claims-related decision.

In *Maiolino v. Unumprovident Corp., supra,* wherein the Northern District Court also considered whether CCP Section 338 barred Plaintiff's cause of action, the Court acknowledged *Borsuk v. Massachusetts Mutual Insurance Company, supra,* but nevertheless held that it was unconvinced that CCP Section 338 barred Plaintiff's causes of action. As the Court stated:

> None of the authority cited by the parties, nor any authority that the Court has been able to locate, establishes the event which would trigger the statute of limitations with respect to seeking mandamus relief against the Commissioner. Plaintiff contends that the date of the denial of benefits should trigger the statute, while UnumProvident would have the Court use the date of the Commissioner's approval of the policy or the date when plaintiff purchased the policy. Arguments can be made for either approach, and the California courts do not appear to have decided the question.

> Plaintiff's claim against the Commissioner appears tenuous, **2** but the dearth of California authority on the topic, combined with the general presumption against removal jurisdiction, bars this Court from presiding over plaintiff's case. **Consequently, the Court finds that plaintiff's lawsuit is not barred by well-settled rules of existing state law** and hereby GRANTS plaintiff's motion to remand. *Maiolino v. Unumprovident Corp., supra* at pages 15-16.

Accordingly, under the rules governing the adjudication of motions for remand, Defendant Insurer cannot meet its burden to establish that it is "obvious" under the "settled rules of existing state law" that CCP Section 338 clearly bars Plaintiff's causes of action for mandamus.

Other compelling reasons exist why CCP Section 338 cannot begin to run on the day an insured purchases his policy.

Case No.: C 07-4088 PJH (E-FILING)
PLAINTIFF LYLE HUGHES' MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR COSTS AND FEES (28 U.S.C. § 1447(c))

**b. <u>Not Until Defendant Insurer Denied Plaintiff's Claim Was There an actual "Case Or Controversy" Involving The Issue Of Commissioner's Abuse of Discretion And/or His Failure To Discharge A Mandatory Duty; Accordingly, Not Until The Insurer Denies The Plaintiff's Claim And Thereby Causes Injury Does His Cause Of Action For Mandamus Against The Commissioner Accrue</u>**

Federal courts are empowered only to hear actual cases or controversies, not to render advisory opinions. See *Societe De Conditionnement En Aluminium, v. Hunter Engineering Co., Inc.*, 655 F.2d 938, 944-945 (9th Cir. 1980); See also *Steel Company v. Citizens For A Better Environment* (1998) 523 U.S. 83; The doctrine of standing is closely related to the requirement that a matter present a "case" or "controversy. *Id*. at 100-101. *Whitmore v. Arkansas* (1990) 495 U.S. 149, 155. As the U.S. Supreme Court stated:

> The "irreducible constitutional minimum of standing" contains three requirements. (Citation omitted.) First and foremost, there must be alleged (and ultimately proven) an "injury in fact" -- a harm suffered by the plaintiff that is "concrete" and "actual or imminent, not 'conjectural' or 'hypothetical.'" Citations omitted.) Second, there must be causation -- a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant. (Citations omitted.) And third, there must be redressability -- a likelihood that the requested relief will redress the alleged injury. (Citations omitted.)  This triad of injury in fact, causation, and redressability n5 comprises the core of Article III's case-or-controversy ]requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence. *Id*. at 102-103.

As to an action for declaratory relief in federal court, the "case-and-controversy" requirement is satisfied where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant" relief. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, supra at 273.  See also *Societe De Conditionnement  En Aluminium v. Hunter Engineering Co., Inc.*, 655 F.2d 938 (9th Cir. 1980).

In order to bring an action in state court (as in federal court), a plaintiff must satisfy the "standing" requirement according to which the plaintiff must have suffered an injury or be about to suffer an injury. *Schmier v. Supreme Court*, (2000) 78 Cal. App. 4th 703, 708.  *Blumhorst v. Jewish Family Services of Los Angeles* (2005) 126 Cal. App. 4th 993

///

Case No.:  C 07-4088 PJH (E-FILING)
PLAINTIFF LYLE HUGHES' MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR COSTS AND FEES (28 U.S.C. § 1447(c))

1    In *Blumhorst v. Jewish Family Services of Los Angeles, supra,* wherein a man sued a shelter for

2   battered women claiming sex discrimination, the court held that the plaintiff lacked standing where

