J. Russell Stedman (117130), rstedman@barwol.com
Jennifer N. Lee (230727), jlee@barwol.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California 94108-2713
Telephone: (415) 434-2800
Facsimile: (415) 434-2533

Attorneys for Defendant
NEW YORK LIFE INSURANCE COMPANY only

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYLE HUGHES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNUMPROVIDENT CORPORATION; UNUM CORPORATION; NEW YORK LIFE INSURANCE COMPANY; THE COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE; and DOES 1 through 20 inclusive,<br><br>　　　　Defendants. | CASE NO.: C07-4088 PJH<br><br>**DEFENDANT NEW YORK LIFE INSURANCE COMPANY'S *EX PARTE* APPLICATION TO CONTINUE THE HEARING ON PLAINTIFF'S REMAND AND TO MODIFY THE BRIEFING SCHEDULE**<br><br>The Honorable Phyllis J. Hamilton<br><br>Complaint Filed: June 28, 2007<br><br>Filed Documents: Defendant's *Ex Parte* Application; Declaration of Jennifer N. Lee in Support of *Ex Parte* Application; and [Proposed] Order |

i:\office7\7491\192\07pleadings\ex parte app.doc

DEFENDANT'S *EX PARTE* APPLICATION TO CONTINUE THE HEARING ON PLAINTIFF'S REMAND MOTION
AND TO MODIFY THE BRIEFING SCHEDULE
CASE NO.: C07-4088 PJH

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

## 1. RELIEF SOUGHT

Defendants request that the October 31, 2007 hearing on Plaintiff's remand motion be continued until November 28, 2007 and further request that the briefing schedule be modified so that the opposition will be due on or before October 24, 2007 and plaintiff's reply will be due on or before November 14, 2007.

Currently, Defendants' oppositions are due Wednesday, October 10, 2007. Plaintiff has refused to stipulate to the continuance of the hearing or modification of the briefing schedule. Co-defendants Unum Group and First Unum Life Insurance Company do not oppose the continuance or modification of the briefing schedule.

In addition, for the Court's convenience, Defendants propose that they be permitted to file a joint opposition brief not to exceed 30 pages and that plaintiff be given 20 pages to reply to the joint opposition.

## 2. GOOD CAUSE EXISTS TO EXTEND THE HEARING AND BRIEFING DEADLINES

- <u>Novel Issue Requiring Additional Time</u> - In support of his remand motion, Plaintiff has raised a novel and complex issue relating to the character and nature of an agent contract identified as QN6-82. This is the first time anyone has raised the QN6-82 contract argument with Defendant NYLIC and Defendant NYLIC requires additional time to conduct its investigation into the contract and related issues. Defendants' opposition brief is critical to this case. In addition to raising the QN6-82 issue, Plaintiff's remand also raises for the first time ever a mandamus claim against the Insurance Commissioner for enforcement of a settlement agreement. Plaintiff has even requested sanctions be filed against Defendants for an allegedly improper removal.

- <u>Unavailability of Company Employee Most Knowledgeable on QN6-82 Issue</u> - Based upon the current hearing date, Defendants' oppositions are due next Wednesday, October 10, 2007. Defendant NYLIC will be prejudiced if the continuance and modification of the briefing schedule is not granted because it will not be able to complete its investigation by the October 10, 2007 due date. The individual employee for Defendant NYLIC who is most knowledgeable on the QN6-82 agent contract and who will be the one to submit a supporting declaration will be out of the

-2-
DEFENDANT'S *EX PARTE* APPLICATION TO CONTINUE THE HEARING ON PLAINTIFF'S REMAND MOTION
AND TO MODIFY THE BRIEFING SCHEDULE
CASE NO.: C07-4088 PJH

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

country attending to other business matters through the end of next week (October 8 through October 12) and will be unable to devote his attention to these issues until he returns.

