1 | J. Russell Stedman (117130), rstedman@barwol.com
Jennifer N. Lee (230727), jlee@barwol.com
2 | BARGER & WOLEN LLP
650 California Street, 9th Floor
3 | San Francisco, California 94108-2713
Telephone: (415) 434-2800
4 | Facsimile: (415) 434-2533

5 | Attorneys for Defendant
NEW YORK LIFE INSURANCE COMPANY only

6

Thomas M. Herlihy (83615), herlihy@kelher.com
7 | John C. Ferry (104411), jferry@kelher.com
KELLY, HERLIHY & KLEIN LLP
8 | 44 Montgomery Street, Suite 2500
San Francisco, California 94104-4798
9 | Telephone: (415) 951-0535
Facsimile: (415) 391-7808

10

Attorneys for Defendants
11 | UNUM GROUP (formerly known as UNUMPROVIDENT CORPORATION),
FIRST UNUM LIFE INSURANCE COMPANY (erroneously sued as UNUM CORPORATION)
12 | and NEW YORK LIFE INSURANCE COMPANY

13

14 | **UNITED STATES DISTRICT COURT**

15 | **NORTHERN DISTRICT OF CALIFORNIA**

16

17 | LYLE HUGHES,                                      ) CASE NO.: C07-4088 PJH
                                                    )
18 |           Plaintiff,                            ) **DEFENDANTS' OPPOSITION TO**
                                                    ) **MOTION TO REMAND**
19 | vs.                                             )
                                                    ) Date: November 28, 2007
20 | UNUMPROVIDENT CORPORATION;                      ) Time: 9:00 a.m.
    | UNUM CORPORATION; NEW YORK LIFE                )
21 | INSURANCE COMPANY; THE                          ) Complaint Filed: June 28, 2007
    | COMMISSIONER OF THE CALIFORNIA                  )
22 | DEPARTMENT OF INSURANCE; and                    )
    | DOES 1 through 20 inclusive,                    )
23 |                                                 )
    |           Defendants.                          )
24 | _____ )

25

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

UNUM AND NEW YORK LIFE'S OPPOSITION TO MOTION TO REMAND
CASE NO.: C07-4088 PJH

1

## TABLE OF CONTENTS

2

PAGE

3  1.  INTRODUCTION AND STATEMENT OF ISSUES ................................................................1

4  2.  PROCEDURAL BACKGROUND ..........................................................................................2

5  3.  STATEMENT OF RELEVANT FACTS .................................................................................2

6  A.  Overview of Dispute ...................................................................................................2

7  B.  Allegations of Plaintiff's Complaint ..........................................................................3

8  (1)  NYL and Unum Are Separate Corporate Entities and Diversity of
       Citizenship Was Properly Alleged ..................................................................3

9

10  (2)  Plaintiff's Asserted Claims Against Defendants .............................................3

    C.  Policies and Contracts Alleged in Plaintiff's Complaint ...........................................4
11

12  (1)  Plaintiff Was a Participant in NYL's Agents Group Plan Insured by a
       Group Long-Term Disability Policy ...............................................................4

13  (2)  Individual Disability Income Policies .............................................................5

14  (3)  Nylic Contract No. QN6-82 and Administration Agreement No. 573602............5

15  D.  Plaintiff Expressly Elected and then Voluntarily Withdrew From Participation in
       the CSA Reassessment Program ..................................................................................6
16

    4.  ARGUMENT...............................................................................................................................7
17
       A.  Plaintiff's Motion for Remand is Determined by the Allegations of Plaintiff's
18        Complaint at the Time of Removal and the Nature of the ERISA Policy at Issue;
          Plaintiff Cannot Now Limit His Claims to Obtain Remand ...........................................7
19
       B.  Remand Is Not Appropriate Under Any Circumstances Because Federal
20        Question Jurisdiction Existed At the Time of Removal ..................................................8

21        (1)  Plaintiff's Claim on the Group LTD Policy Is Governed by ERISA ....................8

22            (a)  The Employee Welfare Benefit Plan Is Governed by ERISA .....................8

23            (b)  Plaintiff Asserts a Claim That "Relates To" an ERISA Plan.......................9

24        (2)  Plaintiff's Status as an Independent Contractor is Irrelevant Under
               Established Law And Does Not Prevent the Application of ERISA....................10
25
       C.  Plaintiff Waived All Procedural Objections to the Commissioner's Nonjoinder
26        in the Removal By Filing a Tardy Remand ...................................................................11

27     D.  Even if the Issue Could Properly Considered on the Merits, Citizenship of the
          Commissioner Must Be Ignored Because He Is a Sham Defendant Against
28        Whom Plaintiff Cannot State a Valid Claim.................................................................12

-i-

**BARGER & WOLEN LLP**
660 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

UNUM AND NEW YORK LIFE'S OPPOSITION TO MOTION TO REMAND
CASE NO.: C07-4088 PJH

E.  The Commissioner Was Fraudulently Joined .................................................................. 12

    (1)  A Writ of Mandamus Cannot Compel an Official's Discretionary Acts ............. 13

    (2)  The Commissioner's Duty to Enforce the Insurance Code is Discretionary, Not Mandatory...................................................................................................... 13

    (3)  Plaintiff Has an Adequate Remedy at Law ........................................................ 15

    (4)  Plaintiff Cannot Show Irreparable Harm............................................................ 15

    (5)  Plaintiff's Authority Does Not Support His Position ......................................... 16

    (6)  Plaintiff Cannot Pursue his Claims for Declaratory Relief Because the Relief Requested Is Unavailable and there is No Actual Controversy................ 17

    (7)  Plaintiff Cannot State a Claim for Relief Against the Commissioner Arising from the Reassessment Program and CSA ............................................... 18

         (a)  Plaintiff Voluntarily Withdrew from the CSA to Pursue This Litigation and Thus Has No Standing to Pursue These Claims................. 18

         (b)  Plaintiff Is Not A Third-Party Beneficiary to the CSA ............................... 19

    (8)  Plaintiff's Mandamus Claims Fail As to the Nylic Contract and Administration Agreement No. 573602 Because These Contracts Are Not Insurance Policies Subject to the CSA .................................................................. 20

    (9)  Plaintiff's Claims Against the Commissioner Are Time-Barred ......................... 21

         (a)  Plaintiff's Claims Are Subject to a 3-Year Statute of Limitations ............. 21

         (b)  Plaintiff's Claims Accrued When He Was Allegedly Harmed................... 22

F.  Any Potential Remand Should Extend Only to Plaintiff's Transactionally Separate Claims Against the Commissioner ................................................................... 24

5.  CONCLUSION.......................................................................................................................... 25

-ii-

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

UNUM AND NEW YORK LIFE'S OPPOSITION TO MOTION TO REMAND
CASE NO.: C07-4088 PJH

1

TABLE OF AUTHORITIES

2

PAGE

3

**Cases**

4    *Aetna Cas. & Sur. Co. v. Richmond*, 76 Cal. App. 3d 645 (1977) .................................................. 23

5    *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504 (1981) ............................................................... 9

6    *Allen v. Humboldt Cty. Bd. of Supervisors*, 220 Cal. App. 2d 877 (1963) ..................................... 22

7    *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224 (9th Cir. 1988) ............................................... 23

8    *Aroney v. Cal. Horse Racing Bd.*, 145 Cal. App. 3d 928 (1983) .................................................... 22

9    *Barnhart v. New York Life Ins. Co.*, 141 F.3d 1310 (9th Cir. 1998) .............................................. 11

10   *Beckett v. Air Line Pilots Ass'n*, 995 F.2d 280 (D.C. Cir. 1993) .................................................... 20

11   *Berclain Am. Latina v. Baan Co.*, 74 Cal. App. 4th 401 (1999) ..................................................... 19

12   *Borsuk v. Mass. Mut. Life Ins. Co.*, 2003 U.S. Dist. LEXIS 25259, *12-13 (N.D. Cal. 2003)..... 17

13   *Borsuk v. Massachusetts Mutual Life Ins. Company, et al.*, 2003 U.S. Dist. LEXIS 25259
     (N.D. Cal. 2003) ........................................................................................................................... 23

14
     *Brazina v. Paul Revere Life Ins. Co. et al.*, 271 F. Supp. 2d 1163 (N.D. Cal. 2003).............. 16, 17
15
     *Cal. Satellite Sys., Inc. v. Nichols*, 170 Cal. App. 3d 56 (1985) ..................................................... 15
16
     *Cal. Teachers Ass'n v. Ingwerson*, 46 Cal. App. 4th 860 (1996) .................................................... 13
17
     *Cal. v. Sup. Court*, 12 Cal. 3d 327 (1974) ................................................................................ 15, 16
18
     *Common Cause v. Bd. of Supervisors*, 49 Cal. 3d 432 (1989) ........................................................ 13
19
     *Credit Managers Ass'n v. Kennesaw Life & Acc. Ins. Co.*, 809 F.2d 617 (9th Cir. 1987) ............. 9
20
     *Fox v. Cty. of Fresno*, 170 Cal. App. 3d 1238 (1985) .................................................................... 15
21
     *Garcia v. Truck Ins. Exch.*, 36 Cal. 3d 426 (1984) ....................................................................... 19
22
     *Hackethal v. Nat'l Cas. Co.*, 189 Cal. App. 3d 1102 (1987) .......................................................... 22
23
     *Hess v. Ford Motor Co.*, 27 Cal. 4th 516 (2002) ........................................................................... 19
24
     *InfiNet Mktg. Svs., Inc. v. Am. Motorist Ins. Co.*, 150 Cal. App.4th 168 (2007) ........................... 19
25
     *Int'l Ins. Co. v. Red & White Co.*, 1994 U.S. Dist. LEXIS 18101, at *5 (N.D. Cal. 1994) ............ 7
26
     *Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489 (9th Cir. 1988) ................................................... 8
27
     *Keeler v. Sup. Ct.*, 46 Cal. 2d 596 (1956) ..................................................................................... 16

