Ray Bourhis, Esq. SBN 53196
Lawrence Mann, Esq. SBN 83698
Bennett M. Cohen, Esq. SBN 90865
**BOURHIS & MANN**
1050 Battery Street
San Francisco, CA 94111
Tel: (415) 392-4660; Fax: (415) 421-0259

Attorneys for Plaintiff LYLE HUGHES

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYLE HUGHES,<br><br>        Plaintiff,<br><br>  v.<br><br>UNUMPROVIDENT CORPORAITON; UNUM CORPORATION, NEW YORK LIFE INSURANCE COMPANY, THE COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE and DOES 1 through 20, inclusive<br><br>        Defendants. | ) Case No.: C 07-4088 PJH **(E-FILING)**<br>)<br>) PLAINTIFF LYLE HUGHES' REPLY<br>) BRIEF RE REMAND BACK TO STATE<br>) COURT AND REQUEST FOR COSTS<br>) AND FEES (28 U.S.C. § 1447(c))<br>)<br>) [Filed concurrently with Declaration of<br>) Bennett M. Cohen and Mary M. Martin;<br>) Request for Judicial Notice]<br>)<br>) DATE:  Wednesday, November 28, 2007<br>) TIME:  9:00 A.M.<br>) DEPT:  Courtroom 3, 17th Floor<br>)<br>) TRIAL DATE:  Not Yet Set |

## TABLE OF CONTENTS

Page(s)

I.    LEGAL ARGUMENT ............................................................................ 1

    A.    DEFENDANT INSURER CONCEDES THAT TWO OF PLAINTIFF'S DISABILITY POLICIES ARE NOT GOVERNED BY ERISA, THE ONLY ISSUE WITH RESPSECT TO THESE POLICIES IS WHETHER DEFENDANT INSURER HAS MET ITS HEAVY BURDEN TO ESAHBLISH THAT IT IS "OBVIOUS" UNDER STATE LAW THAT PLAINTIFF CANNOT MAINTAIN AN ACTION FOR A WRITE OF MANDATE AGAINST THE COMMISSIONER ............................................................................ 1

    B.    DEFENDANT INSURER CAN NO LONGER LOGICALLY RELY ON *BORSUK V. MASSACHUSETTS MUTUAL INSURANCE COMPANY* TO CONTEND THAT THE STATUTE OF LIMITATIONS HAS RUN ON PLAINTIFF'S CAUSES OF ACTION AGAINST THE COMMISSIONER AS THE DISTRICT COURT WHICH ISSSUED IT, IN ESSENCE, HAS REPUDIATED IT ............................................................................ 1

        a)    Judge Walker Held That A Plaintiff In An Indistinguishable Case Can State A Viable Cause Of Action Against The Commissioner Under California Law ................................................ 2

        b)    Judge Walker Expressly Finds That The Statute of Limitations Does Not Begin To Run Against The Commissioner Until Plaintiff's Claim Is Denied – Thereby Rejecting Defendant Insurer's Argument That The Statute Begins To Run When Plaintiff Purchases A Defective Policy ............................................ 2

    C.    DEFENDANT INSURER MISCHARACTERIZES THE FUNCTION AND EFFECT OF A WRIT OF MANDATE WITH RESPECT TO A PUBLIC OFFICIAL WHO EITHER ABUSES HIS DISCRETION OR HAS FAILED TO EXERCISE HIS DISCRETION ........................ 4

    D.    DEFENDANT INSURER MISCHARACTERIZES THE FACTS AND HOLDING IN *WOMEN ORGANIZED FOR EMPLOYMENT V. STEIN* AS TO WHETHER AN INSURED CAN STATE A CAUSE OF ACTIN FOR MANDAMUS AGAINST THE COMMISSIONER WITH RESPECT TO HIS FAILURE TO DISCHARGE HIS MANDATORY DUTY UNDER CALIFORNIA INSURANCE CODE SECTION 790.03 ........................................................................ 6

    E.    PLAINTIFF NEED NOT DEMONSTRATE "IRREPARABLE HARM" IN ORDER TO SEEK AND OBTAIN A WRIT OF MANDATE ............................................................................ 7

    F.    AS THE COMMISSIONER IS NOT A "CITIZEN' OF ANY STATE, HIS PRESENCE IN THIS ACTION NECESSARILY DESTROYS DIVERSITY OF CITIZENSHIP ................................... 7

i

# TABLE OF CONTENTS

Page(s)

G.   AS THE 11TH AMENDMENT BARS THE ADJUDICATION OF PLAINTIFF'S CLAIMS AGAINST THE COMMISSIONER IN FEDERAL COURT ................................................................. 9

H.   AS THE 11TH AMENDMENT BARS THE ADJUDICATION OF PLAINTIFF'S CLAIMS AGAINST THE COMMISIONE RIN FEDERAL COURT, THE COURT CANNOT EXERCISE P ENDANT OR ANCILLARY JURISDICTION OVER THESE CLAIMS ................................................................. 10

I.   EVEN IF PLAINTIFF'S CLAIMS AGAINST THE COMMISSIONER WERE NOT BARRED FROM ADJUDICATION IN THE FEDERAL COURTS UNDER THE 11TH AMENDMENT, SUPPLEMENTAL JURISDICTION OVER THESE CLAIMS WOULD NOT BE APPROPRIATE ................................... 10

J.   PLAINTIFF'S MOTION TO REMAND WAS TIMELY FILED TO CHALLENGE PROCEDURAL DEFECTS IN DEFENDANT INSURER'S NOTICE OF REMOVAL AS FEDERAL RULE OF PROCEDURE 6(e) EXTENDS THE TIME FOR BRINGING THIS MOTION BY THREE DAYS WHEN A NOTICE OF REMOVAL IS SERVED BY MAIL OR ELECTRONICALLY ................................... 12

K.   EVEN ASSUMING THAT PLAINTIFF'S MOTION TO REMAND TO CHALLENGE PROCEDURAL DEFECTS WAS NOT TIMELY FILED, PLAINTIFF'S CHALLENGE TO DIVERSITY JURISDICTION BASED ON THE MERITS IS INDISPUTABLY PROPERLY BEFORE THE COURT ................................... 13

