United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LYLYE HUGHES,

    Plaintiff,

    v.

UNUMPROVIDENT CORPORATION, et al.,

    Defendants.

_____/

No. C 07-4088 PJH

**ORDER RE MOTION TO REMAND**

Plaintiff's motion to remand the complaint came on for hearing before this court on November 28, 2007. Plaintiff, Lyle Hughes ("plaintiff"), appeared through his counsel, Lawrence Mann, and Bennett Cohen. Defendant New York Life Insurance Company, and defendants Unum Group (f/k/a Unumprovident Corporation) and First Unum Life Insurance Company (sued as Unum corporation)(collectively "defendants"), appeared through their respective counsel, J. Russell Stedman and John C. Ferry. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules on plaintiff's motion to remand the complaint in part, and orders further briefing, for the reasons stated at the hearing, and summarized as follows.

    1.    Defendants' argument that the California Insurance Commissioner has been fraudulently joined, and that the requirements for diversity jurisdiction are therefore established, fails. At a minimum, plaintiff's fifth claim for relief for writ of mandamus pursuant to section 10291.5 of the California Insurance Code is legally viable, as suggested by applicable Ninth Circuit authority, and as expressed by several Northern District authorities. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)(joinder of a non-diverse defendant is deemed fraudulent "[i]f the plaintiff fails to state

1  a cause of action against a resident defendant, and the failure is obvious according to the
2  settled rules of the state."); see also, e.g., Peterson v. American Life & Health Ins. Co., 48
3  F.3d 404, 410 (9th Cir. 1995)("If an insured [] believes that the Commissioner has abused
4  his discretion by approving a policy in violation of either § 10291.5(b)(7) of the Code or the
5  Commissioner's own regulations implementing the Code, then he may petition for a writ of
6  mandamus requiring the Commissioner to revoke his approval"); Brazina v. Paul Revere
7  Life Ins. Co., 271 F. Supp. 2d 1163, 1167 (N.D. Cal. 2003).  Nor have defendants
8  submitted any legal authorities holding otherwise.  Accordingly, since the Commissioner
9  has been properly named as defendant with respect to this claim, diversity jurisdiction is
10 destroyed, and remand is appropriate with respect to all of plaintiff's state law claims.
11         2.      In view of this conclusion, the only remaining issue that prevents the court
12 from ordering remand of plaintiff's complaint is defendants' argument that plaintiff's state
13 law claims are preempted by ERISA, such that federal question jurisdiction exists.  At the
14 hearing, the parties agreed that the group long term disability plan submitted by defendants
15 as Exhibit B to the Declaration of Sophia Rodriguez is the basis for at least some of the
16 disability benefits which plaintiff claims were improperly denied him.  Defendants have
17 furthermore set forth evidence demonstrating that this group policy meets the requirements
18 for coverage under ERISA.  However, plaintiff has argued that his status as an independent
19 contractor, as well as that of sole owner of his business, prevents him from being qualified
20 as an "employee" for purposes of ERISA, and the group policy from being qualified as an
21 ERISA plan.  And while defendants have set forth some argument addressing this issue,
22 the extent of defendants' opposition is too limited, and plaintiff's reply insufficient, to enable
23 the court to adequately address this narrower issue, and definitively conclude whether the
24 policy in question is ultimately governed by ERISA. In particular, the parties have
25 neglected to discuss:  the applicability of common law agency factors as set forth in
26 Nationwide Mutual Ins. Co. v. Darden, 503 U.S. 318 (1992); the extent to which such
27 factors are impacted by the Department of Labor's regulations as set forth in 29 C.F.R. §
28

2510.3-3 (and discussed in Yates v. Hendon, 541 U.S. 1 (2004)); the manner in which any such factors apply to independent contractors, as distinguished from business owners or sole proprietors; and the effect that all the foregoing factors have on the ultimate conclusion whether the group disability policy at issue is covered by ERISA.

Accordingly, the court hereby ORDERS further briefing as to these limited issues. Defendants shall submit a brief addressing all highlighted issues (and any others, to the extent they bear on the issues noted above), no later than **December 14, 2007**. Plaintiff shall submit a further brief in response, no later than **January 2, 2008**. Neither brief shall exceed 15 pages. Thereafter, the matter will be taken under submission, and a further order will be issued by the court making a final determination as to the propriety of remand.

**IT IS SO ORDERED.**

Dated: November 30, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge