J. Russell Stedman (117130), rstedman@barwol.com
Jennifer N. Lee (230727), jlee@barwol.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California 94108-2713
Telephone: (415) 434-2800
Facsimile: (415) 434-2533

Attorneys for Defendant
NEW YORK LIFE INSURANCE COMPANY only

Thomas M. Herlihy (83615), herlihy@kelher.com
John C. Ferry (104411), jferry@kelher.com
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, California 94104-4798
Telephone: (415) 951-0535
Facsimile: (415) 391-7808

Attorneys for Defendants
UNUM GROUP (formerly known as UNUMPROVIDENT CORPORATION), FIRST UNUM LIFE INSURANCE COMPANY (erroneously sued as UNUM CORPORATION) and NEW YORK LIFE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LYLE HUGHES,<br><br>Plaintiff,<br><br>vs.<br><br>UNUMPROVIDENT CORPORATION; UNUM CORPORATION; NEW YORK LIFE INSURANCE COMPANY; THE COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE; and DOES 1 through 20 inclusive,<br><br>Defendants. | CASE NO.: C07-4088 PJH<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION FOR REMAND FURTHER ADDRESSING APPLICATION OF ERISA TO PLAINTIFF'S CLAIM UNDER A GROUP LONG TERM DISABILITY PLAN**<br><br>Hearing Date: November 28, 2007<br><br>Plaintiff's Further Response: January 2, 2008<br><br>Complaint Filed: June 28, 2007 |

TABLE OF CONTENTS

PAGE

1. INTRODUCTION AND STATEMENT OF ISSUES .......... 1

2. STATEMENT OF RELEVANT FACTS .......... 2

A. NYL Established and Maintained a Group Plan for its Agents, Including Common Law Employee TAS Agents and Independent Contractors, to Provide Various Welfare Benefits to Plan Participants and Beneficiaries .......... 2

B. Some of All of NYL's TAS Agents Were Common Law Employees .......... 3

C. Plaintiff Was a Statutory Employee For Tax Purposes Because He Was a Full-Time Life Insurance Salesman .......... 5

D. Plaintiff Was a Beneficiry of the Plan, Which Designated Him as Such .......... 5

E. Plaintiff Asserts a Claim for Disability Benefits under the Group Agent's Plan .......... 5

3. ARGUMENT .......... 6

A. The Group Plan for New York Life Agents Meets the Requirements for an ERISA Employee Benefit Plan Because it Is a "Plan, Fund, or Program" "Established or Maintained" "By New York Life" to Provide "Benefits" Such as Long-Term Disability Coverage to its "Participants or Their Beneficiaries" .......... 6

(1) Because the First Four Requirements for an ERISA Plan Are Met, Whether the Plan Covers a "Participant" or "Employee" Conclusively Determines Whether ERISA Governs .......... 6

(2) The Plan Had More Than One "Common Law Employee" Because the TAS Agents Participating in the Plan Were Common Law "Employees" Under the *Darden* Test for Determining "Employee" Status .......... 7

(3) Plaintiff Was Both a Plan "Participant" Classified For Tax Purposes as a "Statutory Employee, " And Also a Plan "Beneficiary" Designated by the Plan .......... 9

(a) Plaintiff Was a Plan "Participant" as a "Statutory Employee" Under Applicable Tax Laws .......... 9

(b) Plaintiff Was a Plan "Beneficiary" Because the Plan Designated That Plaintiff Was Eligible to Receive Benefits Under the Plan .......... 10

(c) As a Matter of Law, an Insurance Agent Who Is an Independent Contractor May Be a Plan "Beneficiary," Provided the Plan Designates Him as One .......... 11

(d) Plaintiff Was In Fact a "Beneficiary" Designated by the NYL Agents Group Plan Because Plaintiff Met the Minimum Requirements for Eligibility That Weree Set Forth In the Plan .......... 12



BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108

(4) Because the Plan Covered Both TAS Agent "Employees" and Non-Employee Independent Contractors, Plaintiff's Status as an "Independent Contractor" or "Sole Owner" of a Business Does Not Reverse or Prevent ERISA Governance Over the Plan ....... 12

B. A Finding That the Plan Is Not Governed by ERISA Would Have Far-Reaching Negative Implications for Thousands of New York Life Agents ....... 13

C. Because at Least One of Plaintiff's Claims "Relate to" an EIRSA Plan, the Court Must Retain Jurisdiction Over that Claim and Should Exercise Supplemental Jurisdiction Over Plaintiff's Other Disability Claims ....... 14




BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108

# TABLE OF AUTHORITIES

PAGE

## Cases

*Barnhart v. New York Life Ins. Co.*, 141 F.3d 1310 (1998) .......... 12

*Evenson v. First Class Travel, Inc.*, 1990 U.S. Dist. LEXIS 7758, at *11 (N.D. Cal. 1990) ... 9, 12

*Hannon v. Avis Rent a Car Sys.*, 107 F. Supp. 2d 1256 (D. Mont. 2000) .......... 13

*Harper v. Am. Chambers Life Ins. Co.*, 898 F.2d 1432 (9th Cir. 1988) .......... 11