3   he failed to allege that he was a victim of domestic violence.  As the court stated:

4   The issue of whether a party has standing focuses on the plaintiff, not the issues he or
she seeks to have determined." (*Torres v. City of Yorba Linda* (1993) 13 **Cal.App.**4th

5   1035, 1040 [17 Cal. Rptr. 2d 400].)  "**A person who invokes the judicial process**

6   **lacks standing if he, or those whom he properly represents, 'does not have a real**
**interest in the ultimate adjudication because [he] has neither suffered nor is about**

7   **to suffer any injury of sufficient magnitude reasonably to assure that all of the**
**relevant facts and issues will be adequately presented.**   (Emphasis Added.)

8   *Blumhorst v. Jewish Family Services of Los Angeles,* supra at 1002.

9   

10    As set forth above, Defendant Insurer's apparent argument that Plaintiff should have sought

11   a writ of mandate even before he was injured by a denial of benefits based on an wrongly approved

12   policy provision is directly contrary to the above-described settled rules requiring an individual

13   plaintiff to have standing and further requiring that there actually be a case or controversy which the

14   courts is empowered to adjudicate.  Requiring an insured to bring an action to challenge an

15   insurance policy provision perhaps years before the insurer denies his claim would require insureds

16   to guess as to how the insurer will administer the policy in both the near and distant future.  Under a

17   scheme requiring insureds to bring an action against the Commissioner within the first three years

18   of becoming insured, insureds would be compelled to inundate the courts with lawsuits challenging

19   insurance policy provisions by which they have never been damaged -- and most likely will never
be damaged.

20   **H.    THAT THE REMEDY OF REVOCATION OF AN POLICY**

21   **PROVISION IN AN ACTION FOR MANDAMUS WILL BE PROSPECTIVE**
**AND MIGHT NOT PERSONALLY BENEFIT THE PLAINTIFF DOES NOT**

22   **NEGATE PLAINTIFF'S CAUSE OF ACTION FOR**

23   **MANDAMUS**

24    Defendant Insurer's argument that Plaintiff has no cause of action against the Commissioner

25   because he cannot personally benefit from the revocation of a particular policy provision is made

26   without any case or statutory support.  Such an argument, if accepted, moreover, would have the

27   effect of *deleting* Insurance Code Sections 10291.5(h) and 12490 -- both of which expressly provide

28   

17

  
1   for judicial review of the Commissioner's actions.

2       Defendant Insurer's argument that Plaintiff has no cause of action against the Commissioner

3   because any remedy is prospective is also without merit for the following reasons:

4       First, since courts do not initiate "judicial review," a litigant is required to initial judicial

5   review and obtain whatever remedies are legally permissible; the fact that the remedy of revocation

6   might not personally benefit the plaintiff who was damaged by the provision does not lead to the

7   conclusion that he, therefore, cannot seek it.

8       Second, a time-honored rule of statutory construction supports a ruling that an insured has a

9   right to seek judicial review notwithstanding that the remedy may be prospective.   More

10  particularly, under a fundamental rule of statutory construction, a court must adopt an interpretation

11  of a statute which will give that statute effect. *Parris v. Zolin*, (1996) 12 Cal. 4th 839, 845,

12  *Steinberg v. Amplica Inc.* (1986) 42 Cal. 3d 1198.

13  **Whenever possible a construction must be adopted which will give effect to all
    provisions of the statute.** *Parris v. Zolin, supra* at 845.

14

15      To find that the two Insurance Code sections which expressly grant a right of judicial review of

16  the Commissioner's actions are meaningless would contravene the above-stated rule of statutory

17  construction; such a finding would deprive the two code sections of effect rather than giving them

18  effect – and, as a practical matter, would mean that the Commissioner's actions would never be

19  subject to judicial review.

20      Third, the Insurance Code -- which clearly grants an insured the right to seek revocation of a

21  policy provision although he might never benefit from the revocations -- is like a number of other

22  California statutes which alter the traditional rules of standing and create a private cause of action

23  for a litigant who was personally damaged and who may never personally benefit from permissible

24  injunctive relief.