- <u>Unavailability of Lead Counsel</u> – Defendant NYLIC will also be prejudiced if the hearing is not continued because its lead counsel, J. Russell Stedman, will be participating in an arbitration in New York on October 31 and will be unable to attend the hearing. Mr. Stedman is also unavailable the following law and motion date (November 7) due to another scheduling conflict that requires him to be in Omaha, Nebraska. Chris Ferry, lead counsel for Defendant Unum Group, is unavailable on the other two law and motion dates (November 14 and November 21) due to scheduling conflicts.

- <u>No Articulated Prejudice to Plaintiff</u> - Plaintiff has not articulated any substantive reasons why the remand hearing should not be continued or why he will be unduly prejudiced if the hearing is continued. The case itself is in its early stages and other than the case management conference, no pretrial or trial dates have been set.

## 3. STATEMENT OF RELEVANT FACTS

### a. Basic Facts Relevant to the Substantive Claims at Issue

Plaintiff Lyle Hughes has sued Defendants for damages arising out of the Defendants' denial of his claim for disability benefits. *See, Complaint.* Plaintiff sued New York Life Insurance Company ("NYLIC"), UNUM Group and First Unum Life Insurance Company. *Id.* Following the Defendants' removal of the action, plaintiff filed a motion for remand which is scheduled to be heard on October 31, 2007. ¶ 2, Declaration of Jennifer N. Lee in Support of Defendants' *Ex parte* Application ("Lee Decl.") As a centerpiece of his remand motion, plaintiff raises a factually incorrect issue critical to the determination of the remand motion, asserting that the agent contract he has with NYLIC (identified in Plaintiff's complaint as QN6-82) is a "group" insurance policy. *Id.*

Because of the need for Defendant NYLIC to establish the invalidity of Plaintiff's assertions regarding the QN6-82 and the fact that this is the first time that this argument has been asserted by Plaintiff, Defendant NYLIC will be prejudiced because it cannot complete its investigation and

-3-

obtain the necessary evidence by the current October 10, 2007 opposition deadline. Lee Decl., ¶ 3. Defendant NYLIC requires additional time to complete its investigation and obtain supporting evidence. *Id.* More importantly, the individual employee who has knowledge of the QN6-82 agent contract and who will be signing the supporting declaration is overseas on business through the end of next week (October 8 through 12) and will not be able to devote his attention to the issues until he returns. *Id.*

Furthermore, J. Russell Stedman, the lead attorney for NYLIC, has a scheduling conflict with the current October 31, 2007 hearing date. Lee Decl., ¶ 4. Mr. Stedman will be participating in an arbitration taking place in New York on October 31, 2007. *Id.* He is also unavailable on Judge Hamilton's next-available law and motion date (November 7) as he will be in Omaha, Nebraska attending to another matter that was scheduled prior to this hearing. *Id.* John C. Ferry, the lead attorney for codefendant Unum Group, has stated that he is unavailable on the subsequent two law and motion dates (November 14 and November 21) due to scheduling conflicts. *Id.* The November 28, 2007 is the first available law and motion date on which both Mr. Stedman and Mr. Ferry are available to attend the hearing. *Id.* Mr. Ferry has stated that he has no objection to and does not oppose the proposed continuance of the remand hearing or modification of the briefing schedule. Lee Decl., ¶ 9.

**b. Plaintiff Refuses to Continue the Remand Hearing or to Modify Briefing Deadlines**

In an attempt to informally resolve the conflicts created by the current hearing and briefing schedule, Defendant NYLIC attempted to meet-and-confer with plaintiff's counsel. On October 4, 2007, Defendant NYLIC's counsel contacted Mr. Bourhis and left him a message setting forth their request and proposed stipulation. Lee Decl., ¶ 5. On that same day, NYLIC counsel also sent Mr. Bourhis a letter via facsimile and electronic mail. *Id.*; see also, Exhibit 1 to the Lee Decl.