28

-iii-

BARGER & WOLEN LLP
660 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

UNUM AND NEW YORK LIFE'S OPPOSITION TO MOTION TO REMAND
CASE NO.: C07-4088 PJH

1   *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416 (9th Cir. 1989)........................................................7

2   *Lee v. American National Insurance Company*, 260 F.3d 997 (9th Cir. 2001) .............................24

3   *Luis v. Orcutt Town Water Co.*, 204 Cal. App. 2d 433 (1962) ........................................................19

4   *Maiolino v. UnumProvident Corp.*, 2004 U.S. Dist. LEXIS 7556 (N.D. Cal. 2004)....................24

5   *Malcolm v. Farmers New World Life Ins. Co.*, 4 Cal. App. 4th 296 (1992) ...................................22

6   *Manilar v. FDIC*, 979 F.2d 782 (9th Cir. 1992)..............................................................................12

7   *Martinez v. Socoma Cos, Inc.*, 11 Cal. 3d 394 (1974) ....................................................................19

8   *Met. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987)..............................................................................7

9   *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034 (9th Cir. 1995).......................................................................................................................................................12

10  *Omaha Indem. Co. v. Sup. Ct.*, 209 Cal. App. 3d 1266 (1989)......................................................15

11  *Painting & Drywall Work Pres. Fund v. Aubry*, 206 Cal. App. 3d 682 (1988).............................15

12  *Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998) ........................................................................7

13  *Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404 (9th Cir. 1996)...................................... 16, 17

14  *Ragan v. City of Hawthorne*, 212 Cal. App. 2d 1361 (1989)..........................................................21

15  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998).........................................................23

16  *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85 (1983) .............................................................................9

17  *Sime v. Malouf*, 95 Cal. App. 2d 82 (1949)....................................................................................23

18  *Sullivan v. Unum Life Ins. Co. of America*, 2004 U.S. Dist. LEXIS 7010 (N.D. Cal. 2004)..23, 24

19  *Truta v. Avis Rent a Car Sys., Inc.*, 193 Cal. App. 3d 802 (1987) ................................................20

20  *Van Ness v. Blue Cross of Cal.*, 87 Cal. App. 4th 364 (2001) ................................................. 16, 17

21  *Wis. Dept. of Corr. v. Schacht*, 524 U.S. 381 (1998)......................................................................24

22  *Women Organized for Employment v. Stein*, 114 Cal. App. 3d 133 (1980) ........................... 14, 18

23  *Wright v. Cont'l Cas. Co.*, 456 F. Supp. 1075 (MD. Fla. 1978) .....................................................12

24  *Yates v. Hendon*, 541 U.S. 1 (2004) ...............................................................................................10

25  *Young v. Gannon*, 97 Cal. App. 4th 209 (2002)..............................................................................13

26  *Younger v. Cty. of El Dorado*, 5 Cal. 3d 480 (1971)......................................................................13

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1

**Statutes**

2  28 U.S.C. § 1447(c)............................................................................................................... 11

3  29 C.F.R. 2510.3-3(b) ......................................................................................................... 10

4  29 U.S.C. § 1144(a).............................................................................................................. 9

5  29 U.S.C. §1002 ............................................................................................................... 8, 9

6  Cal. Code Civ. Proc. § 1060.......................................................................................... 17, 18

7  Cal. Code Civ. Proc. § 1085.............................................................................. 13, 16, 17, 18

8  Cal. Code Civ. Proc. § 1086.............................................................................................. 15

9  Cal. Code Civ. Proc. § 1094.5.......................................................................................... 16

10  Cal. Code Civ. Proc. § 338............................................................................................... 23

11  Cal. Code Civ. Proc. § 338 (a) ........................................................................................ 22

12  Cal. Code Civ. Proc. § 525............................................................................................... 15

13  Fed. R. Civ. Proc. 65(d) .................................................................................................. 15

14  Ins Code § 10390.............................................................................................................. 15

15  Ins. Code § 10291.5(f)...................................................................................................... 16

16  Ins. Code § 12926....................................................................................................... 13, 14

17  Ins. Code § 790.03........................................................................................................... 14

18  Ins. Code § 790.03(h) ................................................................................................. 13, 14

19  Ins. Code § 790.035.......................................................................................................... 14

20  Ins. Code § 790.04........................................................................................................... 14

21  Ins. Code § 790.05........................................................................................................... 14

22  Ins. Code §§ 1855.1-1855.5 ............................................................................................ 16

23

**Other Authorities**

24

Restatement (Second) of Contracts § 3113(2) ............................................................... 20

25

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

UNUM AND NEW YORK LIFE'S OPPOSITION TO MOTION TO REMAND
CASE NO.: C07-4088 PJH

1

## 1.   INTRODUCTION AND STATEMENT OF ISSUES

2   Remand of this action would be inappropriate for several reasons. First, and most
3   importantly, this Court unquestionably has federal question jurisdiction over Plaintiff's claim for
4   disability benefits under an ERISA Plan established by New York Life Insurance Company
5   ("NYL") and administered by First Unum. Plaintiff improperly tries to avoid Defendants' absolute
6   right to adjudication of the ERISA claim in federal court by contradicting the express allegations of
7   his Complaint and making the false factual assertion that the Nylic Contract No. QN6-82 ("Nylic
8   Contract") is the only "group policy" on which he sues. Plaintiff's remand motion is determined by
9   the allegations of the Complaint as filed, not as he has attempted to limit them, and on the facts
10  establishing at least one purportedly wrongful denial of benefits under an ERISA plan.

11  Second, all of Plaintiff's claims against the insurer defendants are properly before this Court
12  based on diversity jurisdiction. Plaintiff's intentional effort to destroy diversity by naming the
13  Insurance Commissioner of the State of California ("Commissioner") fails procedurally and
14  substantively. Plaintiff argues that Defendants' removal was procedurally defective because the
15  Commissioner did not join in it. Non-joinder is a procedural defect that must be timely asserted
16  and, if not, any defect is waived. Plaintiff did not file his remand motion within the required 30-day
17  period from the filing of Defendants' Notice of Removal and the Court may not even consider his
18  non-joinder argument.

19  Although the Court's inquiry should stop here, even on the merits Plaintiff's claims against
20  the Commissioner are not colorable, rendering the Commissioner a "sham defendant" whose
21  citizenship must be ignored for purposes of diversity. The "group policy" Plaintiff now claims to
22  base his suit on, the Nylic QN6-82 contract, is not even an insurance policy subject to approval by
23  the Commissioner. It is an insurance agent compensation agreement only. The same is true of an
24  administrative agreement "no. 573602" between NYL and First Unum which Plaintiff also
25  incorrectly alleges in his Complaint to be a policy. Regardless, all of Plaintiff's claims against the
26  Commissioner are time barred and fail to meet the statutory requirements for mandamus and
27  declaratory relief. Plaintiff does not even have standing to seek to enforce the Unum settlement
28  reassessment process because he voluntarily withdrew from participation in it.

UNUM AND NEW YORK LIFE'S OPPOSITION TO MOTION TO REMAND
CASE NO.: C07-4088 PJH

1    Even if the Court could ignore Plaintiff's waiver of any procedural defect of non-joinder by

2  the Commissioner, and the Commissioner is not deemed a sham defendant, the Court cannot

3  remand Plaintiff's ERISA claim and would properly maintain pendent jurisdiction over the

4  transactionally-related claims against the insurer defendants.

## 2.    PROCEDURAL BACKGROUND

6    Plaintiff filed his complaint on June 28, 2007. Defendants were thereafter served separately

7  with a copy of the summons and complaint. Defendants Unum and NYL timely filed their joint

8  Notice of Removal on August 8, 2007, within 30 days after service of the summons and complaint

9  on the first-served defendant. (Docket No. 1.) Plaintiff's remand motion was filed on September

10  11, 2007, four days **after** the September 7, 2007, 30-day deadline for seeking remand.

## 3.    STATEMENT OF RELEVANT FACTS

### A.    Overview of Dispute

13    Plaintiff is and has been an agent with NYL since 1984. (Hynes Decl. ¶ 4.) His active

14  license lists Company Appointments of at least four New York Life entities and one signatory to the

15  CSA (Paul Revere Life Insurance Company). (Ferry Decl. ¶ 4.) His license was renewed in 2007

16  and since January of this year he added five additional Company Appointments and has continued

17  to meet his continuing education requirements. (Ferry Decl. ¶¶ 5-6.) Plaintiff incorrectly alleges

18  that he was issued several insurance policies by defendants Unum Group (formerly known as

19  UnumProvident Corporation), First Unum Life Insurance Company ("First Unum")(collectively

20  referred to as "Unum") and NYL (collectively referred to hereinafter as "Defendants"). (Cmplnt. ¶

21  27.) Plaintiff alleges he was diagnosed with chronic fibromyalgia in 2002 and claims total

22  disability. (*Id.* ¶¶ 31-32.) In September 2004, Plaintiff filed claims for disability benefits under

23  several policies and contracts, which claims were denied. (*Id.* ¶ 32.) Plaintiff claims entitlement to

24  the benefits and that Defendants' denials of his claims were wrongful. (*Id.* ¶¶ 33-34.)