L.   DEFENDANT INSURER FAILS TO ESTABLISH THAT EITHER THE PURPORTED NYL AGENTS GROUP PLAN OR THE NYLIC PLAN ARE ERISA PLANS ................................... 13

M.   THE NYLIC CONTRACT IS AN INSURANCE CONTRACT .......... 15

II.   CONCLUSION .................................................... 15

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

Barnhart v. New York Life Ins. Co., 141 F.3d 1310 (9th Cir. 1998) ............................ 13,14

Batton v. Ga. Gulf, 261 F. Supp.2d 575 (M.D. La. 2003) .............................................. 8

Borsuk v. Massachusetts Mutual Insurance Company, 2003 U.S. Dist. Lexis

25259, *25 (N.D. Cal. 2003)………………………………………………… 1,3

Brazina v. Paul Revere Life Ins. Co., 271 F.Supp.2d 1163

(N.D. Cal. Cal. 2003)……………………………………………….. 7

Cardenas v. Anzai, 311 F.3d 929 (9th Cir. 2002)......................................................... 9

County of Oneida v. Oneida Indian Nation, 470 U.S. 226 (1985) ............................... 10

Hangarter v. Paul Revere Life Ins. Co., 2006 U.S. Dist. LEXIS 5295……………… 7

Maniar v. Federal Deposit Ins. Corp., 979 F.2d 782 (9th Cir. 1992)........................... 13

Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318 (S.Ct. 1344 (1992)....................... 14

Natural Resources Defense Council v. California DOT, 96 F.3d 420 (9th Cir. 1996).. 9

N.J. Dep't of Envtl. Prot. V. Exxon Mobil Corp., 381 F. Supp.3d 398 (2005, NC

NJ) ............................................................................................................... 12

Potal Telegraph Cable Co. v. State of Alabama 155 U.S. 482 (S.Ct 192 1894)........... 8

Read v. National Equity Life Ins. Co. 114 F. 2d 977 (10th Cir. 1944).......................... 9

Trs. Of the Constr. Indus. & Laborers Health & Welfare v. Desert Valley

Landscape & Maint. Inc., 333 F. 3d 923 (9th

Cir.…………………………………………………………………….. 11

Wilkerson v. Missouri Department of Mental Health., 279 F. Supp.2d (E.D. Mo.

2003) ............................................................................................................ 8

Yates v. Hendon, 541 U.S. 1 (2004) ............................................................................ 13

**STATE CASES**

Ballard v. Anderson, (1971) 4 Cal.3d 863, 885)........................................................... 5

Common Cause of Cal. V. Bd. Of Supervisors, (1989) 49 Cal. 3d 432. ..................... 4,5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

iii

CASE NO.: C-07-4088 PJH

PLAINTIFF LYLE HUGHES' REPLY BRIEF RE REMAND BACK TO STATE COURT AND REQUESTS FOR COSTS AND FEES (28 U.S.C. SECTION 1447(c))

## TABLE OF AUTHORITIES

Page(s)

Hollman v. Warren, (1948) 32 Cal.2d 351, 355 ........................................................ 5

Knoff v. City & County of San Francisco, (1969) 1 Cal.App. 3d 184, 197)................. 5

Metropolitan Life Ins. Co. v. State Bd. Of Equalization, (1982) 32 cal. 3d 649 ......... 15

Newland v. Kizer, (1989) 209 Cal.App. 3d 647 ...................................................... 5

Omaha Indemnity Company v. Superior Court, (1989) 209 Cal.App.3rd 1274........... 7

Sklar v. Franchise Tax Board, (1986) 185 Cal. App.3d 616, 622 ............................. 5

Truta v. Avis Rent A Car Sys., 193 Cal.App. 3d 802................................................. 15

Van Ness v. Blue Cross of Cal., (2001) 87 Cal.App.4th 364 ...................................... 7

Women Organized for Employment v. Stein, (1980) 114 Cal.App.3rd 13 ................... 6

### STATUTES

California Insurance Code
  §22               ....................................................................................  15
  §790.03.............................................................................................. 6,7
  §10291.5(h)   .........................................................................  8
  §12926        ..........................................................................................  6

Federal Rule of Civil Procedure
  §6(e)   ...............................................................................................  13

28 United States Code
  §1332 .................................................................................  7
  §1367 .................................................................................  10

### OTHER

Schwarzer, Federal Civil Procedure Before Trial
  §2:247   ..........................................................................................  8

CASE NO.: C-07-4088 PJH
**PLAINTIFF LYLE HUGHES' REPLY BRIEF RE REMAND BACK TO STATE COURT AND REQUESTS FOR COSTS AND FEES (28 U.S.C. SECTION 1447(c))**

1    Plaintiff Lyle Hughes ("Plaintiff") respectfully replies to the papers filed by Defendants

2  Unumprovident Corporation; Unum Corporation, New York Life Insurance Company (referred to

3  collectively as "Defendant Insurer") in opposition to Plaintiff's remand of this case to state court.

4                                    **I. LEGAL ARGUMENT**

5    **A. AS DEFENDANT INSURER CONCEDES THAT TWO OF PLAINTIFF'S**
     **DISABILITY POLICIES ARE NOT GOVERNED BY ERISA, THE ONLY**
6    **ISSUE WITH RESPECT TO THESE POLICIES IS WHETHER**
     **DEFENDANT INSURER HAS MET ITS HEAVY BURDEN TO ESTABLISH**
7    **THAT IT IS "OBVIOUS" UNDER STATE LAW THAT PLAINTIFF**
     **CANNOT MAINTAIN ANY CAUSE OF ACTION AGAINST THE**
8    **COMMISSIONER**
9

10    In its opposition papers, Defendant Insurer concedes that Plaintiff had two individual

11  disability policies (Nos. H3072721 and H27244074).  (See page 4 of Defendant Insurer's

12  opposition memorandum.)  Defendant Insurer makes no claim that these individual policies are

13  governed by ERISA.  Accordingly, Plaintiff will address selected contentions made by

14  Defendant Insurer relative to whether Commissioner of the California Department of Insurance

15  ("Commissioner") is a proper party whose presence destroys diversity.