*Hollis v. Provident Life & Acc. Ins. Co.*, 259 F.3d 410 (5th Cir. 2001) .......... 12

*Kaiser v. Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827 (1990) .......... 10

*Laventure v. Prudential Ins. Co.*, 237 F.3d 1042 (9th Cir. 2001) .......... 13

*Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997 (9th Cir. 2001) .......... 14

*Levin v. Unum Life Ins. Co. of Am.*, 33 F. Supp. 2d 1179 (N.D. Cal. 1998) .......... 7

*Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318 (1992) .......... 1, 7, 9

*Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404 (9th Cir. 1996) .......... 7, 11

*Peterson v. The Equitable Life Assur. Society of the U.S.*, 57 F. Supp. 2d 692 (W.D. Wisc. 1999) .......... 11

*Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987) .......... 14

*Raymond B. Yates M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1 (2004) .......... 9, 10

*Ruttenberg v. U.S. Life Ins. Co.*, 413 F.3d 652 (7th Cir. 2005) .......... 10

*Shaw v. Delta Airllines, Inc.*, 463 U.S. 85 (1983) .......... 14

*Vizcaino v. Microsoft Corp.*, 97 F.3d 1187 (9th Cir. 1996) .......... 9

*Shyman v. Unum Life Ins. Co.*, 427 F.3d 452 (7th Cir. 2005) .......... 12

*Turnoy v. Liberty Life Assur. Co. of Boston*, 2003 U.S. Dist. LEXIS 1311 (N.D. Ill. 2003) .......... 12

## Statutes

26 C.F.R. 31.3401(c)-1(b) .......... 9

28 U.S.C. § 1367 .......... 15

29 C.F.R. 2510.3-3(b) .......... 7

29 U.S.C. § 1002(1) .......... 6



BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108

29 U.S.C. § 1002(7) .......... 6, 11

29 U.S.C. § 1002(8) .......... 6, 11, 12

I.R.C. § 3121(d)(3)(B) .......... 10

I.R.C. § 7701(a)(20) .......... 9

**Other Authorities**

Dept. of Labor Advisory Op. 78-33A .......... 10



BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108

## 1. INTRODUCTION AND STATEMENT OF ISSUES

There can be no question that ERISA governs Plaintiff's claim for disability benefits under the Group Plan for New York Life Agents ("Agents Group Plan"). Defendants have established the existence of a "plan" providing benefits to "participants" and "beneficiaries," thereby *requiring* application of ERISA to all claims asserted by Plaintiff, or any other participant or beneficiary, related to that plan. In requesting supplemental briefing, the Court has focused the inquiry on Plaintiff's argument that "his status as an independent contractor, as well as that of sole owner of his business, prevents him from being qualified as an 'employee' for purposes of ERISA, and the group policy from being qualified as an ERISA plan." (Docket No. 35 at 2:18-21.)

NYL established and sponsors the Agents Group Plan, which provides benefits to NYL agents. Agents participating in the Plan include eligible agents in training called "TAS Agents" and eligible established agents like Plaintiff. Participating TAS agents meet the "*Darden*" factors, are common law employees for purposes of ERISA, and therefore Plan "participants" for purposes of ERISA. This requires that the entire Plan be governed by that statutory scheme. The Court's analysis should end here, as the law is unwavering—the existence of just one common law employee participant requires ERISA to govern all benefits claims under the Plan.

There are, however, additional grounds for ERISA application. Plaintiff qualifies as a "participant" under ERISA by virtue of his status as a "statutory employee" for tax purposes, which made him eligible to participate in the Agents Group Plan. Plaintiff is also a designated plan "beneficiary." At least one federal court has held, in an indistinguishable case, that independent contractor life insurance agents are plan beneficiaries whose claims are subject to ERISA.

Plaintiff elected to participate in the NYL Agents Group Plan, which meets every ERISA requirement. There is no legal basis whatsoever for either negating application of ERISA to the entire Plan on grounds that Plaintiff is an independent contractor or sole business owner, or for exempting from ERISA Plaintiff's claim for disability benefits under the Agents Group Plan. To do either would contravene all applicable statutory and case authority. The Court cannot remand this entire action. It has discretion to maintain jurisdiction over Plaintiff's related state law disability benefit claims—all based on the same medical conditions and claimed limitations, and all

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

administered by the same Defendant. These state law claims are asserted under a contract that is not even a policy of insurance, the QN6-82, and two disability policies not even part of the CSA program Plaintiff seeks to enforce. The Court can and should remand only Plaintiff's unrelated claims asserted against the Insurance Commissioner.