25      California Business and Professions Code Section 17200 et seq., for example, expressly

26  grants a litigant the right to obtain an injunction against an "unlawful, unfair or fraudulent business

27  act or practice and unfair, deceptive, untrue or misleading advertising" even though he may not be

28

1    able to establish that he will ever benefit from such an injunction.  In fact, a member of the general

2    public has standing to bring an action to enjoin an unfair business practice without showing that he

3    will ever benefit from the court's prohibition; as the deterrence of an unfair business practice is an

4    objective of the statute, it can be sought be a member of the general public.  See generally, *Korea*

5    *Supply Co. v. Lockheed Martin Corp.,* (2003) 29 Cal. 4th 1134, 1150.  As another example of a

6    statutory modification of the traditional rules of standing, under Code of Civil Procedure Section

7    526, a taxpayer my bring an action to challenge wasteful government spending without a showing

8    that he has been personally damaged by the particular spending.  As the court stated in *Humane*

9    *Society of the United States v. State Bd. of Equalization*, (2007) 152 Cal. App. 4th 349, wherein the

10   Humane Society used CCP Section 526 to challenge the California State Board of Equalization's

11   granting of tax exemption to egg producers who, the Humane Society alleged, were engaging in the

12   inhumane treatment of animals, the California Court of Appeals stated:

13       The purpose of [Code of Civil Procedure Section 526] which applies to citizen and
    corporate taxpayers alike, is to permit a large body of persons to challenge wasteful
14       government action **that otherwise would go unchallenged because of the standing**
    **requirement**. (Emphasis Added.)  *Id.* at 535.
15

16       Accordingly, the California Insurance Code, like California Business & Professions Code

17   Section 17200 *et seq.* and CCP Section 526, creates a statutory cause of action which provides

18   remedies which may or may not benefit a particular plaintiff who brings the action seeking judicial

19   review.  Although Judge Vaughn Walker held in *Borsuk v. Massachusetts Mutual Insurance*

20   *Company, supra,* albeit incorrectly, that the plaintiff's causes of action against the Commissioner

21   were time barred, he himself recognized that such a cause of action was viable even though the

22   remedy would not actually benefit the plaintiff.  *Id.* at 9.  (See page 9 of this motion for Judge

23   Walker's own language expressly recognizing the viability of a cause of action for mandamus

24   against the Commissioner notwithstanding that the remedy would not benefit the plaintiff.)

25   Accordingly, that the remedy of the revocation of a policy provision might never actually benefit

26   Plaintiff herein is not a valid basis for finding that he has no cause of action.

27   ///

28

Case No.:  C 07-4088 PJH (E-FILING)
PLAINTIFF LYLE HUGHES' MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR
COSTS AND FEES (28 U.S.C. § 1447(c))

## I. CALIFORNIA INSURANCE CODE § 10291.5 SHOULD BE LIBERALLY CONSTRUED TO EFFECTUATE ITS PURPOSES AND INTENTIONS OF AVOIDING AMBIGUOUS AND MISLEADING POLICY PROVISIONS AS WELL AS PERMITTING JUDICIAL REVIEW

California Insurance Code § 10291.5(i) the provides:

**(i) This section shall be liberally construed to effectuate the purpose and intentions herein stated**; (Emphasis Added.)

As set forth above on pages 5-6, California Insurance Code § 10291.5 sets forth the standards governing the Commissioner's approval of policy provisions in California <u>and</u> also expressly authorizes judicial review of the Commissioner's actions. Even the best intentioned Commissioner may err and permit the approval of a policy provision which is contrary to California law. Accordingly, as the express statutory policy is that this statute should be "liberally construed" to achieve compliance with the "standards for approval" of policy provisions, this statute should be construed to enable an insured who has suffered the denial of a claim based on an impermissible policy provision to seek a writ of mandate compelling the revocation of that particular policy provision. This is exactly how an insured's right to judicial review has been construed by the 9th Circuit, the California Court of Appeals and numerous district courts.

## J. DEFENDANT INSURER CANNOT MEET ITS BURDEN TO ESTABLISH THAT ERISA GOVERNS PLAINTIFF'S GROUP POLICY

In its Notice of Remand, Defendant Insurer contends that the group policies referenced in the complaint are governed by ERISA. (Note that although the Complaint references two "group" policies, only one policy is attached and, as set forth in the Declaration of Lyle Hughes, there is only one "group" policy; this is the policy identified as the NYLIC Policy No. QN6-82.) Even were there a second group policy – which there is not, Defendant Insurer has utterly failed to demonstrate that it is a "employee benefit plan" – and therefore governed by ERISA. As this NYLIC Policy is not governed by ERISA, there is no federal question and Defendant Insurer's removal of this action was without a proper basis.