On October 5, 2007, Defendant NYLIC received a letter from Mr. Bourhis. Lee Decl., ¶ 6; *see also,* Exhibit 2 to Lee Decl. Mr. Bourhis declined the Defendant's request stating his dissatisfaction with the Defendants' failure to settle. *Id.* Mr. Bourhis did not offer or articulate any

-4-
DEFENDANT'S *EX PARTE* APPLICATION TO CONTINUE THE HEARING ON PLAINTIFF'S REMAND MOTION
AND TO MODIFY THE BRIEFING SCHEDULE
CASE NO.: C07-4088 PJH

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

substantive reason or argument why a continuance would be a problem or why it would be prejudicial to his client. *Id.*

On October 5, 2007, Defendant NYLIC sent a second letter to Mr. Bourhis asking him to reconsider his decision and to propose the modified briefing schedule. Lee Decl., ¶ 7; *see also,* Exhibit 3 to Lee Decl. As of the time of this *ex parte* application, Mr. Bourhis has not responded to the October 5, 2007 letter. Lee Decl., ¶ 8.

Other than the date for the case management conference (November 15) and the deadline for filing the joint case management statement (November 8), no other pretrial dates have been set by the Court. No trial date has been set in this matter. Lee Decl., ¶ 9.

## 4. ARGUMENT

### a. Good Cause Exists to Continue the Hearing and Briefing Schedule to Permit Defendants to Complete Their Investigation Relevant to Their Opposition

Defendant NYLIC has been diligent in its investigation relating to the QN6-82 contract issue. However, due to the novel and complexity of the issues, additional time is necessary to enable Defendant NYLIC to complete its investigation and to obtain the evidence necessary to exercise its statutory right to defend the case in federal court and to oppose plaintiff's remand motion.

As set forth above, the individual employee who has knowledge of the QN6-82 agent contract and who will be signing the supporting declaration is overseas on business through the end of next week (October 8 through 12) and will not be able to devote any attention to the issues until he returns. Lee Decl., ¶ 3.

Additionally, the lead attorney for Defendant NYLIC has a scheduling conflict that precludes his appearance on October 31, 2007. Lee Decl., ¶ 4. Because of the complexity of the issues, it is necessary that Defendant NYLIC's lead counsel attend to present and argue the issues. Mr. Stedman is unavailable on October 31, 2007 and November 7, 2007 as he will be out of California attending to other matters. *Id.* Mr. Ferry is unavailable November 14, 2007 and November 21, 2007 due to scheduling conflicts. *Id.* Thus, November 28, 2007 is the first available

-5-
DEFENDANT'S *EX PARTE* APPLICATION TO CONTINUE THE HEARING ON PLAINTIFF'S REMAND MOTION
AND TO MODIFY THE BRIEFING SCHEDULE
CASE NO.: C07-4088 PJH

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

law and motion date on which both Mr. Stedman and Mr. Ferry are available to attend the hearing on the remand motion. *Id.*

### b. The Continuance Will Not Prejudice Plaintiff but Denial of the *Ex parte* Application Will Prejudice Defendants

The case is in its early stages. The continuance will not prejudice plaintiff in any respect. In fact, plaintiff's counsel in his October 5, 2007 letter has not articulated any substantive reason or argument why the hearing could not be continued or why the continuance would unduly prejudice the plaintiff. Lee Decl., ¶ 6.

On the other hand, if this *ex parte* application is denied, Defendant NYLIC will be greatly prejudiced as it will be denied the opportunity to complete its investigation and obtain the evidence necessary to defend the case in federal court on issues never before presented. This opposition is particularly critical in light of Plaintiff's allegations of improper removal and request for sanctions.

### c. The Continuance Will Not Affect or Change the Existing Pretrial Schedule

Other than the case management conference date and deadline for filing the case management statement, no other pretrial dates have been set by the Court. There is also no trial date set for this case. A continuance will not change or adversely affect the existing calendar or schedule for this case.

Dated: October 5, 2007                              BARGER & WOLEN LLP


By:  /s/ Jennifer N. Lee
     J. RUSSELL STEDMAN
     JENNIFER N. LEE
     Attorneys for Defendant NEW YORK
     LIFE INSURANCE COMPANY only

-6-
DEFENDANT'S *EX PARTE* APPLICATION TO CONTINUE THE HEARING ON PLAINTIFF'S REMAND MOTION
AND TO MODIFY THE BRIEFING SCHEDULE
CASE NO.: C07-4088 PJH

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800