25

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-2-
UNUM AND NEW YORK LIFE'S OPPOSITION TO MOTION TO REMAND
CASE NO.: C07-4088 PJH

1

**B.    Allegations of Plaintiff's Complaint**

2

    **(1)    NYL and Unum Are Separate Corporate Entities and Diversity of Citizenship Was Properly Alleged**

3

4       Plaintiff erroneously alleges that NYL is a "wholly owned subsidiary" of Unum. (Cmplnt. ¶

5  2.) This is incorrect. NYL has never been a wholly owned subsidiary of Unum Group or First

6  Unum. (Hynes Decl. ¶ 3; Roth Decl. ¶ 8.)

7       Plaintiff asserts on remand that Defendants have failed to present "evidence" of diversity of

8  citizenship as between Plaintiff and Defendants. (Remand 24:13-15.) Sufficient allegations of

9  citizenship were made in Defendants' Notice of Removal. (Removal 1:9-21.) NYL is a citizen of

10  the state of New York, established under laws of the state of New York, with its principal place of

11  business in the state of New York. (Hynes Decl. ¶ 3.) Unum Group is a citizen of the state of

12  Delaware, incorporated in the state of Delaware, with its principal places of business in

13  Chattanooga, Tennessee. (Roth Decl. ¶ 4.) First Unum is a citizen of the state of New York,

14  incorporated in the state of New York, with its principal place of business in New York City, New

15  York. (Roth Decl. ¶ 5.) Plaintiff alleges that he is a citizen of California. (Cmplnt. ¶ 1.)

16

    **(2)    Plaintiff's Asserted Claims Against Defendants**

17       Plaintiff's complaint alleges seven claims for relief. The first four, against Defendants, are

18  for breach of contract, bad faith, misrepresentation and infliction of emotional distress, all

19  pertaining to Plaintiff's claim for disability benefits. The fifth, sixth and seventh claims for relief

20  are only asserted against the Commissioner of the State of California ("Commissioner"). The fifth

21  claim for relief is a claim for mandamus for the Commissioner's allegedly improper approval of

22  disability policy forms allegedly issued by Defendants. Plaintiff's sixth and seventh claims for

23  relief are for declaratory relief, alleging that the Commissioner failed to enforce a settlement

24  agreement entered amongst Unum Life Insurance Company of America, Provident Life and

25  Accident Insurance Company, Paul Revere Life Insurance Company and the Commissioner for

26  reassessment of certain disability claims ("CSA").

27       Plaintiff alleges in Paragraph 27 that multiple insurance policies were issued to him:

28

Defendant UNUMPROVIDENT, UNUM and their subsidiaries AND DOES 1-10 issued four POLICIES of insurance to plaintiff HUGHES including a Group disability policy, and individual policy number H307271 and H2724074, 573602 (group policy) and NYLIC QN6-82 (group policy) hereinafter "THE POLICIES"...

(Cmplnt. ¶ 27.)[1]  Although it states "four POLICIES," Paragraph 27 in fact refers to five agreements, which as shown below, are not all insurance policies.  Plaintiff alleges that he "made a claim for Total Disability benefits" in September 2004, and that "[o]n August 17, 2005 UNUM sent a final denial letter...refusing to pay him the benefits due under his policy."  (Cmplnt. ¶¶ 32-33.)  First Unum administered and made determinations on Plaintiff's claims, including the LTD Group Policy.  (Rodriguez Decl. ¶ 7; Curtis Decl. ¶¶ 4-8; Exs. A-E.)

## C.     Policies and Contracts Alleged in Plaintiff's Complaint

Plaintiff alleges in his Complaint the existence of three "group policies."  (Cmplnt. ¶ 27.)  Yet in his remand motion, Plaintiff contends that the Nylic Contract was the "only group policy under which [he] was ever insured."  (Hughes Decl. to Remand ¶ 3.)  Plaintiff's latest assertions are incorrect.  Rather, Plaintiff was in fact a plan participant, an insured or contract beneficiary to:

(1) a long-term disability policy for the NYL Agents Group Plan (policy no. 573600);

(2) two individual disability income policies (nos. H3072721 and H2724074); and

(3) the NYLIC No. QN6-82 ("Nylic Contract") which is not an insurance policy, and provided certain compensation benefits to qualified agents, and which claims were administered by First Unum under an administration agreement (no. 573602).

When Plaintiff made his claim of "total disability" in September 2004, First Unum administered Plaintiff's claims on at least the LTD Group Policy and Nylic Contract.  (Rodriguez Decl. ¶ 7.)

### (1)     Plaintiff Was a Participant in NYL's Agents Group Plan Insured by a Group Long-Term Disability Policy

The Group LTD Policy (Policy No. 573600) insures a group plan ("Agents Group Plan") that was established by NYL for the benefit of eligible agents to provide disability insurance benefits in case of long-term disability.  (Rodriguez Decl. ¶ 3, Ex. B.)  Plaintiff was a participant in the Agents Group Plan.  (Id. ¶. 4.)  Commencing in 2003, the insurer for the Group LTD Policy was First Unum and plan participants such as Plaintiff were notified of this through a Summary of

-4-

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

UNUM AND NEW YORK LIFE'S OPPOSITION TO MOTION TO REMAND
CASE NO.: C07-4088 PJH

1  Material Modifications ("SMM"). (*Id.* ¶ 3.) The SMM expressly stated that the Plan was governed
2  by ERISA. (*Id.* ¶ 3; Ex. C.)

3        The Group LTD Policy states that it is a part of an ERISA "employee welfare plan." (*Id.* ¶
4  3; Ex. B.) Under the Plan, NYL is the sponsor and plan administrator of the Agents Group Plan;
5  First Unum is the claims administrator. (*Id.* ¶ 3.) The Group LTD Policy's "Benefits at a Glance"
6  and section of the Certificate entitled "ERISA – Additional Summary Plan Description
7  Information" set forth the: intended benefits ("This long term disability plan provides financial
8  protection for you by paying a portion of your income while you are disabled."); intended
9  beneficiaries ("agents under contract as a full-time agent...in active service and earning the
10  minimum required amounts of First Year Commissions"); source of financing ("You and your
11  employer share the cost..."); and a procedure to apply for and collect benefits under the program
12  ("How Do You File a Claim?"). (*Id.* ¶ 3; Ex. B.)

13        In 2004, the participants in the NYL Agents Group Plan who elected coverage pursuant to
14  the LTD Group Policy included 191 agents that were: (1) "First Year Prior Class Agents" (*Id.* ¶ 5);
15  and (2) a part of a training group referred to as "TAS Agents" because they had signed a "Training
16  Allowance Subsidy Plan Agreement" ("TAS Agreement"). (*Id.* ¶ 6; Hynes Decl. ¶ 19.) TAS
17  Agents are employees of NYL, rather than independent contractors. (Hynes Decl. ¶ 20; Ex. D § 2.)
18  In 2005, 170 TAS Agents were qualified for and elected long term disability coverage under the
19  Agents Group Plan. (Rodriguez Decl. ¶ 6.)

20        **(2)**    **Individual Disability Income Policies**

21        NYL issued two individual disability income policies to Plaintiff, policy numbers H3072721
22  (policy date: 12/25/87) and H2724074 (policy date: 9/14/88). (Cmplnt. ¶ 27.)

23        **(3)**    **Nylic Contract No. QN6-82 and Administration Agreement No. 573602**
24        Plaintiff alleges that "573602" and Nylic No. QN6-82 are "group policies." (Cmplnt. ¶ 27.)
25  As noted, Plaintiff asserts in his remand motion that the Nylic No. QN6-82 was the only "group
26
27  _____
28  [1] Again, NYL is erroneously alleged to be such a subsidiary.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

UNUM AND NEW YORK LIFE'S OPPOSITION TO MOTION TO REMAND
CASE NO.: C07-4088 PJH

1  policy" ever issued to him. (Remand 2:6-8, 20:21-24; Hughes Decl. ¶ 3.) This is incorrect as
2  neither 573602 nor Nylic No. QN6-82 is an insurance policy.

3  NYL enters into contracts with agents to sell insurance products. (Hynes Decl. ¶ 4.)
4  Plaintiff was one such agent whose contract with NYL began in February 1984. (*Id.*) Plaintiff's
5  agency relationship with NYL was subject to various agreements, including without limitation, an
6  Agent's Contract (Form QN6-82) ("Agent's Contract"), which governs commissions payable to
7  Plaintiff on new products sold on behalf of NYL or its affiliates, and the Nylic Contract No. QN6-
8  82 ("Nylic Contract"), which provides for a separate form of compensation known as "Nylic
9  Income" and a "Physical Incapacity Benefit" in the event of "total disability." (*Id.* ¶¶ 5, 12 and 15.)

10  The "Physical Incapacity Benefit" under the Nylic Contract is not a disability payment but
11  rather an agreement setting forth the manner in which payments under the Nylic Contract continue
12  if certain payments become due on policies sold in earlier years when the agent is in disability
13  status. (*Id.* ¶ 18.) The "Physical Incapacity Benefit" section of the Nylic Contract refers in part to
14  amounts payable to a qualified agent under the Nylic Retirement Plan which is an ERISA Plan that
15  provides for the payment of Disability Retirement Income for eligible agents. (*Id.* ¶¶ 8, 16; Ex. B.)
16  The Nylic Retirement Plan is not alleged to be at issue in this case, but is relevant to the extent that
17  it is referenced in the Nylic Contract (§ 7) and that it is also an ERISA Plan. First Unum
18  administered the claims and made recommendations on the handling of claims for physical
19  incapacity benefits under the Nylic Contract. (Rodriguez Decl. ¶ 7.) "573602" is not a group
20  policy, or even a contract to which Plaintiff is a party, but refers to the administration agreement
21  between First Unum and NYL for the benefits provided under the Nylic Contract. (*Id.*)

22  **D.**    **Plaintiff Expressly Elected and then Voluntarily Withdrew From Participation**
23          **in the CSA Reassessment Program**

24  Plaintiff received notice from Unum's Claim Reassessment Unit ("CRU") that he could
25  participate in the reassessment program under claim numbers 0100188247, 0100188309,
26  0100188277, 13H2724074001 and 13H3072721001. (Curtis Decl. ¶¶ 3-8.) On November 7, 2005,
27  Plaintiff responded to these notices, however he only sought reassessment of claim number
28  0100188247. (Curtis Decl. ¶ 9.) His request was acknowledged by the CRU on November 16,

-6-

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

UNUM AND NEW YORK LIFE'S OPPOSITION TO MOTION TO REMAND
CASE NO.: C07-4088 PJH

1   2005. (Curtis Decl. ¶ 10.) Plaintiff did not elect to participate in the reassessment program for

2   claim numbers 0100188309, 0100188277, 13H2724074001 and 13H3072721001. (Curtis Decl. ¶

3   11.) Subsequently, Plaintiff wrote the CRU that he intended to withdraw from the reassessment

4   program. (Curtis Decl. ¶ 12.) This was confirmed by the CRU in writing (Curtis Decl. ¶ 13) and by

5   direct telephone communication. (Curtis Decl. ¶ 14.)