16    **B. DEFENDANT INSURER CAN NO LONGER LOGICALLY RELY ON**
     ***BORSUK V. MASSACHUSETTS MUTUAL INSURANCE COMPANY* TO**
17    **CONTEND THAT THE STATUTE OF LIMITATIONS HAS RUN ON**
     **PLAINTIFF'S CAUSES OF ACTION AGAINST THE COMMISSIONER AS**
18    **THE DISTRICT COURT WHICH ISSUED IT, IN ESSENCE, HAS**
     **REPUDIATED IT**
19

20    In his recent order in *Sukin v. State Farm Mutual Insurance Company*, Case No.: CV07-

21  02829 VRW, the Honorable Vaughn Walker, the same District Court Judge who issued *Borsuk v.*

22  *Massachusetts Mutual Insurance Company*, reached a diametrically opposed conclusion in an

23  insurance bad faith case indistinguishable from the case herein.  A complete copy of Judge Walker's

24  opinion is attached to the Declaration of Bennett M. Cohen -- which is also accompanied by a

25  Request for Judicial Notice.)

26

27

28
                                          1

a. **Judge Walker Held That A Plaintiff In An Indistinguishable Case Can State A Viable Cause Of Action Against The Commissioner Under California Law**

As set forth in Plaintiff's moving papers, even in *Borsuk v. Massachusetts Mutual Insurance Company*, Judge Walker stated that a Plaintiff has a viable cause of action for mandamus against the Commissioner. Judge Walker nevertheless denied remand on the sole ground that, he decided, the statute of limitations ran from the date the insured purchased the policy -- a position which he *expressly rejected* by the Court in *Sukin v. State Farm Mutual Insurance Company*.

As Judge Walker states in his Order granting remand in *Sukin v. State Farm Mutual Insurance* Company, the plaintiff "**undoubtedly**" has a cause of action under California Insurance Code Section 10291.5 against the Commissioner.  As Judge Walker states:

> Based on the above considerations, the court finds that Sukin's lawsuit is not barred by well-settled rules of existing state law. The court cannot conclude that DOI is a sham defendant, whose presence should be disregarded for purposes of establishing diversity jurisdiction. Because State Farm bears a heavy burden of establishing the presence of sham defendants, **because Sukin has avowed his desire to seek individual liability against DOI and can, undoubtedly, so seek liability under Cal Ins Code § 10291.5, the court determines that State Farm has not carried its burden of demonstrating the existence of removal jurisdiction.**
>
> IV
>
> **The court, therefore, determines that State Farm has not satisfied its burden of demonstrating that DOI is a sham defendant. As a result, this matter must be remanded to state court, as complete diversity of citizenship is lacking.** (Page 14.) (Emphasis added.)

b. **Judge Walker Expressly Finds That The Statute Of Limitations Does Not Begin To Run Against The Commissioner Until Plaintiff's Claim Is Denied -- Thereby Rejecting Defendant Insurer's Argument That The Statute Begins To Run When Plaintiff Purchases A Defective Policy**

A key issue in *Sukin v. State Farm Mutual Insurance Company*, *supra*, was whether the statute of limitations was triggered by the insured's purchase of the policy or, rather, was triggered by the insurer's denial of the insured's claim.  In finding that the denial of the claim triggers the running of the statute of limitations, Judge Walker stated:

2

State Farm's above two arguments [regarding the statute of limitations] fail for an independent reason. As Sukin points out, a plaintiff must have standing before bringing an action in California court. Doc #14 at 8.

> Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute. The issue of whether a party has standing focuses on the plaintiff, not the issues he or she seeks to have determined. A person who invokes the judicial process lacks standing if he, or those whom he properly represents, does not have a real interest in the ultimate adjudication because [he] has neither suffered nor is about to suffer any injury of sufficient magnitude reasonably to assure that all of the relevant facts and issues will be adequately presented.

> Blumhorst v Jewish Family Services of Los Angeles, 126 Cal App 4th 993, 1001 (2005) (citations and internal quotes omitted). Here, Sukin did not acquire the policy until August 18, 2000 and was not denied coverage until March 18, 2003. Doc #1, Ex 1. **Accordingly, State Farm's position that Sukin was required to bring his claim against DOI in 1995 is untenable. Under California's standing requirements, the earliest date on which Sukin could have brought his claim was March 18, 2003.**

> State Farm next argues that Sukin's claim against DOI is time-barred under Cal CCP § 338, which creates a three-year limitations period for "an action upon a liability created by statute." As discussed above, Sukin's claim against DOI is premised on Cal Ins Code § 10291.5, which subjects the Commissioner to judicial review over his approval of insurance policies. Accordingly, State Farm argues, Sukin was required to bring his claim against DOI within three years of February 6, 1995. Doc #20 at 6. This is incorrect. **As discussed above, Sukin did not have standing to bring this action until March 18, 2003 at the earliest. See also Sullivan v Unum Life Ins Co of America, 2004 WL 828561, (ND Cal) ("It seems unfair to hold categorically that Plaintiff had notice of the way defendants would administer the policy before [defendant insurer] denied him benefits.")** (Page 9-10.) (Emphasis added.)

As Judge Walker expressly repudiates Defendant Insurer's argument that the statute of limitation runs from the date of the purchase of the policy, in essence, no known court case (other than the repudiated *Borsuk v. Massachusetts Mutual Insurance Company* case) exists which supports Defendant Insurer's statute of limitations argument. On the other hand, as set forth in

3

Plaintiff's moving papers, the Honorable Susan Illston, the Honorable Martin Jenkins and now the Honorable Vaughn Walker have all <u>rejected</u> insurers' arguments that the three year statute of limitation under California Code of Civil Procedure runs from the date of the purchase of the policy -- and all have granted remand.