## 2. STATEMENT OF RELEVANT FACTS

### A. NYL Established and Maintained a Group Plan for its Agents, Including Common Law Employee TAS Agents and Independent Contractors, to Provide Various Benefits to Plan Participants and Beneficiaries

Defendant New York Life Insurance Company's ("NYL") Agents Group Plan is an ERISA plan because (1) a "Plan" exists in that NYL is the plan sponsor and administrator of the Plan, First Unum Life Insurance Company ("First Unum") is the claims administrator and issuing party of the long-term disability ("LTD") group policy, that policy is the funding source for LTD benefits and sets forth the intended benefits, intended beneficiaries, source of financing and procedure for applying for and collecting benefits (Defendants' Opposition to Plaintiff's Motion to Remand or "Opp. Br." at 5:3-12); (2) the Plan was "established or maintained" (Opp. Br. at 9:1); (3) "by an employer" since NYL is an "employer" of at least the common law employee TAS Agents that participated in the Plan (Opp. Br. at 9:4); and (4) provides benefits within ERISA's scope, including LTD disability benefits. (Opp. Br. at 9:4-7.)

The Agents Group Plan is a "cafeteria" type plan that provides several types of available benefits. (Decl. of S. Rodriguez to Defendants' Opp. to Remand Motion ("Rodriguez Decl. to Opp.") ¶4; Ex. E, 2004 Agents Group Plan Enrollment Booklet, p. 2.) Eligible agents who enroll in the Plan select desired benefits offered under the Plan, such as LTD, life and medical. (*Id.*) The LTD benefits offered under the Plan are documented in First Unum's LTD policy. The First Unum LTD policy specifies that it is a "component" to the Plan "but is not in itself a separate plan as defined in ERISA." (Rodriguez Decl. to Opp. ¶3; Ex. B, First Unum LTD Policy, "Benefits at a Glance," § "Long Term Disability Plan".) Plaintiff enrolled in the Plan for plan year 2004 and elected to receive LTD benefits insured by First Unum under the Agents Group Plan. (Rodriguez Decl. to Opp. ¶4.) When an eligible agent elects to participate in the Plan, contributions are made by both NYL and the agent enrolled in the Plan. (*Id.*; Ex. A, NYL's 2004 Dept. of Labor Form



BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

5500 filing for Agents Group Plan, Schedule H, Part II "Income and Expense Statement," § a "Contributions".) In plan year 2004, among other contributions received, NYL contributed over $37.5 million to fund the Plan. (*Id.*)

During 2004 to 2006, there were approximately 7,000 NYL agents nationwide, many of whom were participants of the Plan. (Decl. of R. Hynes to Defendants' Supplemental Brief ("Hynes Decl.") ¶4; Rodriguez Decl. to Opp. ¶6.) NYL's Agents Group Plan provided disability benefits to 191 eligible TAS Agents in 2004 and 170 eligible TAS Agents in 2005. (*Id.*)

**B. <u>NYL's TAS Agents Were Common Law Employees for Purposes of ERISA</u>**

NYL entered into a "Training Allowance Subsidy Plan Agreement" ("TAS Agreement") with certain agents for the duration of up to a three-year training period. (Hynes Decl. ¶5.) These agents are referred to by NYL as "TAS Agents." *Id.* During 2004 and 2005 respectively, 191 and 170 of these TAS Agents were eligible for, enrolled in the NYL Agents Group Plan and elected to enroll in the Plan's LTD benefit ("Participating TAS Agents"). (Rodriguez Decl. to Opp. ¶6.)

During 2004 to 2005, NYL exercised control over the manner and means of work done by Participating TAS Agents, by promulgating policies and procedures applicable to those agents:

- Participating TAS Agents had to be licensed, appointed and have signed the Agents Contract before selling NYL's insurance products. (Decl. of W.S. Anders to Defendants' Supplemental Brief ("Anders Decl.") ¶6; Ex. A, NYL Agent/Registered Representative Handbook ("Agent's Handbook"), § II, A.)
- The TAS Agreement signed by Participating TAS Agents states that they "will be an employee of the Company, subject to its direction and control, and will devote the Agent's entire time to the business of this employment." (Decl. of R. Hynes to Defendants' Opp. to Remand Motion ("Hynes Decl. to Opp.") ¶20; Ex. D, § 2.) Participating TAS Agents were prohibited from participating in certain "Outside Business Activities." (Anders Decl. ¶11; Ex. A, Agent's Handbook, § I, Y.) Participating TAS Agents were required to attend regular meetings at their assigned General Office ("GO") with GO management, such as weekly performance reviews. (Anders Decl. ¶12.) Participating TAS Agents were prohibited from operating under a name



BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

other than their own and/or establishing or utilizing a personal "Doing Business As" ("DBA") designation. (Anders Decl. ¶13; Ex. A, Agent's Handbook, § III, E(1).)