20

a. **As An ERISA Policy Is Created By An Employer For Employees And Not For Independent Contractors And It Is Beyond Dispute That Plaintiff Was An Independent Contractor For New York Life Insurance Company, ERISA Cannot Possibly Apply To Plaintiff's NYLIC Policy**

ERISA applies only to an "employee benefit plan." 237 F.3d 1042 (9th Cir. 2001); See *District of Columbia v. Greater Washington Bd. Of Trade,* 506 U.S. 125, 127 121 L. Ed. 2d 513, 113 S. Ct. 580 (1992). An "employee benefit plan" is defined in pertinent part under Section 1002(1) as:

> any plan, fund, or program which was heretofore or is hereafter **established or maintained by an employer or by an employee organization,** or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, scholarship funds, or prepaid legal services, or . . .

The term "employee" is defined as "any individual employed by an employer." 29 U.S.C. § 1002(6).

In determining whether a person is an employee, the courts have looked to the extent to which the hiring party controls "the manner and means by which the product is accomplished." *Barnhart v. New York Life Ins. Co.,* 141 F.3d 1310, 1313 (9th Cir. 1998).

The analysis of whether Plaintiff is an "employee" under ERISA, fortunately, has already been performed by the 9th Circuit -- and the 9th Circuit expressly held that a New York Life Insurance agent *materially indistinguishable* from Plaintiff is an independent contractor and is not subject to ERISA. *Barnhart v. New York Life Ins. Co.,* 141 F.3d 1310 (9th Cir. 1998).

In *Barnhart v. New York Life Ins. Co., supra,* Barnhart, a New York Life independent insurance agent, brought suit against New York Life Insurance Company claiming that he was an employee and entitled to the protections under both ERISA and the Age Discrimination Employment Act (ADEA). In noting that Barnhart's relationship with New York Life Insurance Company did have some elements of an employer-employee relationship, the Court stated nevertheless that courts have categorized insurance agents as independent contractors and specifically held that the plaintiff was an independent contractor; accordingly, the court held that

21

1    Barnhart's relationship with New York Life Insurance Company was <u>not</u> governed by ERISA. In so

2    holding, the 9th Circuit stated:

3
> **An application of the common-law factors supports the conclusion that Barnhart is an independent contractor**. *Id*. at 1312.

4

5
> **Considering all factors as a whole, however, the balance tips in favor of independent contractor status**. The contract Barnhart signed contained clear language stating that Barnhart would be considered an independent contractor, not an employee. Consistent with this, Barnhart was free to operate his business as he saw fit without day-to-day intrusions. After the first three-year term of employment, Barnhart was paid commission only. Barnhart's tax returns indicate that he received most of his income from self-employment. Additionally, Barnhart was not dependent solely upon New York Life for his income. Barnhart admittedly sold competitors' products. **In light of these facts, we conclude that Barnhart was not an employee of New York Life for purposes of ERISA and the ADEA.** (Emphasis Added.) *Id*. at 1313.

6

7

8

9

10

11    Plaintiff's NYLIC Policy itself, in essence, defines Plaintiff as an independent contractor to

12    New York Life Insurance Company. As page one of the Policy states:

13
> **Agents** of New York Life Insurance Company eligible to qualify for membership in Nylic **are in business for themselves. The Agent is his or her own master. Within the authority granted by the Agent's Contract, and subject to its provisions, the Agent is free to operate without direction and control by the Company** as to the persons from whom the Agent will obtain applications and the time, place and method and manner of obtaining applications and of performance under such contract.

14

15

16

17    All of the above-quoted elements which *Barnhart v. New York Life Ins. Co.*, supra, found to

18    establish an independent contractor relationship are present with respect to Plaintiff and New York

19    Life Insurance Company -- and are set forth in Plaintiff's Declaration.

20    As Plaintiff states in his Declaration, he rented his own office space, hired his own employees,

21    determined his own hours and office procedures, (Paragraphs 6, 7), and sold insurance of other

22

23    companies -- even policies offered by competitors of New York Life Insurance Company -- at the

24    same time he sold New York Life Insurance Company policies. (Paragraph 5). At all times

25    Plaintiff considered himself an independent contractor with respect to New York Life Insurance

26    Company. (Paragraph 4). Plaintiff annually disclosed to New York Life Insurance Company that he

27    was performing work for insurance companies other than New York Life Insurance Company --

28    and, all the time New York Life Insurance Company continued to maintain its professional

1    relationship with Plaintiff and pay him commissions on policies he sold.  (Paragraphs 9, 10).