### 4.   ARGUMENT

**A.   Plaintiff's Motion for Remand is Determined by the Allegations of Plaintiff's Complaint at the Time of Removal and the Nature of the ERISA Policy at Issue; Plaintiff Cannot Now Limit His Claims to Obtain Remand**

9   Whether an action should be remanded must be determined by reference to the complaint at

10   the time the petition for removal was filed. *See Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416,

11   1426 (9th Cir. 1989); *Int'l Ins. Co. v. Red & White Co.*, 1994 U.S. Dist. LEXIS 18101, at *5 (N.D.

12   Cal. 1994) ("However, the right of removal is determined by reference to the complaint *at the time*

13   *the removal petition was filed.*"). A party may not modify his complaint in an effort to support a

14   remand motion. *See Kruso*, 872 F.2d at 1426 n.12 (refusing to consider allegations of "Proposed

15   First Amended Complaint" that was filed with plaintiff's remand motion). As demonstrated,

16   Plaintiff incorrectly asserts in his remand motion that the only "group policy" issued to him and in

17   dispute in this action is the Nylic Contract. (Remand 2:6-8, 20:20-22; Hughes Decl. ¶¶ 2-3.) First,

18   Plaintiff's express allegations in his complaint and the actual facts implicate the Group LTD Policy

19   No. 573600 which insured the NYL Agents Group Plan. Second, neither the Nylic Contract nor the

20   administration agreement no. 573602 is an insurance policy. Plaintiff's attempt to limit the express

21   allegations of his Complaint to obtain remand is improper and must be ignored.

22   Although Plaintiff has attempted to artfully plead around the existence of a policy or plan

23   governed by ERISA, the Court must look beyond the Complaint at the substance of the claim,

24   regardless of whether the complaint expressly references an ERISA plan, to determine whether an

25   ERISA plan is in fact at issue. *See Met. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987); *Parrino v.*

26   *FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998)(affirming district court decision to deny remand

27   because a federal court may look beyond the face of the complaint to determine whether the claims

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1  alleged as state law causes of action are in fact necessarily federal claims). If a claim is based on a
2  plan governed by ERISA, as here, removal is proper.

3  **B.    Remand Is Not Appropriate Under Any Circumstances Because Federal**
       **Question Jurisdiction Existed At the Time of Removal**
4

5      Plaintiff's Complaint alleges wrongful denial of benefits under a group Long Term
6  Disability policy ("Group LTD Policy"). (Cmplnt. ¶ 27.) This allegation can only refer to
7  Plaintiff's claim under the NYL Agents Group Plan, which was insured by First Unum. As the
8  evidence establishes, there is no other group insurance policy at issue.

9      **(1)    Plaintiff's Claim on the Group LTD Policy Is Governed by ERISA**

10         **(a)    The Employee Welfare Benefit Plan Is Governed by ERISA**

11     The NYL Agents Group Plan under which Hughes seeks disability benefits is an "employee
12  welfare benefit plan" within the meaning of ERISA. 29 U.S.C. §1002(1). Under ERISA, five
13  criteria are required for a plan to constitute an employee welfare benefit plan: (1) A plan, fund or
14  program; (2) established or maintained; (3) by an employer or by an employee organization, or by
15  both; (4) for the purpose of providing ... disability ... benefits; and (5) to participants or their
16  beneficiaries. 29 U.S.C. § 1002(1); *Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir.
17  1988). The Agents Group Plan meets each of the above-listed criteria:

18     o  Criterion No. 1: A plan or program exists that sets forth the intended benefits, the intended
19        beneficiaries, the source of financing, and a procedure to apply for and collect benefits under
20        the program. *See* Rodriguez Decl. ¶ 3, Exs. A, B, C and D (Form 5500, Note 1—Plan
21        description states that the Agents Group Plan includes LTD benefits)(Group LTD Policy:
22        Benefits at a Glance and Certificate: ERISA–Additional Summary Plan Description
23        Information)(Summary of Material Modifications to the Group Plan for NYL Agents
24        Regarding Long-Term Disability Coverage).

25
26
27
28

-8-

1    o  Criterion No. 2: NYL "established or maintained" the Agents Group Plan by purchasing the

2       group insurance policy issued by First Unum that funds the Plan.[2] *See* Rodriguez Decl. ¶ 3,

3       Ex. A (Form 5500).

4    o  Criteria Nos. 3 and 4: NYL is an employer that provided a benefit program to its employees

5       within the meaning of ERISA, 29 U.S.C. § 1002(1), (2) and (5). As evidenced by the

6       Certificate, the Plan was established by NYL to provide, among other benefits, long-term

7       disability benefits to eligible NYL active full-time agents. *See* Rodriguez Decl. ¶ 3, Ex. B.

8    o  Criterion No. 5: As a NYL agent, Hughes was a participant in the Plan who might be entitled

9       to LTD benefits under the Plan. 29 U.S.C. § 1002(7), (8); Cmplnt. ¶¶ 28, 32.

10                  **(b)    Plaintiff Asserts a Claim That "Relates To" an ERISA Plan**

11        ERISA's preemption clause is broad in its force and effect:

12            Except as provided in subsection (b) of this section, the provisions of this subchapter
             and subchapter III of this chapter shall supersede any and all State laws insofar as
13            they may now or hereafter relate to any employee benefit plan.

14    29 U.S.C. § 1144(a); *see, e.g., Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 510

15    (1981)(ERISA preemption clause to be construed broadly). Under ERISA, the central

16    question is whether the state law claim "relates to" an employee benefit plan. If it does, the

17    state law cause of action is preempted. In *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 97

18    (1983), the phrase "relates to" was given its broad common-sense meaning, such that a state

19    law relates to an employee benefit plan "in the normal sense of the phrase, if it has a

20    connection with or reference to such a plan."

21        Plaintiff's claims arise directly out of his efforts to obtain disability benefits due to his

22    alleged chronic fibromyalgia, bipolar disorder, thyroid problems, rheumatoid arthritis, sleep apnea

23    and depression. (Cmplnt. ¶¶ 31-34.) First Unum denied Plaintiff's claim for disability under the

24    Plan. At least one of Plaintiff's claims undeniably has a "connection with" and reference to the

25    Plan because the Plan provides benefits insured by the Group LTD Policy and on which a claim has

26    been made. (Cmplnt. ¶ 27.)

27

28    [2] 29 U.S.C. § 1002(1); *see Credit Managers Ass'n v. Kennesaw Life & Acc. Ins. Co.*, 809 F.2d 617,
      625 (9th Cir. 1987)(an employer can establish an employee benefit program merely by purchasing

1

**(2)   Plaintiff's Status as an Independent Contractor is Irrelevant Under Established Law And Does Not Prevent the Application of ERISA**

2

3       Plaintiff argues that his status as an independent contractor agent precludes the application

4  of ERISA to any group policy issued to him. However, the law is clear that ERISA governs an

5  "employee benefit plan" that provides coverage to *both* employees and independent contractors:

6       If the plan covers one or more employees other than the business owner and his or her spouse,
        the working owner may participate on equal terms with other plan participants. Such a
7       working owner in common with other employees, qualifies for the protections ERISA affords
        plan participants and is governed by the rights and remedies ERISA specifies.

8

9  *Yates v. Hendon*, 541 U.S. 1, 6 (2004). The Department of Labor's (DOL) regulation defining an

10  "employee" for "employee benefit plans" confirms that *any* plan in which common law employees

11  participate is governed by ERISA. 29 C.F.R. 2510.3-3(b)("[a plan] under which one or more

12  common law employees,...are participants covered under the plan, will be covered under Title I...").

13  In fact, according to this regulation, only one common law employee is required for a plan to be

14  governed by ERISA. *Id.*

15       The LTD Group Plan provides coverage to NYL agents like Plaintiff, who are independent

16  contractors. It also provides coverage to agents in training referred to as "TAS Agents," who are

17  treated as employees of NYL, receiving a training allowance that functions as a salary (payable

18  regularly regardless of the number of policies sold). (Hynes Decl. ¶ 19.) The Agent's Contract and

19  the "Training Allowance Subsidy Plan Agreement" ("TAS Agreement") expressly state that TAS

20  Agents are "employee[s] of [NYL] subject to its direction and control" and that such agents become

21  independent contractors only after the termination of the training period. (*Id.* ¶¶ 20-21; Ex. D.) In

22  2004, at the time Plaintiff made his claim under the LTD Group Plan, there were 191 eligible TAS

23  Agents, who are common-law employees, enrolled in the Agents Group Plan and who elected long

24  term disability coverage. (Rodriguez Decl. ¶ 6.) In 2005, when Plaintiff's Agents Group Plan

25  claim was denied, 170 TAS Agents were qualified for and elected long term disability coverage

26

27

28  insurance for its employees).