### C. DEFENDANT INSURER MISCHARACTERIZES THE FUNCTION AND EFFECT OF A WRIT OF MANDATE WITH RESPECT TO A PUBLIC OFFICIAL WHO EITHER ABUSES HIS DISCRETION OR HAS FAILED TO EXERCISE HIS DISCRETION

In its opposition papers, Defendant Insurer incorrectly states that Plaintiff impermissibly seeks to obtain an order from the Court *directing* the Commissioner to exercise his discretion in a particular manner. Contrary to the Commissioner contention and in accordance with well established case law, Plaintiff seeks either (i) an order reversing the Commissioner's approval of the policy provisions on which the Defendant Insurer based its denial in the event she can establish that the Commissioner has abused his discretion in approving these provisions or, alternatively, (ii) an order compelling the Commissioner to exercise his discretion if it can be shown that, pursuant to his mandatory duty, he has yet to do so -- and to exercise his discretion under a correct formulation of California law.

In *Common Cause of Cal. v. Bd. of Supervisors*, (1989) 49 Cal. 3d 432, wherein the plaintiff activist group alleged that the county had failed to deputize a sufficient number of people for purposes of administering an election, the Court denied mandamus on the ground that the defendant county had no mandatory duty to deputize employees in the first instance. In reviewing California law governing an action for mandamus, the Court affirmed that mandamus is a viable cause of action to correct an abuse of discretion by a public official <u>and</u> to compel a public official to perform a mandatory duty requiring discretion but which he has failed to perform. As the California Supreme Court stated:

> Mandamus will lie to compel a public official to perform an official act required by law. (<u>Code Civ. Proc., § 1085</u>.) Mandamus will not lie to control an exercise of discretion, i.e., to compel an official to exercise discretion in a particular manner. **Mandamus may issue, however, to compel an official both to exercise his discretion (if he is required by law to do so) and to exercise it under a proper interpretation of the**

4

**applicable law**. (*Shepherd* v. *Superior Court* (1976) 17 Cal. 3d 107, 118 [130 Cal. Rptr. 257, 550 P.2d 161]; *Anderson* v. *Phillips* (1975) 13 Cal. 3d 733, 737 [119 Cal. Rptr. 879, 532 P.2d 1247].) **As the dissent correctly notes, mandamus will lie to correct an abuse of discretion by an official acting in an administrative capacity**. (Emphasis added.) *Common Cause of Cal. v. Bd. of Supervisors, supra* at 442.

One example of a case in which the Court held that a public agency could be compelled to discharge a mandatory duty involving discretion via a writ of mandate -- without directing how that agency should exercise its discretion -- is *Newland v. Kizer*, (1989) 209 Cal. App. 3d 647.

In *Newland v. Kizer, supra*, the plaintiff nursing home residents sought a writ of mandate against the State of California Department of Health Services to direct it to issue regulations relative to long-term care facilities -- regulations which California Health And Safety Code Section 1335 required the State of California to issue. In distinguishing the case before it from *Sklar v. Franchise Tax Bd.*, (1986) 185 Cal. App. 3d 616, wherein that plaintiff had sought a writ of mandate to compel the Franchise Tax Board to adopt *specific* regulations relative to the alcohol entertainment expense deduction on state income tax returns, the court stated:

> Unlike the situation in *Sklar*, plaintiffs here are not seeking regulations with specific content they desire. Instead, plaintiffs merely seek mandate directing the Department to adopt regulations in accord with its mandatory statutory duty. **Court mandate simply to issue regulations does not prescribe the substance and content of such regulations or otherwise compel the Department to exercise its administrative discretion in any particular manner**.

The California Supreme Court's statement of the law in *Common Cause of Cal. v. Bd. of Supervisors, supra*, is consistent with -- and, in fact, mandated by -- prior case law holding that while mandamus is not available to compel the exercise of discretion possessed by the Commissioner in a particular manner or to reach a particular result, mandamus **"does lie to command the exercise of discretion -- to compel some action on the subject involved."** *Ballard v. Anderson* (1971) 4 Cal.3d 873, 885, *Hollman v. Warren* (1948) 32 Cal.2d 351, 355, in accord *Knoff v. City & County of San Francisco* (1969) 1 Cal.App.3d 184,197.

In the event that the Court were to decide that the Commissioner is required to exercise his discretion, how the Commissioner does so is for him to decide. The distinction which Defendant

5

1   Insurer obscures is that between using mandamus to compel the exercise of discretion *in a*

2   *particular* manner -- which Plaintiff does not seek and agrees is not available -- and simply

3   compelling the exercise of discretion -- which the above-cited cases overwhelmingly support.

4   **D. DEFENDANT INSURER MISCHARACTERIZES THE FACTS AND**
    **HOLDING IN *WOMEN ORGANIZED FOR EMPLOYMENT V. STEIN* AS TO**

5   **WHETHER AN INSURED CAN STATE A CAUSE OF ACTION FOR**
    **MANDAMUS AGAINST THE COMMISSIONER WITH RESPECT TO HIS**

6   **FAILURE TO DISCHARGE HIS MANDATORY DUTY UNDER**

7   **CALIFORNIA INSURANCE CODE SECTION 790.03**

8

9   Defendant Insurer cites *Women Organized for Employment v. Stein*, (1980) 114 Cal. App. 3d

10  13, for the proposition that the Commissioner has unfettered discretion with respect to not only how

11  it enforces California Insurance Code Section 790.03 barring certain unfair claims practices *but, in*

12  *essence, whether it enforces Section 790.03.*  Defendant Insurer's characterization is not correct.

13  In *Women Organized for Employment v. Stein*, the court denied mandamus on the ground that

14  the plaintiff sought to require the Commissioner to collect specific data which the plaintiff

15  maintained was necessary for the regulation of the insurance industry but which the Commissioner

16  was not required by statute to collect.  In denying mandamus, the court stated:

17  Appellants have **not alleged in their petition that either of these two respondents**
    **has failed to perform the duties explicitly exacted of him by any of the various**

18  **statutes**…   (Emphasis Added.)

19  In this case, unlike in *Women Organized for Employment v. Stein*, supra, Plaintiff seeks to

20  obtain or order compelling the Commissioner to do what he is expressly required to do under

21  California Insurance Code Section 12926 which provides as follows:

22  The **Commissioner shall require** from **every insurer** a **full compliance** with **all the**
    **provisions of this code**. (Emphasis Added.)