- NYL provided Participating TAS Agents with NYL systems, software and marketing materials. (Anders Decl. ¶7; Ex. A, Agent's Handbook, § III, F(1).)
- Participating TAS Agents were required to use the GO's mailing address for the delivery of all NYL-related mail. (*Id.* ¶8.)
- Participating TAS Agents typically used on a full-time basis the office space provided to them within the GO. (Anders Decl. ¶9; Ex. A, Agent's Handbook, § I, G.)
- Participating TAS Agents typically remained TAS Agents for a period of up to three years. (Hynes Decl. to Opp. ¶¶ 19, 21.)
- NYL had the exclusive right to assign additional work to Participating TAS Agents, which assisted Participating TAS Agents in developing their business. (Anders Decl. ¶10.)
- Participating TAS Agents were and are paid on a commission basis, but were also given a training allowance pursuant to the TAS Agreement. (Hynes Decl. to Opp. ¶19; Ex. D; TAS Agreement at 1, ¶6.) Participating TAS Agents were not permitted to share commissions with non-NYL agents. (Anders Decl. ¶14; Ex. A, Agent's Handbook, § III, 4(B).)
- Participating TAS Agents during the 2004 to 2006 period sold NYL insurance products, which was an integral part of NYL's business. (Anders Decl. ¶15; Ex. A, Agent's Handbook, § B "Authority of an Agent.")
- Participating TAS Agents were hired by NYL to sell NYL's insurance products. (Anders Decl. ¶16; Ex. A, Agent's Handbook, § B "Authority of an Agent.")
- Participating TAS Agents meeting minimum production requirements were eligible to receive benefits such as health and long-term disability, as a part of the NYL Agents Group Plan. (Anders Decl. ¶5.)
- Participating TAS Agents were issued W-2 forms by NYL to report federal income tax withholdings. (Hynes Decl. ¶6.)



BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

### C. Plaintiff Was a Statutory Employee For Tax Purposes Because He Was a Full-Time Life Insurance Salesman

As an "Established Agent," Plaintiff was a "full-time life insurance salesman." (Hynes Decl. ¶8.) Consequently, for tax years 2003, 2004, 2005 and 2006, NYL withheld Federal Insurance Contributions Act ("FICA") taxes from Plaintiff's payable commission earnings and issued a W-2 tax form for FICA tax reporting purposes. (Hynes Decl. ¶8; Exs. A-D.) On W-2 tax forms issued to Plaintiff he was designated as a "statutory employee." (*Id.*) As a "statutory employee" within the meaning of the tax regulations, Plaintiff was eligible to receive benefits were offered through NYL's Agents Group Plan. (Rodriguez Decl. to Opp. ¶3; Ex. A, Form 5500, Note 1-Description of the Plan, § A "General".)

### D. Plaintiff Was a Beneficiary of the Plan, Which Designated Him as Such

Certain categories of NYL agents were designated as eligible by the Plan. The LTD policy itself, which is a part of the Agents Group Plan, indicates two "Eligible Groups":

> Group 1: All agents under contract as a full-time agent with the Policyholder for 24 or more contract months, who are in active service and earning the minimum required amount of First Year Commissions as of December 31 of the prior calendar year.
>
> Group 2: All agents under contract as a full-time agent with the Policyholder for less than 24 contract months, who are in active service and earning the minimum required amount of First Year Commissions as of December 31 of the prior calendar year. (Rodriguez Decl. to Opp. ¶3; Ex. B, Group LTD Policy, "Benefits at a Glance".)

The 2004 Agents Group Plan Enrollment Booklet listed the six classes of agents—Current Class Agents, First Prior Class Agents, Second Prior Class Agents, Third Prior Class Agents, Established Agents and Agents Eligible Because Of Prior Service--that were designated by the Plan as plan "participants" or "beneficiaries." (Rodriguez Decl to Opp. ¶4; Ex. E, p. 4, "Coverage Classes.") Plaintiff belonged to "Group 1" in 2003, 2004 and 2005 since he was an "Established Agent, and thus he was eligible for and elected Plan benefits in 2004. (Hynes Decl. ¶8; Rodriguez Decl to Opp. ¶4.)

### E. Plaintiff Asserts a Claim for Disability Benefits under the Group Agent's Plan

Plaintiff has asserted a claim for disability benefits that "relate to" the NYL Agents Group Plan, specifically the LTD policy issued by First Unum. (Order of 11/30/07, Docket No. 35 at 2:13-



BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

16; Rodriguez Decl. to Opp. ¶7.) Plaintiff's claimed disability forms the basis for all of his other claims against the insurer defendants. First Unum was the claims administrator for all of Plaintiff's disability based claims, including the claim under the Agents Group Plan (*id.*), claim for Physical Incapacity Benefits under the QN6-82 (*id.*) and his claims under individual disability income policies issued by NYL. (Decl. of Catherine Curtis to Defendants' Opp. to Remand Motion ¶¶7-8.)

## 3. ARGUMENT

### A. The Group Plan for New York Life Agents Meets the Requirements for an ERISA Employee Benefit Plan Because it Is a "Plan, Fund, or Program" "Established or Maintained" By New York Life to Provide "Benefits" to "Participants" or "Beneficiaries"

"[A]ny plan, fund, or program" which is "established or maintained" "by an employer" in order to provide any number of "benefits" including "disability" for the plan's "participants or their beneficiaries" is an ERISA plan. 29 U.S.C. § 1002(1). Plaintiff has acknowledged that this definition is the starting point for a determination of ERISA governance. (Plaintiff's Remand Motion at 21:4-11.)