2    During the entire time Plaintiff has been insured under the NYLIC policy, he has been the sole

3    owner of his independent insurance agency and the only insured under this policy. (Paragraph 11.)

4        Under *Barnhart v. New York Life Ins. Co., supra*, Plaintiff is conclusively established as an

5    independent contractor.  Independent of *Barnhart v. New York Life Ins. Co., supra*, however, the

6    statement in the NYLIC Policy that agents are independent businessmen, Plaintiff's own stated

7    belief that he was an independent contractor and the great extent to which Plaintiff controlled the

8    manner in which he performed his work also establish Plaintiff's independent contractor status.

9    Defendant Insurer's burden to show that the NYLIC Policy is governed by ERISA, therefore,

10   cannot possibly be met.

11           **b.   As Plaintiff Was The Sole Owner Of His Business And The Sole Insured**
12                  **Under The NYLIC Policy, ERISA Does Not Apply**

13       It is well established that ERISA does not govern an insurance plan in which the sole

14   insured of a business is the owner of that business.  *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262

15   (9th Cir. 1991); *Laventure v. Prudential Ins. Co. of Am.*, 237 F.3d 1042 (9th Cir. 2001).

16       In *Laventure v. Prudential Ins. Co. of Am., supra* at 1047, where the plaintiff was the owner

17   of his company and the only one in the company insured through the insurance policy at issue, the

18   9th Circuit Court of Appeals held that ERISA does not apply.  In so holding, the court stated:

19       **LaVenture's disability insurance is not an ERISA plan because all of the benefits**
         **flow to the owner**. We agree with the Eleventh Circuit's policy statement that **"in light**
20       **of the clear exclusion of benefit plans covering only owners from ERISA's scope,..**
         **. it makes little sense to treat a benefit plan, which covers only a business owner"**
21       **as part of the employer's employee benefit program."**

22       In *Laventure v. Prudential Ins. Co. of Am., supra*, the court further explained that the federal
23   regulations themselves expressly exclude from the reach of ERISA policies in which only the owner
24   of a business is insured:

25       The regulations implementing this section provide that a plan "under which no
26       employees are participants " does not constitute an ERISA employee benefit plan. 29
         C.F.R. § 2510.3-3(b). **An owner of a business is not considered an "employee" for**
27       **purposes of determining the existence of an ERISA plan.**  29 C.F.R. § 2510.3-

28

Case No.: C 07-4088 PJH (E-FILING)
PLAINTIFF LYLE HUGHES' MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR
COSTS AND FEES (28 U.S.C. § 1447(c))

3(c)(1),(2); **5** see also Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 264 (9th Cir. 1991) (**ERISA does not govern a plan whose only fully vested beneficiaries are a company's owners**). (Emphasis Added.) *Laventure v. Prudential Ins. Co. of Am., supra,*. at 1045.

In this case, Defendant Insurer can offer no persuasive evidence that the NYLIC Policy is governed by ERISA as Plaintiff was clearly an independent contractor as to New York Life Insurance Company -- taking him outside the reach or ERISA – and was also the sole owner and sole insured under the policy -- again taking him outside the reach of ERISA.  Accordingly, Defendant Insurer's argument that one of Plaintiff's policies is governed by ERISA is devoid of merit and cannot support the removal of this action.

### K.   AS DEFENDANT INSURER HAS FAILED TO ESTABLISH ITS CITIZENSHIP AS A FOREIGN CORPORATION, IT HAS FAILED TO ESTABLISH DIVERSITY OF CITIZENSHIP AND THE CASE SHOULD BE REMANDED ON THIS BASIS ALONE

In its Notice of Removal, Defendant Insurer fails to offer any evidence to establish that it is a citizen of a state different than Plaintiff's. As Defendant Insurer has failed to establish diversity of citizenship, the removal was improper and remand is now appropriate.