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1 under the Agents Group Plan. (*Id.*) Only one common law employee is required for ERISA to
2 govern, and the participation of independent contractors does not prevent ERISA's application.

3 Plaintiff cites *Barnhart v. New York Life Ins. Co.*, 141 F.3d 1310 (9th Cir. 1998), for the
4 proposition that the Ninth Circuit has already decided that plans relating to independent contractors
5 are not governed by ERISA. (Remand 21:19-20.) This statement misstates the holding in
6 *Barnhart*, its applicability and ignores the correct legal analysis provided above. First, *Barnhart* is
7 factually distinguishable because no welfare benefit plan or group insurance policy was at issue. In
8 *Barnhart*, a NYL agent sued for wrongful termination and made a claim under certain provisions of
9 ERISA; he did not sue for any benefits under a plan or long term disability policy. Second, the
10 *Barnhart* court did not evaluate whether a particular plan or policy was an "employee benefit plan"
11 under ERISA or whether the plan or policy provide coverage to a mixed group of employees and
12 independent contractors – which is the case here. *Barnhart* has never been applied by courts in
13 cases involving a group long term disability plan or policy.

14 Removal was proper on federal question jurisdiction alone. The allegations of Plaintiff's
15 Complaint and evidence regarding the Group LTD Policy establish that Plaintiff was denied
16 benefits under an "employee benefit plan" and sued, at least in part, based on this denial.
17 Defendants have the absolute right to adjudication of the ERISA claim in federal court.

18 **C. Plaintiff Waived All Procedural Objections to the Commissioner's Nonjoinder in the Removal By Filing a Tardy Remand**
19

20 Plaintiff argues in his remand motion that Defendants' Notice of Removal is procedurally
21 defective due to the Commissioner's nonjoinder in the removal. (Remand 24:18-21.) Although
22 Defendants vigorously contest this contention, the Court should not even address the merits of this
23 argument because Plaintiff has waived it. A motion to remand for a procedural defect must be
24 made within 30 days after the filing of the removal notice. 28 U.S.C. § 1447(c). No Federal Rule
25 of Civil Procedure extends this deadline because § 1447(c) establishes the deadline **from the date**
26 **of the filing**, not of service or receipt of the removal notice. Failure to join all defendants in the
27 removal is a procedural defect and failure to timely raise that objection waives it, preventing
28 remand on that basis. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69

-11-

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

UNUM AND NEW YORK LIFE'S OPPOSITION TO MOTION TO REMAND
CASE NO.: C07-4088 PJH

1    F.3d 1034, 1038 (9th Cir. 1995)("a district court lacks power to issue a remand order in violation of

2    § 1447(c)"); *Manilar v. FDIC*, 979 F.2d 782, 786 (9th Cir. 1992)(failure to remand within 30 days

3    deprives a district court of power to order remand on grounds of a procedural defect).

4        Defendants' Notice of Removal was filed on August 8, 2007.  The 30-day deadline for

5    Plaintiff's remand was therefore September 7, 2007.  Plaintiff did not file his motion until

6    September 11, 2007, four days after the deadline, thereby waiving his objections regarding the

7    Commissioner's nonjoinder and eliminating the district court's authority to remand on this basis.

8        As established above, Plaintiff's Complaint alleges a claim on a plan governed by ERISA

9    federal question jurisdiction, and Plaintiff's failure to timely remand waived objections to any

10   purported procedural defect in removal.  Although Plaintiff's remand motion must fail on this basis

11   alone, Plaintiff's assertion that the Commissioner was properly joined as a party is also incorrect.

12       **D.    Even if the Issue Could Properly Considered on the Merits, Citizenship of the**
         **Commissioner Must Be Ignored Because He Is a Sham Defendant Against**
13       **Whom Plaintiff Cannot State a Valid Claim**

14       Defendants alleged the diverse citizenship of the parties in its Notice of Removal.  (Removal

15   1:10-20.)  These allegations in the Notice of Removal are sufficient to establish diversity and no

16   further proof is necessary.  *See Wright v. Cont'l Cas. Co.*, 456 F. Supp. 1075, 1077 (MD. Fla.

17   1978).  It is undisputed that without the Commissioner, there is complete diversity of citizenship for

18   federal court jurisdiction.  Plaintiff does not make any claim that the amount in controversy

19   requirement is not met as alleged in Defendants' removal.  (Removal 1:20-21.)  Consequently, the

20   sole issue with respect to removal on diversity jurisdiction grounds is whether the Commissioner

21   was a "sham defendant," such that his California citizenship should be ignored.

22       **E.    The Commissioner Was Fraudulently Joined**

23       In his Complaint, Plaintiff asserts claims for mandamus and declaratory relief against the

24   Commissioner for allegedly approving disability policies that failed to meet Department regulations

25   and for allegedly failing to enforce the California Settlement Agreement ("CSA") which provides

26   for the reassessment of claims under policies issued by subsidiaries of Unum only.  (Cmplnt. ¶¶

27   82-106.)

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

-12-
UNUM AND NEW YORK LIFE'S OPPOSITION TO MOTION TO REMAND
CASE NO.: C07-4088 PJH

1         These claims for relief fail because: (1) Plaintiff has failed to meet the statutory

2 requirements for a mandamus action, which, in any event, is not available to compel an official's

3 discretionary act; (2) declaratory relief is not available because no colorable controversy exists;

4 (3) Plaintiff does not have standing to pursue a claim against the Commissioner for violation of the

5 CSA and the reassessment program; (4) there is no basis for any claim for relief as to administration

6 agreement no. 573602 and the Nylic Contract; and (5) Plaintiff's claims are time-barred.

7           **(1)**     **A Writ of Mandamus Cannot Compel an Official's Discretionary Acts**

8         A writ of mandamus may be issued "to compel the performance of an act which the law

9 specially enjoins, as a duty resulting from an office ... or to compel the admission of a party to the

10 use and enjoyment of a right ... to which the party is entitled, and from which the party is

11 unlawfully precluded by such inferior tribunal, corporation, board, or person." Cal. Code Civ. Proc.

12 § 1085. There are two requirements for mandamus relief: (1) clear, present and usually ministerial

13 duty upon the part of the respondent...; and (2) clear, present and beneficial right in the petitioner to

14 the performance of that duty. *See Younger v. Cty. of El Dorado*, 5 Cal. 3d 480, 491 (1971).

15         Traditional mandamus "generally will lie only to compel the public official's performance

16 of a duty which is purely ministerial in nature." *Young v. Gannon*, 97 Cal. App. 4th 209, 221

17 (2002). Where the public official is required by law to exercise his discretion, rather than perform a

18 ministerial duty, mandamus will only lie to compel the exercise of his discretion under the proper

19 interpretation of the law. *Id.* That is, mandamus will lie to correct an abuse of discretion, but to do

20 so, petitioner "must show that the public official or agency invested with discretion acted arbitrarily,

21 capriciously, fraudulently, or without due regard for his rights, and that the action prejudiced him."

22 *Cal. Teachers Ass'n v. Ingwerson*, 46 Cal. App. 4th 860, 867 (1996). Nevertheless, "[m]andamus

23 will not lie to control an exercise of discretion, i.e., to compel an official to exercise discretion in a

24 particular manner." *Common Cause v. Bd. of Supervisors*, 49 Cal. 3d 432, 442 (1989).

25           **(2)**     **The Commissioner's Duty to Enforce the Insurance Code is**
                  **Discretionary, Not Mandatory**

26

27         The Commissioner has a discretionary duty, not a mandatory duty, to enforce Insurance

28 Code § 790.03(h) against the insurer defendants. Plaintiff wrongly alleges that § 12926 imposed

1 upon the Commissioner a mandatory duty to stop the insurer defendants' alleged violations of

2 § 790.03(h). (Cmplnt. ¶¶ 84, 89.) However, the Commissioner's decision to determine what

3 constitutes a prohibited act, and whether to take action, is discretionary according to statute.

4 Section 790.03 defines certain prohibited acts by insurers. Section 790.035 states that a person who

5 engages in the prohibited acts as defined in § 790.03 is liable to the state for a penalty to be fixed by

6 the Commissioner. Importantly, § 790.035 makes explicitly clear that the "Commissioner shall

7 have the discretion to establish what constitutes an act." (Ins. Code § 790.035). Moreover, while §

8 790.04 gives the Commissioner the power to examine and investigate insurers, § 790.05 gives the

9 Commissioner the discretion to determine whether such an investigation is appropriate:

10 whenever the Commissioner shall have reason to believe that a person has been engaged or
is engaging in this state in any unfair method of competition or any unfair or deceptive     act
11 or practice defined in Section 790.03, and that a proceeding by the Commission in respect
thereto would be in the interest of the public, he or she shall issue and serve upon that
12 person an order to show cause ..."

13 Ins. Code § 790.05. Section 12926, which states the Commissioner shall require from every insurer

14 full compliance with the provisions of the Insurance Code, does not override the specific statutory

15 language contained in §§ 790.035 and 790.05, which give the Commissioner discretion to

16 investigate. Indeed, the provisions of the Insurance Code which the Commissioner should enforce,

17 according to § 12926, explicitly give the Commissioner discretion to enforce § 790.03 *et seq.*

18    *Women Organized for Employment v. Stein*, 114 Cal. App. 3d 133 (1980), is instructive

19 here. *Stein* involved a similar claim as that raised here, that the Commissioner should be compelled

20 to perform his "duties" with respect to Insurance Code § 790.03. The trial court sustained

21 respondent's demurrer, without leave to amend, and the Court of Appeal affirmed, explaining "the

22 'duties' are ... defined in the broadest of terms, and the Legislature has not specified any procedures

23 to be employed in their performance. The Legislature's silence as to method necessarily imports

24 that each of these officers is invested with discretion in selection and taking administrative action

25 pursuant to the statutes reaching him." *Women Organized for Employment*, 114 Cal. App. 3d at

26 139. The Commissioner's duty in this regard is therefore discretionary, and not subject to review.