23

24  California Insurance Code Section 790.03 bans certain claims practices and requires insurers

25  doing business in California, *inter alia*, to refrain from these forbidden claims practices.  California

26  Insurance Code Section 704 authorizes the Commissioner to suspend an insurer's right to issue

27  policies in California for, among other reasons, "not carrying out its contracts in good faith."

28  As Plaintiff has alleged that the Commissioner has failed to discharge this mandatory duty,

6

1    Plaintiff has alleged a viable cause of action with respect to Section 790.03.    Whether the

2    Commissioner, in fact, has taken even marginally meaningful steps to enforce Section 790.03 with

3    respect to Defendant Insurer's conduct in this case is a question of fact which can only be

4    adjudicated based on evidence which is not *presently* before the Court.

### E.  PLAINTIFF NEED NOT DEMONSTRATE "IRREPARABLE HARM" IN ORDER TO SEEK AND OBTAIN A WRIT OF MANDATE

7    In its opposition papers, Defendant Insurer incorrectly cites *Omaha Indemnity Company v.*

8    *Superior Court* (1989) 209 Cal. App.3d 1274 for the proposition that Plaintiff must demonstrate that

9    he will suffer "irreparable harm" if the writ is not granted.

10   *Omaha Indemnity Company v. Superior Court, supra,* involved an insurance company's effort

11   to obtain a writ of mandate to reverse the trial court's ruling and sever a declaratory cause of action

12   in which it was named as a defendant in the same lawsuit in which the party it insured was also a

13   named defendant.  Accordingly, that case had nothing whatsoever to do with an action to compel the

14   DOI -- or any other state administrative agency -- to perform a mandatory duty required by a

15   California statute.  In neither *Brazina v. Paul Revere Life Ins. Co, et al,* 271 F.Supp.2d 1163 (N.D.

16   Cal. 2003) nor *Van Ness v. Blue Cross of Cal.* (2001) 87 Cal.App.4th 364, both of which held valid a

17   cause of action directed at the Commissioner seeking a writ of mandamus, moreover, did the court

18   require that the plaintiff allege or prove "irreparable injury."

### F.  AS THE COMMISSIONER IS NOT A "CITIZEN" OF ANY STATE, HIS PRESENCE IN THIS ACTION NECESSARILY DESTROYS DIVERSITY OF CITIZENSHIP

22   As the Commissioner is not a "citizen" of any state and as diversity jurisdiction under 28 USC

23   Section 1332 requires that the action be between "citizens" of different states, diversity of

24   citizenship can <u>never</u> exist as long as the Commissioner is a defendant.

25   In *Hangarter v. Paul Revere Life Ins. Co., supra,* wherein the Commissioner was named as a

26   defendant in a class action insurance bad faith action against a number of the same defendants as are

27   present herein, the defendants apparently made the argument that the Commissioner's presence as a

28   viable defendant does not destroy diversity.  In expressly rejecting this argument, the Honorable

7

1    William Alsup stated:

2    **This Court does not have jurisdiction over the case under any other provision of**
     **Section 1332 because there is no complete diversity of citizenship**. Complete
3    diversity of citizenship exists only if *each* plaintiff would have the right to sue *each*
     defendant separately under Section 1332. *Newman-Green, Inc. v. Alfonzo-Larrain*,
4    490 U.S. 826, 829, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1986). Plaintiff would not
     have the right to sue the Commissioner under Section 1332. She has no such right
5    because a citizen of a state, such as herself, may only sue under the diversity statute
     if the defendant is a citizen of a different state, or a citizen or subject of a foreign
6    nation. *See* Section 1332(a)(1)-(3). The Commissioner is not a "citizen" because the
     alter egos of states are never considered citizens under Section 1332. *See State*
7    *Highway Comm'n v. Utah Constr. Co.*, 278 U.S. 194, 199-200, 49 S. Ct. 104, 73 L.
     Ed. 262 (1929). *No district court therefore would have diversity jurisdiction to*
8    *hear a case brought by plaintiff against the Commissioner.* (Emphasis Added.)
     *Hangarter v. Paul Revere Life Ins. Co.*, at 16.
9
10
11        Judge Alsup's emphatic rejection of the argument that the Commissioner's presence in the

12   action does not destroy diversity jurisdiction is well supported by case law.

13        It is settled that a lawsuit brought by or against a state officer acting in his official capacity is

14   treated as a suit against the state itself and cannot be maintained in federal court on the basis of

15   diversity jurisdiction. *Wilkerson v. Missouri department of mental health et al.*, 279 F. Supp. 2d

16   1079 (E.D. Mo. 2003), *Batton v. Ga. Gulf,* 261 F. Supp. 2d 575, 581 (M.D. La. 2003), , *Harris v.*

17   *Ideal Cement Co.*, 290 F.Supp. 956 (S.D.Tx. 1968); See *Postal Telegraph Cable Co. v. State of*

18   *Alabama,* 155 U.S. 482, 487, 39 L.Ed. 231, 15 S. Ct. 192 (1894)., *See* Schwartzer et al, *Federal*

19   *Civil Procedure Before Trial*, §2:247 (Rutter Group, 2005) (Emphasis added).

20        Under California law, moreover, a suit against the Commissioner can only be maintained in the

21   California courts.  Under California Insurance Code, the Commissioner's actions are "subject to

22   review by the courts of this state. . . in accordance with the [California] Code of Civil Procedure."

23   Ins. Code §10291.5(h) (Emphasis Added).  As such, the California Legislature has clearly expressed

24   its unambiguous intent that a mandamus action such as herein be reviewed by California courts. As

25   both federal and state law clearly establish that an action against the Commissioner must be

26   maintained in state court, his presence, as stated, necessarily destroys diversity jurisdiction.