#### (1) Because the First Four Requirements for an ERISA Plan Are Met, Whether the Plan Covers any "Participant" or "Employee" Conclusively Determines Whether ERISA Governs

Defendants have unquestionably established that NYL's Agent's Group Plan meets the following requirements for an ERISA Plan: (1) a "Plan" exists (Defendants' Opposition Brief or "Opposition" at 5:3-12); (2) the Plan was "established or maintained" (Opposition at 9:1-); (3) "by an employer" (Opposition at 9:4); and (4) to provide various benefits, including disability benefits. (Opposition at 9:4-7.)

Since all of these four requirements for an ERISA Plan are met, the only issue is whether the Plan meets the final requirement of providing benefits to a "participant" or "beneficiary." Under ERISA, a plan "participant" is an "employee" or "former employee. " 29 U.S.C. § 1002(7). ERISA's definition of an "employee" has been labeled "circular" and thus courts have looked to other regulations and case law for clarification. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992). A "beneficiary" is "a person designated by a participant or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).



BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

The Department of Labor's ("DOL") regulations were enacted "to fill in the gaps which may have been left" in ERISA. *Levin v. Unum Life Ins. Co. of Am.*, 33 F. Supp. 2d 1179, 1181 (N.D. Cal. 1998). These regulations specify that only one common law employee is required for a plan to be governed by ERISA: "[A plan] under which one or more common law employees...are participants covered under the plan, will be covered under Title I...". 29 C.F.R. 2510.3-3(b). The Ninth Circuit has held that ERISA governs where there is at least one employee participant, even if there are also non-employees "participants" or "beneficiaries" of the plan. *See Peterson v. Am Life & Health Ins. Co.*, 48 F.3d 404, 407-08 (9th Cir. 1995). Consequently, because the NYL Agent's Plan covers more than one common law employee, it qualifies as an ERISA Plan and Plaintiff's status as an employee or independent contractor or sole business owner is irrelevant.

**(2) <u>The Plan Had More Than One "Common Law Employee" Participant</u>**

NYL's Agents Group Plan covered more than one "common law employee" during the relevant 2004 and 2005 period. (Rodriguez Decl. to Opp. ¶6.) Defendants have established by way of the evidence submitted with their Opposition Brief that more than one of NYL's Participating TAS Agents are common law employees. (*Id.*; Hynes Decl. to Opp. ¶¶19-21; Ex. D, "TAS Agreement".) Even when analyzed against the 12 factors set forth by the Supreme Court in *Darden*, 503 U.S. at 322-23, there were well over 100 Participating TAS Agents in 2004 and in 2005 who were common law "employees":

(1) <u>Skill required</u>: Participating TAS Agents were licensed, appointed and signed the Agents Contract prior to selling NYL insurance products. (Anders Decl. ¶6; Ex. A, NYL Agent/Registered Representative Handbook ("Agent's Handbook"), § II, A.)

(2) <u>Source of the instrumentalities and tools</u>: NYL provided Participating TAS Agents with NYL systems, software and marketing materials, and required them to use for work purposes the GO mailing address. (Anders Decl. ¶¶7-8; Ex. A, Agent's Handbook, § III, F(1).)

(3) <u>Location of the work</u>: Participating TAS Agents typically used the GO office space provided by NYL. (Anders Decl. ¶9; Ex. A, Agent's Handbook, § I, G.)

(4) <u>Duration of the relationship</u>: Participating TAS Agents were typically TAS Agents for a period of up to three years. (Hynes Decl. to Opp. ¶¶ 19, 21.)



BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

(5) Whether NYL had the right to assign additional projects: NYL had the exclusive right to assign additional work, including but not limited to evening phone calling sessions and Saturday morning development sessions, to Participating TAS Agents. (Anders Decl. ¶10.)

(6) Extent of NYL's discretion over when and how long TAS Agents worked: The TAS Agreement signed by Participating TAS Agents stated that the Participating TAS Agent was "subject to [NYL's] direction and control" and "will devote the Agent's entire time to the business...." (Hynes Decl. to Opp. ¶20; Ex. D, § 2.) Participating TAS Agents were prohibited from participating in certain "Outside Business Activities." (Anders Decl. ¶11; Ex. A, Agent's Handbook, § I, Y.) Furthermore, Participating TAS Agents were required to attend regular meetings at the GO with GO management. (Anders Decl. ¶12.) Participating TAS Agents were prohibited from operating under a name other than their own and/or establishing or utilizing a personal DBA designation. (Anders Decl. ¶13; Ex. A, Agent's Handbook, § III, E(1).)

(7) Method of payment: Participating TAS Agents were paid commissions and a training allowance. (Hynes Decl. to Opp. ¶19; Ex. D; TAS Agreement at 1, ¶6.) Participating TAS Agents were not permitted to share commissions with non-NYL agents. (Anders Decl. ¶14; Ex. A, Agent's Handbook, § III, 4(B).)

(8) NYL's role in hiring and paying assistants: There was no specified rules with regard to the hiring and payment of assistants, if any, by Participating TAS Agents (who were in training).

(9) Whether the work was a part of the regular business of NYL: Participating TAS Agents sold NYL insurance products, which is an integral part of NYL's business. (Anders Decl. ¶15; Ex. A, Agent's Handbook, § B "Authority of an Agent.")