### L.   DEFENDANT INSURER'S NOTICE OF REMOVAL IS PROCEDURALLY DEFECTIVE

In addition to all of the above, the Notice of Removal is procedurally defective.  In order for it to be proper, all defendants must join in a notice of removal. See *Parrina v. FHP, Inc.* 146 F.3d 699, 703 (9th Cir. 1998).  In the instant case, the Commissioner is not a party to the removal. Therefore, the removal is procedurally defective and remand is proper on this basis alone.

### V.  REQUEST FOR COSTS AND ATTORNEY'S FEES

In the event that the Court orders remand, Plaintiff respectfully requests that the Court award costs and attorney's fees. See 28 U.S.C. Section 1447(c); *Morris v. Bridgestone/Firestone, Inc.* 985 F.2d 238, 240 (6th Cir. 1993), *Valdez v. Wal-Mart Stores, Inc.*, 199 F.3d 290 (5th Cir. 2000).

24

Case No.:  C 07-4088 PJH (E-FILING)
PLAINTIFF LYLE HUGHES' MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR COSTS AND FEES (28 U.S.C. § 1447(c))

1    As there is a lack of both diversity jurisdiction and federal question jurisdiction and,

2    additionally, the Commissioner has not joined in the removal, the Notice of Removal is

3    procedurally defective.    Under the above-referenced authorities, any one of the aforesaid

4    deficiencies warrants an award of costs and fees.

5                                    VI. **CONCLUSION**.

6        For the reasons shown, Plaintiff respectfully requests that this Court order remand.

7        In the alternative, Plaintiff requests that if this Court finds that the pleadings are in some

8    manner insufficient, he be allowed to amend and thereafter request remand.

9        Respectfully submitted,

10

11   Dated: September 11, 2007                    **BOURHIS & MANN**

12

13                                    By:

14                                        Ray Bourhis, Esq.
                                         Bennett M. Cohen, Esq.
15                                    Attorneys for Plaintiff LYLE HUGHES

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.:  C 07-4088 PJH (E-FILING)
PLAINTIFF LYLE HUGHES' MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR
COSTS AND FEES (28 U.S.C. § 1447(c))

**PROOF OF SERVICE**
*Lyle Hughes v. Unumprovident Corporation, et al.*

*U.S. District Court, Northern District of California, Case No. C07-4088 PJH*

I am a resident of the State of California, over the age of eighteen years and not a party to this action. My business address is 1050 Battery Street, San Francisco, California 94111. On September 11, 2007, I will serve the following documents:

PLAINTIFF LYLE HUGHES' MOTION FOR REMAND BACK TO STATE COURT

in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid. I am employed in the county where the mailing described below occurred, and am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed a true copy of the specified document(s) in a sealed envelope(s) with postage thereon fully prepaid. The envelope(s) will be deposited with the United States Postal Service on this day in the ordinary course of business in San Francisco, California.

| | |
|---|---|
| **UNUM GROUP (formerly known as UNUMPROVIDENT CORPORATION) FIRST UNUM LIFE INSURANCE COMPANY (erroneously sued as UNUM CORPORATION) and NEW YORK LIFE INSURANCE COMPANY** | **(CO-COUNSEL FOR NEW YORK LIFE INSURANCE COMPANY ONLY)** |
| John C. Ferry, Esq. | J. Russell Stedman, Esq., SBN 117130 |
| Thomas M. Herlihy, Esq. | Jennifer N. Lee, Es2q. SBN 230727 |
| KELLY, HERLIHY & KLEIN LLP | BARGER & WOLEN |
| 44 Montgomery Street, Ste. 2500 | 650 California Street, 9th Floor |
| San Francisco, CA 94104-4798 | San Francisco, CA 94108 |
| Phone: (415) 951-0535 | Tel: (415) 434-2800 |
| Fax:   (415) 391-7808 | Fax: (415) 434-2533 |
| Email: jferry@kelher.com | Email: rstedman@barwol.com; jlee@barwol.com |
| Email: herlihy@kelher.com | |

**(X) (FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at San Francisco, California, on September 11, 2007.

Mary M. Martin

Case No.: C 07-4088 PJH (E-FILING)
PLAINTIFF LYLE HUGHES' MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR
COSTS AND FEES (28 U.S.C. § 1447(c))