27    Just as it is wholly within the discretion of a district attorney to determine whether to

28 prosecute, any decision by the Commissioner as to when and how to perform his duties, and

-14-

BARGER & WOLEN LLP
660 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

UNUM AND NEW YORK LIFE'S OPPOSITION TO MOTION TO REMAND
CASE NO.: C07-4088 PJH

1   whether to take further action against the insurer defendants, is purely within his discretion, and
2   mandamus will not lie to disturb the manner in which he exercises that discretion. *See Painting &*
3   *Drywall Work Pres. Fund v. Aubry*, 206 Cal. App. 3d 682, 687 (1988)(Labor Commissioner cannot
4   be compelled through a mandamus action to investigate complaints); *Fox v. Cty. of Fresno*, 170 Cal.
5   App. 3d 1238, 1244 (1985) (duty under the Health & Safety Code to abate a nuisance could not be
6   read to compel a public agency to act in any particular case); *Cal. v. Sup. Court*, 12 Cal. 3d 327,
7   347-48 (1974) (mandamus review of an official's discretionary decision is not proper).

8               **(3)    Plaintiff Has an Adequate Remedy at Law**

9         Plaintiff must further demonstrate that there is no other adequate remedy at law. Cal. Code
10  Civ. Proc. § 1086; *Omaha Indem. Co. v. Sup. Ct.,* 209 Cal. App. 3d 1266, 1274-75 (1989). Here,
11  there unquestionably is an adequate remedy. First, Plaintiff may make a complaint with the DOI
12  and request administrative action. The Commissioner and the DOI may issue directives pertaining
13  to any terms Plaintiff contends are ambiguous. Plaintiff, an insurance professional (Ferry Decl. ¶¶
14  4-6), never complained to the DOI about any allegedly ambiguous policy terms. Second, Insurance
15  Code § 10390 provides that to the extent that any policy provisions *are* at variance with the Code,
16  the Code will prevail. A writ is not necessary to compel compliance and thus Plaintiff's writ
17  amounts to an impermissible injunction to obey the law. Fed. R. Civ. Proc. 65(d); Cal. Code Civ.
18  Proc. § 525; *Cal. Satellite Sys., Inc. v. Nichols*, 170 Cal. App. 3d 56, 71 (1985). Third, Plaintiff's
19  remedy is this action. He contends Defendants have misinterpreted his policies and he undoubtedly
20  will ask the Court to interpret their terms in light of California law. A writ is not necessary to
21  accomplish this objective, nor is the presence of the Commissioner.

22              **(4)    Plaintiff Cannot Show Irreparable Harm**

23        Plaintiff fails to meet his burden of showing that he will suffer irreparable injury if a writ is
24  not issued. *Omaha Indem. Co.,* 209 Cal. App. 3d at 1274-75. Whether the Commissioner has
25  fulfilled his duties has no bearing on Plaintiff's claims. Plaintiff can pursue those claims against the
26  insurer defendants and seek a judicial interpretation to determine whether his alleged infirmities are
27  a disability under the policy and California law. A favorable result would provide the relief he
28  seeks; a writ is absolutely unnecessary to achieve this goal.

BARGER & WOLEN LLP
680 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1    **(5)    Plaintiff's Authority Does Not Support His Position**

2    Plaintiff's complaint does not seek revocation of any purported approval of the policy.

3    However, Plaintiff argues in his remand motion that three cases hold that a cause of action for

4    revocation exists: *Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404 (9th Cir. 1996), *Van Ness v.*

5    *Blue Cross of Cal.*, 87 Cal. App. 4th 364 (2001) and *Brazina v. Paul Revere Life Ins. Co. et al.*, 271

6    F. Supp. 2d 1163 (N.D. Cal. 2003). As shown below, these cases are inapposite.

7    In *Peterson,* the insured sued for reimbursement of the cost of coronary bypass surgery. The

8    Commissioner was not a party to the action. The court found nothing in the Insurance Code that

9    mandated coverage for coronary bypass surgery (*Peterson,* 48 F.3d at 410) but, in passing,

10    incorrectly speculated in dicta. However, Title 10 CCR § 2196.4, which the court cited as authority,

11    has nothing to do with disability insurance policies; it only applies to *property and casualty*

12    *advisory organization policy and bond forms.* Further, the court relied on Insurance Code §§

13    1855.1 through 1855.5 which expressly do not apply to disability insurance. Disability policy

14    approval may only be withdrawn prospectively, not retroactively. Insurance Code § 10291.5(f),

15    provides that the Commissioner may withdraw approval, but only after written notice to the insurer,

16    for the reasons that the Commissioner may find to deny the policy approval in the first place, and

17    importantly, only prospectively and not retroactively.

18    Second, the court in *Peterson* erred in its dicta when it stated that an insured may seek a writ

19    requiring the Commissioner to revoke his approval, an action the Commissioner is not authorized to

20    perform. The Commissioner's approval of disability insurance policy forms is conducted in the

21    absence of a hearing, and thus is not open to mandamus pursuant to CCP § 1094.5. Section 1094.5

22    is applicable only when a hearing and the taking of evidence among other things are required. *See*

23    *Keeler v. Sup. Ct.*, 46 Cal. 2d 596, 599 (1956). CCP § 1085 provides the grounds for mandamus,

24    but it cannot be used to compel the performance of a specific act by a public official. *See Cal. v.*

25    *Sup. Ct.*, 12 Cal. 3d at 247. Equally inapplicable is the opinion in *Van Ness,* a class action suit to

26    which the Commissioner was not a party. The court held that the terms of the policy were not

27    ambiguous and mentioned in dicta that the Commissioner had approved the policy, and incorrectly

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

-16-
UNUM AND NEW YORK LIFE'S OPPOSITION TO MOTION TO REMAND
CASE NO.: C07-4088 PJH

1  surmised, citing *Peterson* and the same incorrect authority (10 CCR § 2196.4), that the

2  Commissioner could revoke approval for good cause. *Van Ness,* 87 Cal. App. 4th at 371-372.

3  Finally, the Court's opinion in *Brazina,* is also inapplicable. The Court noted the inaccuracy

4  of the *Peterson* dicta, but then erred in finding that § 1085 provided for review. The Court wrongly

5  stated that Brazina had no plain speedy and adequate remedy, despite acknowledging that plaintiff

6  could adjudicate his claim against defendants directly, and incorrectly found that the Commissioner

7  could be compelled to exercise his discretion. *Brazina*, 271 F. Supp. 2d at 1169. The District

8  Court's opinion is plainly incorrect, and should not serve as a basis for this Court's decision.

9           **(6)    Plaintiff Cannot Pursue his Claims for Declaratory Relief Because the
                    Relief Requested Is Unavailable and there is No Actual Controversy**

10

11  The right to declaratory relief is governed by CCP § 1060, which provides the statutory

12  authority for *a court* to issue a declaration where parties are involved in a controversy surrounding

13  the interpretation of a contract. But Plaintiff has requested a declaration *by the Commissioner*

14  concerning the effect of its approval of the policy forms and the CSA which is not authorized by §

15  1060; only the courts have this power. Plaintiff's requested relief is not legally available.

16  In rejecting plaintiff's declaratory relief action as a basis for remand, in *Borsuk v. Mass.*

17  *Mut. Life Ins. Co.*, 2003 U.S. Dist. LEXIS 25259, *12-13 (N.D. Cal. 2003), Judge Walker explained

18  that, by its terms, the statute does not permit as a form of declaratory relief, a declaration by a

19  defendant state agency as opposed to relief from the court:

20       What [plaintiff] seeks under the sixth cause of action is, in fact, mandamus relief by another
         name. 'Generally, a specific decision of an administrative agency can only be reviewed by a
21       petition for administrative mandamus.' (Citations omitted.) While it is true, as [plaintiff]
         argues, that a challenge to a broad agency policy or widespread practice may be mounted
22       through an action for declaratory relief, the declaration sought must issue from the court, not
         the allegedly offending agency. (Citations omitted.) If [plaintiff] seeks, by asserting this
23       cause of action, an order directing the commissioner to act in a certain manner or to make a
         certain pronouncement, the appropriate avenue for obtaining such relief, as discussed in
24       greater detail below, is through a writ of mandate. Declaratory relief of the kind requested is
         unavailable.
25

26  Moreover, § 1060 limits declaratory relief to situations where a party desires a declaration of

27  rights or duties with respect to another. In other words, there must be an actual controversy

28  between the parties. Yet, Plaintiff has not even alleged the existence of an actual dispute or

-17-

UNUM AND NEW YORK LIFE'S OPPOSITION TO MOTION TO REMAND
CASE NO.: C07-4088 PJH

1  controversy between him and the Commissioner with respect to a written instrument. Cal. Code
2  Civ. Proc. § 1060. Plaintiff omitted these key allegations because, in reality, he is not seeking a
3  declaration of his rights or duties under a contract, but is seeking a declaration *by the Commissioner*
4  as to the merits of his case. That ultimately will be an issue before the Court when it construes
5  Plaintiff's policy as it applies to *his* claim, a determination that will not involve the Commissioner.