27

28

Case No. C-7-4088 PJW
PLAINTIFF LYLE HUGHES' REPLY BRIEF RE REMAND BACK TO STATE COURT AND REQUEST FOR
COSTS AND FEES (28 U.S.C. § 1447(c))

### G. THE 11TH AMENDMENT BARS THE ADJUDICATION OF PLAINTIFF'S CLAIMS AGAINST THE COMMISSIONER IN FEDERAL COURT

The 11th Amendment to the U.S. Constitution bars the federal court from adjudicating a case in which the State of California is a defendant and the case against it arises under state law. *Cardenas v. Anzai,* (9th Cir. 2002) 311 F.3d 929, 934. *Natural Resources Defense Council v. California DOT,* (9th Cir. 1996) 96 F.3d 420.

> **The <u>Eleventh Amendment of the United States Constitution</u> prohibits federal courts from hearing suits brought by private citizens against state governments, without the state's consent.** <u>Hans v. Louisiana, 134 U.S. 1, 15, 33 L. Ed. 842, 10 S. Ct. 504 (1890).</u> **State immunity extends to state agencies and to state officers, who act on behalf of the state and can therefore assert the state's sovereign immunity.** <u>Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 113 S. Ct. 684, 687-88, 121 L. Ed. 2d 605 (1993);</u> *<u>Pennhurst State Sch. & Hosp. v. Halderman,</u> 465 U.S. 89, 101, 79 L. Ed. 2d 67, 104 S. Ct. 900 (1984).* **In general, federal court jurisdiction will not be found against a state official when the state is the real party in interest.** *<u>Pennhurst,</u> 465 U.S. at 101-02; <u>Scheuer v. Rhodes,</u> 416 U.S. 232, 237, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974). Natural Resources Defense Council v. California DOT, supra* at 421.

In *Read v. National Equity Life Ins. Co.,* (10th Cir. 1940) 114 F.2d 977, an insurance company bought suit against insurance Commissioner of State of Oklahoma after the Commissioner, pursuant to state law, had disapproved of a policy the insurance company wished to issue in the state. In reversing the trial court's judgment against the Commissioner on the ground that the Eleventh Amendment bars the federal court from ruling on the case, the Court of Appeals stated:

> In the discharge of these duties it becomes necessary for him [the state Insurance Commissioner] to examine applications for forms of insurance and make decisioins (*sic*) concerning the same. **As long as he acts within the provisions of the statute he is, for all purposes, the state, (citations omitted), and a suit against him may not be maintained in the federal courts because prohibited by the <u>Eleventh Amendment to the Constitution of the United States</u>.** (Emphasis Added.) *Id.* at 978-979.

In this case, as in *Read v. National Equity Life Ins. Co.,* the allegations against the Commissioner relate exclusively to the discharge of his duties under state law. Accordingly, the 11th Amendment applies and the Commissioner cannot be sued in federal court.

9

**H. AS THE 11TH AMENDMENT BARS THE ADJUDICATION OF PLAINTIFF'S CLAIM AGAINST THE COMMISSIONER IN FEDERAL COURT, THE COURT CANNOT EXERCISE SUPPLEMENTAL JURISDICTION OVER THESE CLAIMS**

"Supplemental Jurisdiction" cannot be used to hear and adjudicate a case against a state barred by the 11th Amendment. *County of Oneida v. Oneida Indian Nation*, (1985) 470 U.S. 226, 251.

> **"[Neither] pendent jurisdiction nor any other basis of jurisdiction may override the <u>Eleventh Amendment</u>.** A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the <u>Eleventh Amendment</u>." *Id.,* at 121. The indemnification claim here, whether cast as a question of New York law or federal common law, is a claim against the State for retroactive monetary relief. **In the absence of the State's consent,** *id.,* **at 99 (citing** *Clark* **v.** *Barnard***, 108 U.S. 436, 447 (1883)), the suit is barred by the <u>Eleventh Amendment</u>.** "). *(Emphasis Added.) County of Oneida v. Oneida Indian Nation, supra* at 251

Accordingly, if Plaintiff has a valid cause of action under California law against the Commissioner, that cause of action must be remanded to state court.

**I. EVEN IF PLAINTIFF'S CLAIMS AGAINST THE COMMISSIONER WERE NOT BARRED FROM ADJUDICATION IN THE FEDERAL COURTS UNDER THE 11TH AMENDMENT, SUPPLEMENTAL JURISDICTION OVER THESE CLAIMS WOULD NOT BE APPROPRIATE**

"Supplemental Jurisdiction" is governed by 28 USCS Section 1367 which provides in pertinent part as follows:

§ 1367. Supplemental jurisdiction

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction **over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution**. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
  (1) the claim raises a novel or complex issue of State law,
  (2) the claim substantially predominates over the claim or claims over which the

10

district court has original jurisdiction,
 (3) the district court has dismissed all claims over which it has original jurisdiction, or
 (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Supplemental jurisdiction may be exercised if "the [n]onfederal claims are part of the same "case" as federal claims when they "'derive from a common nucleus of operative fact' and are such that a plaintiff 'would ordinarily be expected to try them in one judicial proceeding.'" *Trs. of the Constr. Indus. & Laborers Health & Welfare v. Desert Valley Landscape & Maint., Inc.,* (9th Cir.) 333 F.3d 923, 925.

Although the Court need not and should not reach the issue of whether Supplemental Jurisdiction is appropriate as it is clearly barred under the 11th Amendment, it should be noted that it would not be appropriate here in any event.  First, Plaintiff's claims for benefits arise under different insurance contracts -- and, if Defendant Insurer is correct, one of the group contracts providing a disability benefit is an employment agreement and not a true insurance policy.  Second, if Defendant Insurer is correct that two of the plans are group plans governed by ERISA -- as opposed to individual disability policies, then a different set of laws altogether governs the adjudication of those claims.  Accordingly, these claims arise out of a different "nucleus of operative fact" and it would be normal and expected to try the cases separately.

In *Trs. of the Constr. Indus. & Laborers Health & Welfare v. Desert Valley Landscape & Maint., Inc., supra,* wherein the plaintiff asserted both ERISA claims and state law claims relative to the same debt, the court found that Supplemental Jurisdiction was proper.