(10) Whether NYL was in the business: Participating TAS Agents were hired by NYL to sell NYL's insurance products. (Anders Decl. ¶16; Ex. A, Agent's Handbook, § B "Authority of an Agent.")

(11) The provision of employee benefits: Participating TAS Agents meeting minimum production requirements were eligible to participate in the NYL Agents Group Plan. (Anders Decl. ¶5.)

(12) Tax treatment of TAS Agents: Participating TAS Agents were issued W-2 tax forms to report federal income tax withholdings. (Hynes Decl. ¶6.)



BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

With the exception of factor 8—control over the possible hiring and payment of assistants by TAS Agents every *Darden* factor is plainly met. While *Darden* requires an assessing and weighing "...all of the incidents of the relationship...with no one factor being decisive," the primary focus of this inquiry is on the right of control over Participating TAS Agents. *See* 26 CFR 31.3401(c)-1(b). Having established all requirements for an ERISA Plan, the Court's inquiry should end here as it must retain jurisdiction over Plaintiff's disability claim "related to" the NYL Agents Group Plan.

**(3) Plaintiff Was Both a Plan "Participant" And "Beneficiary"**

**(a) Plaintiff Was a Plan "Participant" as a "Statutory Employee" Under Applicable Tax Laws**

Plaintiff has asserted that he is an independent contractor and sole owner of his business and thus not an "employee." In essence, he is asserting that he is not a plan "participant" or "beneficiary." Although Defendants have never argued that Plaintiff is an ERISA common law employee under *Darden,* the "characterization of a worker's position as either 'independent contractor' or 'employee' is not dispositive of that party's status for ERISA purposes." *See Evenson v. First Class Travel, Inc.*, 1990 U.S. Dist. LEXIS 7758, at *11 (N.D. Cal. 1990).

Plaintiff was a "statutory employee" for tax purposes during the relevant period; judicial deference should be given to the tax treatment of an individual in determining whether that person is an "employee" according to ERISA. *See Raymond B. Yates M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1 (2004); *Vizcaino v. Microsoft Corp.*, 97 F.3d 1187 (9th Cir. 1996)(rehearing granted en banc, 120 F.3d 1006 (9th Cir. 1997).

An "employee" under Internal Revenue Code ("IRC") § 3121(d)(3)(B), which relates to an employer's Federal Insurance Contributions Act (FICA) taxes, expressly includes a full-time life insurance salesman like Plaintiff. NYL withheld FICA taxes for Plaintiff and Plaintiff filed W-2 tax forms for tax years 2003, 2004, 2005 and 2006, with marking in § 13 of the W-2 tax form indicating that Plaintiff was a "statutory employee." (Hynes Decl. ¶8; Exs. A through D.)[1] As a "statutory

[1] If ERISA did not to govern, thousands of experienced NYL insurance agents would be required to readjust or refile their taxes for periods in which they filed taxes as "statutory employees."



BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

employee," Plaintiff was eligible for certain benefits provided to "statutory employees" under IRC § 7701(a)(20), which provides full time life insurance salesman with group-term life insurance benefits, accident and health benefits, cafeteria plans, and certain benefits related to retirement plans. Plaintiff was eligible for many, if not all of these benefits, because they were offered as a part of the NYL Agents Group Plan. This approach is confirmed by the Supreme Court's decision in *Yates*, which held that once a plan has employees, it is an ERISA Plan, and that a non-employee (in the case of *Yates*, a "working owner of a business") may qualify as a "participant" entitled to ERISA's protections and rights. The Department of Labor has also opined that full-time life insurance salespeople are "participants." (Dept. of Labor Advisory Op. 78-33A.)

**(b) Plaintiff Was a Plan "Beneficiary" Because the Plan Designated That Plaintiff Was Eligible to Receive Benefits Under the Plan**

Plaintiff argues that his status as an "independent contractor" removes the Plan entirely from ERISA governance, despite the fact that the Plan covered many Participating TAS Agent "employees" during the relevant period and only one is required under DOL regulations interpreting ERISA and Ninth Circuit law. There is no legal authority for this novel assertion, and it is in direct conflict with the established law cited above. Non-employee participants or beneficiaries do not eliminate ERISA application, whereas a single employee participant or beneficiary *requires* ERISA application. Independent of this rule, ERISA preemption applies if all requirements for an ERISA plan are established and Plaintiff is a Plan "beneficiary," despite being an "independent contractor." *See Ruttenberg v. U.S. Life Ins. Co.*, 413 F.3d 652, 660-61 (7th Cir. 2005).

Under ERISA, a "beneficiary" includes "a person...by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). Where, as here, the statutory language is clear, there is no need to resort to any principle of interpretation. *See Kaiser v. Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990). The Ninth Circuit has repeatedly held that a "beneficiary" is not limited to a person designated to receive benefits under a



BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

plan by a "participant." *See Harper v. Am. Chambers Life Ins. Co.*, 898 F.2d 1432, 1434 (9th Cir. 1988); *Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404, 408-09 (9th Cir. 1995).