### (7) **Plaintiff Cannot State a Claim for Relief Against the Commissioner Arising from the Reassessment Program and CSA**

8  A portion of Plaintiff's sixth and his seventh claim for relief demands that the Court issue
9  two orders declaring: (1) whether the Commissioner is required to compel Unum to follow
10 California law as aforesaid in the reassessment process; and (2) that the statutes of limitation are
11 tolled for Plaintiff while his claim was in the reassessment program. Plaintiff's sixth claim for relief
12 alleges that the Commissioner is not enforcing the CSA and that enforcement is mandatory.
13 However, the CSA is not a law which requires the performance of a duty, for which mandamus
14 review is available. Cal. Code Civ. Proc. § 1085. Rather, it is an agreement entered into by the
15 Commissioner in his exercise of discretionary duty to investigate and prosecute complaints. *Women*
16 *Organized for Employment*, 114 Cal. App 3d at 140. No mandatory duty stems from the
17 Commissioner's participation in the settlement.

### (a) **Plaintiff Voluntarily Withdrew from the CSA to Pursue This Litigation and Thus Has No Standing to Pursue These Claims**

20 Most damaging, Plaintiff does not even allege participation in the reassessment program; he
21 cannot, because he voluntarily withdrew from the program in order to pursue this litigation. After
22 "opting-in" only one of his eligible claims in the reassessment program, Plaintiff changed his mind
23 and expressly withdrew from participation. (Curtis Dec. ¶¶ 4-12; Ex A-H.) By withdrawing from
24 participation before its completion in favor of litigation, Plaintiff lost his purported status as a
25 beneficiary under the CSA and waived the right to and is estopped from suing to enforce anything
26 related to the CSA or the reassessment. Moreover, as he withdrew prior to the review of his claim -
27 he cannot have any complaints about the process. This means that he has no argument to make
28 regarding the Commissioner's alleged failure to enforce and monitor' the reassessment process.

-18-

BARGER & WOLEN LLP
660 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

UNUM AND NEW YORK LIFE'S OPPOSITION TO MOTION TO REMAND
CASE NO.: C07-4088 PJH

1 Nothing the Commissioner could do regarding reassessment could possibly impact Plaintiff in any
2 way. Not only does Plaintiff not have standing to pursue either the sixth or seventh claims for
3 relief, he has no substantive evidence or basis to pursue those claims.

**(b)    Plaintiff Is Not A Third-Party Beneficiary to the CSA**

5 Even if Plaintiff could plead around his withdrawal from reassessment he lacks standing to
6 pursue a declaratory relief because the CSA does not and cannot create a private right of action.
7 The CSA is a settlement agreement entered into between Unum Life Insurance Company of
8 America, Provident Life and Accident Insurance Company, Paul Revere Life Insurance Company
9 and the California Department of Insurance ("DOI"), only. NYL, which issued the individual
10 disability policies in dispute is not a party to the CSA. Policyholders and group participants are not
11 parties to it, and thus, cannot enforce its terms. *See Berclain Am. Latina v. Baan Co.*, 74 Cal. App.
12 4th 401,405 (1999)(claimants must have standing). In asserting a claim based upon a contract, a
13 party must generally be a signatory to the contract, or an intended third party beneficiary. *Id.* To
14 assert a third party beneficiary claim, a plaintiff must plead a contract which was made expressly for
15 his benefit and that he was clearly a beneficiary. *See Luis v. Orcutt Town Water Co.*, 204 Cal. App.
16 2d 433, 441-42 (1962). Incidental benefit from the performance is inadequate. *See Martinez v.*
17 *Socoma Cos, Inc.*, 11 Cal. 3d 394, 406 (1974). Benefit based on a literal interpretation of the
18 contract is similarly inadequate. *See Hess v. Ford Motor Co.*, 27 Cal. 4th 516, 524 (2002). To
19 determine whether the contract contemplates a benefit to a third party, the court must interpret the
20 contract in light of the surrounding circumstances. *See Garcia v. Truck Ins. Exch.*, 36 Cal. 3d 426,
21 437 (1984).

22 Plaintiff's reliance on *InfiNet Mktg. Svs., Inc. v. Am. Motorist Ins. Co.*, 150 Cal. App.4th 168
23 (2007), is unavailing. *InfiNet* holds unremarkably that an intended beneficiary of an insurance
24 *policy* may seek declaratory relief. Plaintiff states in his moving papers that he is a member of the
25 class of insureds intended to be protected by the reassessment program, yet he is not a member of
26 the "class" because he expressly and voluntarily withdrew from the program.

27 There is no language in the CSA which provides a claim for relief to private individuals.
28 Instead, the CSA contains a specific and detailed enforcement scheme by the DOI which includes

-19-

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

UNUM AND NEW YORK LIFE'S OPPOSITION TO MOTION TO REMAND
CASE NO.: C07-4088 PJH

1  severe penalties for non-compliance. (Cmplnt., Ex C, § VI C, I.) Furthermore, the CSA is a

2  contract between Unum and government regulators. Third party beneficiaries of a government

3  contract are generally assumed to be merely incidental beneficiaries, and may not enforce the

4  contract absent clear intent to the contrary. *See Beckett v. Air Line Pilots Ass'n*, 995 F.2d 280, 288

5  (D.C. Cir. 1993); Restatement (Second) of Contracts § 3113(2).

6      The CSA includes express, specific, and substantial monitoring, enforcement, and remedial

7  provisions that are available solely to the governmental entities which would not be necessary if

8  each and every claimant had a right to seek private enforcement. Furthermore, the fact that

9  enforcement lies in the purview of governmental regulators ensures consistency which the various

10  regulators clearly trying to accomplish. This purpose would never be accomplished if hundreds of

11  claimants were permitted individually to enforce the terms of the CSA.

12          **(8)**  **Plaintiff's Mandamus Claims Fail As to the Nylic Contract and**

13                **Administration Agreement No. 573602 Because These Contracts Are Not Insurance Policies Subject to the CSA**

14      Plaintiff cannot state a colorable claim against the Commissioner because the Nylic

15  Contract, a "policy" named in Plaintiff's Complaint and asserted on remand as being the *only* group

16  policy issued, is not even an "insurance policy" requiring regulatory approval. The Nylic Contract

17  does not meet the established requirements under California law for insurance. For a contract to be

18  an "insurance policy," two factors must be met:

19      (1) to what extent the specific transactions or the general line of business at issue

20  involve one or more of the evils at which the regulatory insurance statutes were aimed; and

21      (2) whether the elements of risk shifting and risk assumption were a central and

22  important part of the transaction or were merely incidental to other elements that gave the transaction its distinctive character.

23  *See Truta v. Avis Rent a Car Sys., Inc.*, 193 Cal. App. 3d 802, 812-13 (1987)(considering whether

24  rental car collision damage waiver purchased by a renter constituted "insurance"). The

25  determinative factor is whether the "principle object and purpose" of the transaction was primarily

26  for indemnification or merely providing a service. *Truta*, 193 Cal. App. 3d at 812-813. Neither

27  prong of the *Truta* test, let alone the "principle object and purpose" evaluation, is met such that the

28  Nylic Contract may be considered "insurance." The "principle object and purpose" of the Nylic

-20-

1 Contract is to address the agent's compensation, incentives and production requirements under
2 various circumstances. (*Id.* ¶ 5, 13.) This is apparent in the introductory paragraph of the Nylic
3 Contract itself, which does *not* indicate that it is an insurance policy but rather is "the name of the
4 contract under which an eligible Agent of the Company may...receive the benefits of that
5 membership." (*Id.*; Ex. A.)

6 Section 7(c) of the Nylic Contract explains the circumstances under which and the manner
7 in which a qualified agent may receive a "Physical Incapacity Benefit." (*Id.* ¶¶ 15-17.) This
8 provision itself does not insure the Plaintiff in case of "physical incapacity" or "total and permanent
9 disability." Rather, it explains what happens to the agent's compensation and production
10 requirements under two scenarios. (*Id.* ¶ 17.) First, if the agent is eligible for a "physical incapacity
11 benefit" but ineligible for Disability Retirement Income under the Nylic Retirement Plan, because
12 he is *not* "totally and permanently disabled," the Nylic Contract provides for a waiver of the agent's
13 production requirements and a continuation of his compensation according to certain guidelines. *Id.*
14 If the agent is eligible for a "physical incapacity benefit" and is also eligible for Disability
15 Retirement Income, the Nylic Contract provides that the agent's Disability Retirement Income may
16 be paid and the benefits under the Nylic Contract terminate. *Id.*

17 Plaintiff's allegations notwithstanding, "573602" is not an insurance policy. It is an
18 administration agreement between NYL and First Unum, which administered claims on behalf of
19 NYL for at least "physical incapacity benefit" claims pursuant to the Nylic Contract. (Rodriguez
20 Decl. ¶ 7.) Since the Nylic Contract and administration agreement no. 573602 are not "insurance
21 policies," NYL was not required to seek approval from the Commissioner of a policy form.
22 Consequently, Plaintiff has no colorable claim for mandamus with regards to these contracts.

23 **(9)** **Plaintiff's Claims Against the Commissioner Are Time-Barred**

24  **(a)** **Plaintiff's Claims Are Subject to a 3-Year Statute of Limitations**

25 Plaintiff's fifth and sixth claims for relief are governed by CCP § 1085 and the applicable
26 statute of limitations depends upon the nature of the obligation to be enforced. *Ragan v. City of*
27 *Hawthorne*, 212 Cal. App. 2d 1361, 1367 (1989). Here, the court initially must look to the
28 Insurance Code to determine whether it provides any statute of limitations in actions to review

-21-

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

1    determinations by the Commissioner. Insurance Code § 10291.5(h) provides that review of an

2    action by the Commissioner shall be reviewed in accordance with the Code of Civil Procedure. *See*

3    *Allen v. Humboldt Cty. Bd. of Supervisors*, 220 Cal. App. 2d 877, 882-85 (1963); *Aroney v. Cal.*

4    *Horse Racing Bd.*, 145 Cal. App. 3d 928 (1983). Because Plaintiff has asserted statutory rights

5    under the Insurance Code, the applicable statute of limitations period is three years for "[a]n action

6    upon a liability created by statute." Cal. Code Civ. Proc. § 338, subd. (a).