> The state law claims here are part of the same constitutional case as the ERISA claims. **The debt that Trustees seeks to recover from Richardson is the same ERISA-related debt Trustees also sought to recover from Desert Valley.** Richardson planned to argue as part of its equitable estoppel defense that Desert Valley did not in fact owe any ERISA contributions. Thus, the issue of Desert Valley's ERISA obligations would have been part of the trial on Richardson's state law obligation to answer for Desert Valley's debts. Pendent party jurisdiction was therefore constitutional. (Emphasis Added.) *Id.* at 925.

Unlike *Trs. of the Constr. Indus. & Laborers Health & Welfare v. Desert Valley Landscape & Maint., Inc., supra,* as stated, the instant case involves two debts arising under individual

11

1  disability policies on the one hand and, if Defendant Insurer is correct, two debts arising out of

2  group ERISA plans on the other hand.  As such, they are completely separate debts governed by

3  completely separate laws.  Accordingly, Supplemental Jurisdiction is not appropriate.

### J.  PLAINTIFF'S MOTION TO REMAND WAS TIMELY FILED TO CHALLENGE PROCEDURAL DEFECTS IN DEFENDANT INSURER'S NOTICE OF REMOVAL AS FEDERAL RULE OF PROCEDURE 6(e) EXTENDS THE TIME FOR BRINGING THE MOTION BY THREE DAYS WHEN A NOTICE OF REMOVAL IS SERVED BY MAIL OR ELECTRONICALLY

Although no Ninth Circuit Court of Appeals decision on point can be located, *N.J. Dep't of Envtl. Prot. v Exxon Mobil Corp.* (2005, DC NJ) 381 F. Supp 2d 398 held that the 30 day period for filing a motion to remand was extended 3 days by reason of the service of a Notice of Removal by mail.  As the court stated:

> The McPherson Court interpreted previous holdings of the Third Circuit to demonstrate that Rule 6(e) is "inapplicable to situations where the time period commences upon the entry of a court order or judgment" but does apply "where the opposing party triggers the applicable response period." 1995 U.S. Dist. LEXIS 1619, 1995 WL 56600 at *2. The rationale here is that "an opposing party is more likely to use service by mail for a strategic advantage and Rule 6(e) compensates for this possibility." Id. Similarly, Rule 6(e) does not apply where the time period only begins once notice is received. 1995 U.S. Dist. LEXIS 1619, [WL] at *3. In such a case, the rule is not necessary because the method of service is irrelevant and **the "applicable response period commences when the party receives notice, negating any advantage to be gained by service by mail." Id.**

> **As such, under Rule 6(e), NJDEP's motion to remand, which was filed within thirty-three days of the filing of notice of removal, was timely filed. Thus, NJDEP has not waived its right to move for remand on the basis of any defects in removal procedure.** (Emphasis Added.) *N.J. Dep't of Envtl. Prot. v Exxon Mobil Corp., supra* at 402.

In this case, as set forth in the Declaration of Bennett M. Cohen, Defendant Insurer's Notice of Removal was filed on August 8, 2007 and was served by mail on August 9, 2007, the day after it was filed.  In other words, Defendant Insurer, in essence, provided Plaintiff with 28 days or less from the filing of the Notice of Removal within which to review, prepare and file a motion to remand which would by timely to challenge procedural defects in the removal.  Accordingly,

12

1  fundamental fairness – in addition to Federal Rule of Civil Procedure 6(e) -- dictates that Plaintiff

2  should have additional time within which to file a motion to remand.

3  **K.  EVEN ASSUMING THAT PLAINTIFF'S MOTION TO REMAND TO
CHALLENGE PROCEDURAL DEFECTS WAS NOT TIMELY FILED,
PLAINTIFF'S CHALLENGE TO DIVERSITY JURISDICTION BASED ON
THE MERITS IS INDISPUTABLY PROPERLY BEFORE THE COURT**

6  Even were this court to find that the motion to remand was filed 3 days after the required

7  period, such a delay would only bar Plaintiff from arguing that the Notice of Removal was

8  *procedurally defective* and would <u>not</u> affect Plaintiff's argument that the federal courts do not

9  have jurisdiction because a non-diverse defendant is named in the action. See 28 U.S.C.S.

10  Section 1447(c), *Maniar v. Federal Deposit Ins. Corp.,* (9th Cir. 1992) 979 F.2d 782, 784-485.

11  **L.  DEFENDANT INSURER FAILS TO ESTABLISH THAT EITHER THE
PURPORTED NYL AGENTS GROUP PLAN OR THE NYLIC PLAN ARE
ERISA PLANS**

14  *Yates v. Hendon,* (2004) 541 U.S. 1, on which Defendant Insurer relies to assert that two of

15  the contracts under which Plaintiff seeks benefits are ERISA plans, is distinguishable as unlike the

16  plaintiff in *Yates v. Hendon, supra,* no one working for Plaintiff herein was an employee of New

17  York Life Insurance Company.  (See Declaration of Lyle Hughes in Support of Motion to Remand.)

18  Accordingly, the case is inapplicable.

19  In its opposition papers, in any event, based upon *Yates v. Hendon, supra,* Defendant Insurer

20  sets forth only legal conclusions and self-serving proclamations from self-interested parties that

21  certain contracts are "ERISA plans" and that certain persons are "employees" -- rather than setting

22  forth a sufficient factual record to enable this Court to make its own determinations.

23  As set forth in Plaintiff's moving papers, in determining whether a person is an employee, the

24  courts have looked at the extent to which the hiring party controls "the manner and means by which

25  the product is accomplished." *Barnhart v. New York Life Ins. Co.,* 141 F.3d 1310, 1313 (9th Cir.

26  1998).  Notwithstanding to Defendant Insurer's contention that this case is not applicable because

27  the plaintiff was not seeking disability benefits, the proper analysis of whether a person is an

28  employee or independent contractor is precisely as articulated therein.