**(c) As a Matter of Law, an Insurance Agent Who Is an Independent Contractor May Be a Plan "Beneficiary," Provided the Plan Designates Him as One**

At least one federal court has deemed independent contractor insurance agents to be Plan "beneficiaries." *See Peterson v. The Equitable Life Assur. Society of the U.S.*, 57 F. Supp. 2d 692 (W.D. Wisc. 1999). Plaintiff's situation is virtually indistinguishable from the insurance agent in *Peterson*. There, the district court held that Plaintiff's state law claims on his group disability policy were preempted by ERISA. *Peterson*, 57 F. Supp. 2d at 695. Specifically, the Court decided that Peterson, an insurance agent who asserted that he was not an "employee" because he was an "independent contractor", was a plan "beneficiary."

The *Peterson* plaintiff was a life insurance agent for Equitable. He went through a training period, in which he was paid a training allowance and received a copy of the defendant's Agent's Benefits book, which contained a summary plan description of the company's benefits. Plaintiff chose to participate in the defendant's group health and disability insurance plans and also separately purchased an individual policy for long-term disability coverage.

With respect to his claims under the group disability policy, Peterson, like Plaintiff, argued that: "because he was an independent contractor, he [could not] be a 'participant' in the group policies as that term is defined in 29 U.S.C. § 1002(7)." *Peterson*, 57 F. Supp. 2d at 704. The court deemed it "self-evident" that plaintiff was a "beneficiary" of the defendant's benefits plan within the meaning of 29 U.S.C. § 1002(8), opining that: "Whether or not plaintiff is an independent contractor rather than an employee and for that reason cannot qualify as a participant, he is subject to the provisions of ERISA as a beneficiary of the program and of the group insurance policies in particular." *Id.* at 704-05. The court reasoned that he was qualified as a "beneficiary" because he brought this suit to recover benefits he contends are owed to him and he received certain benefits under the benefit plan for many years. *Id.* at 705.

Where the Plan designated the individual as a "beneficiary," the Ninth Circuit has applied the plain language of ERISA to find that ERISA governed the dispute. *See Peterson, supra,* 48 F.3d



BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

at 409. This Court has also held that an "independent contractor" is a plan "beneficiary" with standing to sue for ERISA plan benefits, even if he is not an "employee" under the meaning of ERISA. *Evenson v. First Class Travel, Inc.*, 1990 U.S. Dist. LEXIS 7758 (N.D. Cal. 1990). This approach to the issue of "independent contractor" Plan "beneficiaries" is consistent with that taken by other federal courts. *See, e.g., Hollis v. Provident Life & Acc. Ins. Co.*, 259 F.3d 410 (5th Cir. 2001); *Shyman v. Unum Life Ins. Co.*, 427 F.3d 452 (7th Cir. 2005); *Turnoy v. Liberty Life Assur. Co. of Boston*, 2003 U.S. Dist. LEXIS 1311 (N.D. Ill. 2003).

**(d) Plaintiff Was In Fact a "Beneficiary" Designated by the NYL Agents Group Plan Because Plaintiff Met the Minimum Requirements for Eligibility That Were Set Forth In the Plan**

Under ERISA, a "beneficiary" is "a person…by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). In other words, if the Plan sets forth that the person is a "beneficiary," he is one.

The NYL Agents Group Plan defines eligible individuals. The LTD policy itself, which is a part of the NYL Agent's Group Plan, recites the eligibility requirements for agents, which includes "Established Agents" like Plaintiff. (Hynes Decl. ¶8.) The Agent's Group Plan 2004 Enrollment Handbook reiterates the various types of NYL agents that are eligible for certain benefits, such as LTD. (Rodriguez Decl to Opp. ¶4; Ex. D.) Plaintiff was an "Established Agent" in 2003, 2004 and 2005, among other time periods, and was eligible for and elected Plan benefits in 2004 because he met the requirements for "Established Agents." (Hynes Decl. ¶8; Rodriguez Decl to Opp. ¶4.)

**(4) <u>Because the Plan Covered Both TAS Agent "Employees" and Non-Employee Independent Contractors, Plaintiff's Status as an Independent Contractor or Sole Owner of a Business Does Not Negate ERISA Governance Over the Plan</u>**

Contrary to Plaintiff's assertion, there is no blanket rule that an independent contractor "is not subject to ERISA." (Motion to Remand at 21:19-20, citing *Barnhart v. New York Life Ins. Co.*, 141 F.3d 1310 (1998).) The *Barnhart* opinion does not include any facts that would support this application to this case. There is no indication whether the plaintiff's claim in that action was even for benefits under an ERISA plan or related to his ADEA wrongful termination claim. The inquiry in *Barnhart* related to whether that plaintiff was an "employee" "participant," and not whether he



BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

was a "beneficiary"; there was no discussion whatsoever of "mixed" employee/independent contractor participants and beneficiaries. *Barnhart* is generally not followed for the proposition asserted by Plaintiff, but is rather typically cited for the distinct proposition that a contract containing clear language of "independent contractor" status is only one factor for the court's consideration when applying the *Darden* common law employee test. *See e.g. Hannon v. Avis Rent a Car Sys.*, 107 F. Supp. 2d 1256, 2259 (D. Mont. 2000).