7                    **(b)    Plaintiff's Claims Accrued When He Was Allegedly Harmed**

8        With the statute of limitations established the next step in the analysis is to determine when

9    Plaintiff's claims accrued. Plaintiff argues that the accrual date should be when his claim was

10   denied by Defendants. However, that perspective presupposes that his mandamus claims are

11   directed at Defendants, yet the allegations are directed against the Commissioner, from whom a

12   remedy is sought. Simply put, it is not the actions of Defendants that trigger Plaintiff's claims

13   against the Commissioner, but rather, ***the acts or omissions of the Commissioner***. The timeliness

14   of Plaintiff's claims against the Commissioner does not depend on when Plaintiff was allegedly

15   harmed by Defendants, rather, on when (if ever) Plaintiff was harmed by the Commissioner.

16   Nothing else makes sense. Consequently, the accrual date must be triggered by something the

17   Commissioner did or did not do.

18       The only damage that Plaintiff can assert he suffered is receiving the policies that comply

19   with California law. Thus, his remedy is not measured by the damages of a claim denial (that

20   remedy is afforded Plaintiff in his claims against Defendants). If the Commissioner's approval of

21   the subject policy forms harmed Plaintiff, Plaintiff experienced harm when, in exchange for his

22   premiums, he received insurance policies that the Commissioner should not have approved.

23       Upon receipt of the policies Plaintiff had an opportunity and an obligation to read them to

24   confirm that they are what he had purchased before paying premiums. *See Malcolm v. Farmers*

25   *New World Life Ins. Co.*, 4 Cal. App. 4th 296, 304, n.6 (1992); *see also Hackethal v. Nat'l Cas. Co.*,

26   189 Cal. App. 3d 1102, 1108-11 (1987). Plaintiff's receipt of the policies therefore gave him

27   constructive notice that the Commissioner had approved of their terms, and his acceptance of the

28   policies without objection now precludes him from contending otherwise. *Aetna Cas. & Sur. Co. v.*

-22-

BARGER & WOLEN LLP
660 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

UNUM AND NEW YORK LIFE'S OPPOSITION TO MOTION TO REMAND
CASE NO.: C07-4088 PJH

1 *Richmond*, 76 Cal. App. 3d 645, 652 (1977). This is particularly so where the Plaintiff is an

2 insurance professional (i.e., a licensed insurance agent).

3       It therefore follows that, as of 1988 (the latest of the policies he alleges were issued to him;

4 (Cmplnt.; Ex. A), Plaintiff had both notice of facts sufficient to put a prudent person on inquiry

5 about the Commissioner's approval of the policies and the means for discovering those facts. *See*

6 *Sime v. Malouf*, 95 Cal. App. 2d 82 (1949). The judicial admissions in Plaintiff's Complaint

7 conclusively establish that his claims against the Commissioner accrued no later than 1988, that is,

8 19 years before he filed the Complaint in this action. *See, e.g., Am. Title Ins. Co. v. Lacelaw Corp.*,

9 861 F.2d 224 (9th Cir. 1988)(Factual assertions in pleadings and pretrial orders, unless amended,

10 are considered judicial admissions conclusively binding on the party who made them.). If

11 Plaintiff's position were accepted, there would never be a limit to mandamus since a claimant could

12 always name the Commissioner and contend he approved ambiguous terms no matter how far back

13 in time from the issuance of the policy.

14       In his moving papers, Plaintiff relies heavily on a ruling by Judge Jenkins in *Sullivan v.*

15 *Unum Life Ins. Co. of America*, 2004 U.S. Dist. LEXIS 7010 (N.D. Cal. 2004). The better reasoned

16 opinion was issued by Judge Walker in *Borsuk v. Massachusetts Mutual Life Ins. Company, et al.*,

17 2003 U.S. Dist. LEXIS 25259 (N.D. Cal. 2003), and it is to this case that the Court should look for

18 guidance. In *Borsuk*, Judge Walker analyzed CCP § 338 and determined that the three year statute

19 of limitations applied. Judge Walker concluded:

20     Borsuk was on notice of the terms of the second issued policy no later than 1992, the
date he agreed to the terms of the policy. This action was commenced ten years after

21     that date and (presumably) more than ten years after the policy form at issue was
approved. The complaint provides no support for any conclusion other than that

22     Borsuk's claims against the commissioner are time-barred.

23     If [i]t is pellucid that by the time the complaint in question was filed...the statute of
limitations had long since run, time-barred claims against an in-state defendant

24     cannot be asserted to defeat diversity. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313,
1320 (9th Cir. 1998). Borsuk has asserted only time-barred claims against the

25     commissioner for mandamus relief. Because relief on those claims, even if those
claims are valid, is no longer available based on the applicable statute of limitations,

26     Borsuk has failed to assert claims against the commissioner on which relief may be
granted. Accordingly, the court must conclude that the commissioner has been

27     named in this action as a sham defendant.

28 (*Borsuk* order at pp. 17-18.)

-23-

1      The *Sullivan* order is predicated entirely on the finding that "[i]t seems unfair to hold
2   categorically that Plaintiff had notice of the way defendants would administer the policy"
3   before benefits were denied. *Sullivan, supra* at 11. But the issue is not how Defendants
4   administered the policy, it is whether the policies should have been approved by the
5   Commissioner. Plaintiff also cites to Judge Illston's finding in *Maiolino v. UnumProvident*
6   *Corp.*, 2004 U.S. Dist. LEXIS 7556 (N.D. Cal. 2004), that the authority presented did not
7   definitively establish an accrual date for the statue of limitations. While there is obviously a
8   split in the Northern District on this point, Defendants submit that neither *Sullivan* nor
9   *Maiolino* considered the basic fact that a writ of mandate directed to the Commissioner must
10  address the actions taken by the Commissioner, and not by a third party. To extend the
11  statute of limitations (or its accrual date) to encompass actions by a third party is prejudicial,
12  and to use the language of *Sullivan*, is unfair, to the Commissioner.

13  **F.     Any Potential Remand Should Extend Only to Plaintiff's Transactionally
         Separate Claims Against the Commissioner**
14

15     If the Court were to ignore Plaintiff's waiver of objections to procedural defects, and find
16  the Commissioner is not a sham defendant, the ERISA claim cannot be remanded, and remand of
17  only Plaintiff's claims against the Commissioner would be appropriate. *See Wis. Dept. of Corr. v.*
18  *Schacht*, 524 U.S. 381, 392 (1998)(remand of claims barred by the Eleventh Amendment "does not
19  destroy removal jurisdiction over the remaining claims in the case" and the district court may retain
20  jurisdiction to hear non-barred claims). In *Lee v. American National Insurance Company*, 260 F.3d
21  997, 1002 (9th Cir. 2001), the Ninth Circuit concluded that a district court may hear non-barred
22  claims and cannot "remand a case in its entirely where there is subject matter jurisdiction over some
23  portion of it." A properly removed case may "be split up when it is subsequently determined that
24  some claims cannot be adjudicated in federal court"; the preference for judicial economy does not
25  "override the language of § 1447(c) proscribing a remand of the entire case when there is subject
26  matter jurisdiction over some of it." *Lee*, 260 F.3d at 1007.

27     Plaintiff's first, second, third and fourth claims for relief against Unum and NYL arise out of
28  and are transactionally related to the ERISA policy alleged in Plaintiff's Complaint (¶ 27). These

-24-

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

UNUM AND NEW YORK LIFE'S OPPOSITION TO MOTION TO REMAND
CASE NO.: C07-4088 PJH

1  claims pertain to a specific individual, decisions to terminate disability benefit payments to Plaintiff.
2  The allegations against the Commissioner allege that the Commissioner did not act in accordance
3  with insurance statutes when the DOI approved of the policies twenty years ago. There is no nexus
4  between Plaintiff's disability claim and the claims against the Commissioner. There is even less of
5  a nexus with the reassessment claim because Plaintiff withdrew from that program. Consequently,
6  this Court should retain jurisdiction over these claims and remand only the claims for relief asserted
7  against the Commissioner, which are transactionally unrelated to the disability claim issues.

8                                    5.   **CONCLUSION**

9      Because Plaintiff's Complaint asserts claims related to a plan governed by ERISA,
10  Plaintiff's Motion for Remand must be denied and this Court should retain jurisdiction over this
11  Action. In the alternative, should the Court decide that Plaintiff has colorable claims against the
12  Commissioner, this Court should remand all but the claims on the ERISA plan and any
13  transactionally related claims against Defendants.

14  Dated: November 7, 2007                      BARGER & WOLEN LLP

15

16                                               By: /s/ J. Russell Stedman
                                                 J. RUSSELL STEDMAN
17                                               JENNIFER N. LEE
                                                 Attorneys for Defendant NEW YORK
18                                               LIFE INSURANCE COMPANY only

19

20  Dated: November 7, 2007                      KELLY, HERLIHY & KLEIN LLP

21

22                                               By:/s/ John C. Ferry
                                                 THOMAS M. HERLIHY
23                                               JOHN C. FERRY
                                                 Attorneys for Defendants UNUM
24                                               GROUP (formerly known as
                                                 UNUMPROVIDENT CORPORATION),
25                                               FIRST UNUM LIFE INSURANCE
                                                 COMPANY (erroneously sued as UNUM
26                                               CORPORATION) and NEW YORK
                                                 LIFE INSURANCE COMPANY
27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800