13

1    In *Barnhart v. New York Life Ins. Co., supra*, the court described the analysis which should be

2   made in determining whether a person is an employee or independent contractor as follows:

3   > A claimant under ERISA and the ADEA must establish himself as an "employee."
> *See* 29 U.S.C. § 623(a) (ADEA); *Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318,*
4
> *320-21, 117 L. Ed. 2d 581, 112 S. Ct. 1344 (1992)* (discussing requirement under
5   > ERISA); *Frey v. California, 982 F.2d 399, 401-02 (9th Cir. 1993)* (discussing
> requirement under the ADEA). The term "employee" is defined in ERISA and the
6   > ADEA as "any individual employed by an employer." 29 U.S.C. § 1002(6) (ERISA);
> 29 U.S.C. § 630(f) (ADEA). **In *Darden*, the Supreme Court adopted a common-**
7   > **law agency test expounding several equally weighted factors to be assessed in**
> **determining who qualifies as an "employee" for purposes of ERISA.** 503 U.S. at
8   > 323. The purpose of the test is to determine the extent to which the hiring party
9   > controls "the manner and means by which the product is accomplished." *Id.* **The**
> **factors include:**
10
11  > **1) the skill required; 2) source of the instrumentalities and tools; 3) location of**
> **the work; 4) duration of the relationship between the parties; 5) whether the**
12  > **hiring party has the right to assign additional projects to the hired party; 6) the**
> **extent of the hired party's discretion over when and how long to work; 7) the**
13  > **method of payment; 8) the hired party's role in hiring and paying assistants; 9)**
> **whether the work is part of the regular business of the hiring party; 10) whether**
14  > **the hiring party is in business; 11) the provision of employee benefits; and 12)**
15  > **the tax treatment of the hired party.** *Darden, 503 U.S. at 323-24.* (Emphasis
> Added.) *Barnhart v. New York Life Ins. Co., supra* at 1312-1313.
16

17    In the instant case, Defendant Insurer has failed to address most of the factors which must be

18  assessed in determining whether the other participants in the plans at issue are employees or

19  independent contractors.  More particularly, apart from self-serving proclamations that certain

20  persons insured under the plans were "employees" and isolated language in the plans asserting that

21  these persons were subject to the control of the company, Defendant Insurer has failed to provide a

22  factual record addressing the following factors identified in *Nationwide Mut. Ins. Co. v. Darden,*

23  *supra* as significant: 1) the skill required; 2) source of the instrumentalities and tools; 3) location of

24  the work;  5) whether the hiring party has the right to assign additional projects to the hired party;

25  6) the extent of the hired party's discretion over when and how long to work; 7) the method of

26  payment; 8) the hired party's role in hiring and paying assistants;  11) the provision of employee

27  benefits; and 12) the tax treatment of the hired party.

28    In short, Defendant Insurer has failed to provide this Court with a factual record upon which to

14

1    determine that the two purported group plans, in fact, are governed by ERISA.

2    **M. THE NYLIC CONTRACT IS AN INSURANCE CONTRACT**

3    Under Insurance Code Section 22, insurance is defined as "a contract whereby one undertakes

4    to indemnify another against loss, damage, or liability arising from a contingent or unknown event."

5    Insurance requires the following two elements: "(1) a risk of loss to which one party is subject and a

6    shifting of that risk to another party; and (2) distribution of risk among similarly situated persons."

7    *Metropolitan Life Ins. Co. v. State Bd. of Equalization*, (1982) 32 Cal. 3d 649, 654, *Truta v. Avis*

8    *Rent a Car Sys.*, 193 Cal. App. 3d 802, 812.

9    Whether the Nylic Contract is or contains an insurance contract does not appear to be a critical

10   in adjudicating this motion. Nevertheless, the elements required for the creation of a contract of

11   insurance are present in the Nylic Plan -- the "risk of loss" to New York Life Insurance Company

12   due to the disability of a participant in the Plan and the distribution of risk among similarly situated

13   persons. Accordingly, the Nylic Plan, under California law, does constitute insurance.

14   **II. CONCLUSION.**

15   For the reasons shown, Plaintiff respectfully requests that this Court order remand this case

16   in its entirety.

17   **If any portion of this case is properly before this Court, Plaintiff respectfully requests**

18   **that this Court sever those portions of the case which are not properly before this Court and**

19   **remand them to state court.**

20   In the alternative, Plaintiff requests that if this Court finds that the pleadings are in some

21   manner insufficient, he be allowed to amend and thereafter request remand.

22   Respectfully submitted,

23   Dated: November 14, 2007

24   **BOURHIS & MANN**

25   By: _____
     Ray Bourhis, Esq.

26   Lawrence Mann, Esq.
     Bennett M. Cohen, Esq.

27   Attorneys for Plaintiff LYLE HUGHES

28

15

**PROOF OF SERVICE**

*Lyle Hughes v. Unumprovident Corporation, et al.*

*U.S. District Court, Northern District of California, Case No. C07-4088 PJW*

I am a resident of the State of California, over the age of eighteen years and not a party to this action. My business address is 1050 Battery Street, San Francisco, California 94111. On November 14, 2007, I will serve the following documents:

> PLAINTIFF LYLE HUGHES' REPLY BRIEF RE REMAND BACK TO STATE COURT AND REQUEST FOR COSTS AND FEES (28 U.S.C. § 1447(c))

in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid. I am employed in the county where the mailing described below occurred, and am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed a true copy of the specified document(s) in a sealed envelope(s) with postage thereon fully prepaid. The envelope(s) will be deposited with the United States Postal Service on this day in the ordinary course of business in San Francisco, California.

**UNUMPROVIDENT CORPORATION, etc.**
John C. Ferry, Esq.
Thomas M. Herlihy, Esq.
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Ste. 2500
San Francisco, CA  94104-4798
Phone: (415) 951-0535
Fax:    (415) 391-7808
Email:  jferry@kelher.com
Email:  herlihy@kelher.com

**(X) (FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at San Francisco, California on November 14, 2007.

Mary M. Martin

Case No.  C-7-4088 PJW
PLAINTIFF LYLE HUGHES' REPLY BRIEF RE REMAND BACK TO STATE COURT AND REQUEST FOR COSTS AND FEES (28 U.S.C. § 1447(c))