Plaintiff's argument that ERISA cannot apply to plans where the sole insured is the owner of that business is based on a legal rule not applicable to the facts of this case. (Motion to Remand at 23:13-14, citing *Laventure v. Prudential Ins. Co.,* 237 F.3d 1042 (9th Cir. 2001)). The composition of the purported plan in *Laventure* is distinct from the NYL Agents Group Plan. In deciding that no ERISA plan existed, the *Laventure* court found analogous and relied on cases involving sole owners of business, where the plan was established *by* the business owner and covered *only* the business owner. *Laventure*, 237 F.3d at 1047. NYL Agent's Group Plan, to which Plaintiff is a "participant" or "beneficiary," was established by NYL, not Plaintiff, and provided coverage to thousands of NYL agents, including common law "employee" TAS Agents and statutory employees such as Plaintiff. Unlike in *Laventure*, Plaintiff was never the "sole insured" of the Plan, since other agents, including eligible TAS Agents, were participants or beneficiaries under the Plan. Furthermore, in the cases relied on in *Laventure*, the issue "was whether [the plaintiff's] disability *policy* was an ERISA plan." *Id.*(emphasis added). Here, the group disability policy was the funding source for LTD benefits under NYL's Agents Group Plan, which offered its participants and beneficiaries various benefits, not only benefits under the LTD policy. (Rodriguez Decl. to Opp. ¶3; Ex. A, Form 5500, Note 1-Description of the Plan, § A "General".)

### B. A Finding That the Plan Is Not Governed by ERISA Would Have Far-Reaching Negative Implications for Thousands of New York Life Agents

NYL has thousands of agents under contract. At least hundreds of those, if not thousands, participate or are beneficiaries of NYL's Agents Group Plan. A finding that no ERISA Plan exists would adversely affect all of them, in terms of the benefits provided, procedures for claims and for tax purposes. The *Peterson* court deemed it "inimical to the purposes of ERISA to allow agents...to



BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

participate in ERISA-qualified employee benefits programs if they are not subject to ERISA's rules and restrictions when they sue for benefits." *Peterson*, 57 F. Supp. 2d at 705. Allowing agents to sue without regard to ERISA rules and restrictions "could lead to hundreds of different state court rulings, in derogation of the purposes for which ERISA was enacted." *Id.* This approach is consistent with the breadth of ERISA preemption and one of its purposes, which is to prevent "[a]gents [from] su[ing] for and obtain[ing] expansive damages for state tort law claims that might drain the benefit plan, reduce the benefits available or require increases in premiums for others subscribing to the plan." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987).

### C. Because at Least One of Plaintiff's Claims "Relate to" an ERISA Plan, the Court Must Retain Jurisdiction Over that Claim and Should Exercise Supplemental Jurisdiction Over Plaintiff's Other Benefit Claims

Undeniably, ERISA preemption is broad in that ERISA preempts any claim that "has a connection with or reference to such a plan." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 97 (1983). It is undisputed that Plaintiff has asserted a claim for disability benefits NYL Agents Group Plan funded under the LTD policy issued by First Unum. (Rodriguez Decl. to Opp. ¶ 7.)

Original jurisdiction is proper for all claims that are a part of the same case or controversy. *See Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1002 (9th Cir. 2001). All of Plaintiff's disability claims against First Unum, Unum Group and NYL, including his ERISA claim, "form part of the same case or controversy." 28 U.S.C. § 1367. All are based on the same alleged disability, i.e. medical conditions and claimed limitations. First Unum was the claims administrator for Plaintiff's disability claim under the Agents Group Plan and for Physical Incapacity Benefits under the QN6-82. (Rodriguez Decl. to Opp. ¶7.) First Unum was also the claims administrator for Plaintiff's claims under his individual disability income policies. (Curtis Decl. to Opp. ¶¶7-8.) Plaintiff's claims against the Commissioner relate to insurance policy approval over twenty-two years ago and alleged failure to enforce the terms of a settlement with Unum. The QN6-82 contract is not even an insurance policy subject to either of these regulatory issues. Plaintiff opted out of the CSA created as part of the Unum settlement and thus his claims under the individual disability policies are not even potentially subject to that regulatory issue. If remand is granted, it must be of only Plaintiff's



BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

claims against the Commissioner that are entirely distinct from his alleged disability claims for contractual and insurance benefits.

Dated: December 14, 2007

BARGER & WOLEN LLP

By: /s/ J. Russell Stedman
J. RUSSELL STEDMAN
JENNIFER N. LEE
Attorneys for Defendant NEW YORK LIFE INSURANCE COMPANY only

Dated: December 14, 2007

KELLY, HERLIHY & KLEIN LLP

By:/s/ John C. Ferry
THOMAS M. HERLIHY
JOHN C. FERRY
Attorneys for Defendants UNUM GROUP (formerly known as UNUMPROVIDENT CORPORATION), FIRST UNUM LIFE INSURANCE COMPANY (erroneously sued as UNUM CORPORATION) and NEW YORK LIFE INSURANCE COMPANY



BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800