1  J. Russell Stedman (117130), rstedman@barwol.com
   Jennifer N. Lee (230727), jlee@barwol.com
2  BARGER & WOLEN LLP
   650 California Street, 9th Floor
3  San Francisco, California 94108-2713
   Telephone: (415) 434-2800
4  Facsimile: (415) 434-2533

5  Attorneys for Defendant
   NEW YORK LIFE INSURANCE COMPANY only
6
   Thomas M. Herlihy (83615), herlihy@kelher.com
7  John C. Ferry (104411), jferry@kelher.com
   KELLY, HERLIHY & KLEIN LLP
8  44 Montgomery Street, Suite 2500
   San Francisco, California 94104-4798
9  Telephone: (415) 951-0535
   Facsimile: (415) 391-7808
10
   Attorneys for Defendants
11 UNUM GROUP (formerly known as UNUMPROVIDENT CORPORATION),
   FIRST UNUM LIFE INSURANCE COMPANY (erroneously sued as UNUM CORPORATION)
12 and NEW YORK LIFE INSURANCE COMPANY

13

14                    UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16

17 LYLE HUGHES,                          )  CASE NO.: C07-4088 PJH
                                         )
18           Plaintiff,                  )  **DECLARATION OF WILLIAM SCOTT**
                                         )  **ANDERS IN SUPPORT OF**
19      vs                               )  **DEFENDANTS' SUPPLEMENTAL**
                                         )  **BRIEF ON MOTION TO REMAND**
20 UNUMPROVIDENT CORPORATION;            )
   UNUM CORPORATION; NEW YORK LIFE       )  Hearing Date:      November 28, 2007
21 INSURANCE COMPANY; THE                )
   COMMISSIONER OF THE CALIFORNIA        )  Plaintiff's Further Response: January 2, 2008
22 DEPARTMENT OF INSURANCE; and          )
   DOES 1 through 20 inclusive,          )  Complaint Filed: June 28, 2007
23                                       )
             Defendants                  )
24 _____  )

25

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

DECLARATION OF WILLIAM SCOTT ANDERS IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEF ON
MOTION TO REMAND--CASE NO.: C07-4088 PJH

1    I, William Scott Anders, declare as follows.

2    1.    I am a Corporate Vice President involved with agent recruiting, retention and

3    training at New York Life Insurance Company ("NYL")  I have been employed by NYL for the

4    past 21 years, with 12 years of service as a field manager with the Company with responsibility for

5    recruiting, developing and supervising TAS Agents.  I have been responsible for field management

6    development for the Agency Department since 2003.  The Agency Department oversees issues

7    related to NYL agents, including "TAS Agents," who are agents in training that executed a

8    "Training Allowance Subsidy Plan Agreement" ("TAS Agreement").  I am sufficiently familiar

9    with NYL's agents' contracts, compensation and benefits, including the TAS Agreement and issues

10    related to TAS Agent supervision, training, work, compensation and benefits.

11    2.    I submit this declaration in support of NYL's Supplemental Brief on Plaintiff's

12    Motion to Remand   I either have personal knowledge of the matters set forth below, or have

13    sufficient information and belief based upon my general knowledge of NYL agency business and

14    inquiry, and, if called as a witness, could and would testify competently thereto.

15    3.    During the relevant period of 2004 through 2006, NYL made available to all of its

16    agents, including TAS Agents the "Agent/Registered Representative's Handbook" ("Agent's

17    Handbook"), which sets forth the policies and procedures applicable to NYL agents regardless of

18    whether they are "TAS Agents," "Established Agents" or in another agent classification.  The

19    Agent's Handbook sets forth, among other things, NYL's policies and procedures with respect to

20    the following categories: "Rules of Conduct," "Licensing and Registration Process,"

21    "Communications With the Public," "Prohibited Sales Practices and Other Important Rules,"

22    "Books and Records" and "Policy Against Harassment and Complaint Procedure."  Attached hereto

23    as Exhibit A is a true and correct copy of the October 2006 version of NYL's Agent/Registered

24    Representative's Handbook that is generally distributed and applied as to all NYL agents. The

25    Agent's Handbook applicable to agents and TAS Agents during the relevant period of 2004 to 2006

26    was substantially similar with respect to the policies and procedures that are described in the

27    following paragraphs of this Declaration.

2

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO  CA  94108

DECLARATION OF WILLIAM SCOTT ANDERS IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEF ON
MOTION TO REMAND--CASE NO :  C07-4088 PJH

4.    During the relevant period of 2004 to 2006, NYL Agents received copies of the Agent's Handbook and since 2006, the Agent's Handbook has been made generally available to NYL Agents on NYL's intranet. During the relevant period of 2004 to 2006, NYL Agents were required to sign an acknowledgment that they were bound by the policies and procedures set forth in the Agent's Handbook. Specifically, as set forth in the Agent's Handbook, NYL Agents, including all TAS Agents, were required to sign an acknowledgment to the following effect:

    o    "I have read and understand the New York Life Insurance Company and NYLIFE Securities Agent/Registered Representative Handbook (the "Handbook") and applicable sections of The Guide to Suitable Sales ("the Guide")."

    o    "I understand and agree that I am bound by the rules set forth in the Handbook and the Guide, including the Company's policy regarding sexual harassment, and will adhere to these rules, along with all applicable state and federal laws, regulations, and rules, including those promulgated by the National Association of Securities Dealers, as they apply to my activities as an Agent of New York Life and/or as a Registered Representative of NYLIFE Securities."

(Agent's Handbook, p. 3.)

5.    During the relevant 2004 to 2006 period and at other times, Participating TAS Agents who met minimum production requirements were eligible to receive benefits under the Group Plan for New York Life Agents ("Agents Group Plan"), which provided plan participants and beneficiaries with various benefits such as long-term disability benefits.

6.    During the relevant 2004 to 2006 period and at other times, NYL required, among other things, that TAS agents who participated in the Agents Group Plan ("Participating Agents"), be licensed, appointed and have executed the Agents Contract that is executed by all NYL agents before selling NYL's insurance products. The licensing, appointment and Agent's Contract execution requirements for Participating Agents, are set forth in further detail in the Agent's Handbook:

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108

DECLARATION OF WILLIAM SCOTT ANDERS IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEF ON MOTION TO REMAND--CASE NO.: C07-4088 PJH

1   appointed by New York Life, NYLIAC, NYLAZ or other issuers and have signed an
2   Agent's Contract.

3   (Agent's Handbook, § II, A.)

4       7.       During the relevant 2004 to 2006 period and at other times, NYL provided

5   Participating TAS Agents with NYL systems, software and marketing materials to assist the agents

6   with the generation and execution of sales of NYL's insurance products. Specifically, with respect

7   to business-related correspondence used by Participating TAS Agents, NYL regulated the materials

8   that they were permitted to create and use, as set forth in further detail in the Agent's Handbook:

9       Correspondence related to the sale of traditional (non-securities) insurance products
        must be provided to the Managing Partner on a post-use basis. Agents should utilize
10      Company-provided sales materials. *(Note: Training Allowance Subsidy Plan
        Agreement Agents ('TAS Agents') are prohibited from creating their own material*
11      *unless no similar material exists. If it is necessary to create material, TAS Agents
        must have their Sales Development Manager/Supervisor sign the submission form*
12      *attesting that there is no similar material available.)*

13

14  (Agent's Handbook, § III, A)(emphasis added.)

15      8.       During the relevant 2004 to 2006 period and at other times, NYL also provided and

16  required that its Participating TAS Agents use the mailing address of the General Office ("GO")

17  where Participating TAS Agents worked, for purposes of delivery of NYL-related mail. This policy

18  is set forth in further detail in the Agent's Handbook:

19      Agents who are housed in a GO may not establish a Post Office box for the receipt of
        Company mail or otherwise have Company-related mail sent elsewhere to avoid the
20      foregoing review procedure or any other purpose. Housed Agents must also provide
        any faxes or items hand-delivered by a client, that meet the definition of covered
21      correspondence, to their Administrative Manager so it can be logged accordingly.

22  (Agent's Handbook, § III, F(1).)

23      9.       During the relevant 2004 to 2006 period and at other times, Participating TAS

24  Agents were typically housed in a GO of NYL and typically used, on a full-time basis, the offices

25  provided to them within the GO. During the relevant 2004 to 2006 period and at other times, NYL

26  maintained approximately 120 GOs nationwide and provided Participating TAS Agents with the

27  full-time use of space within the GO. As set forth in further detail in the Agent's Handbook, most

2

1    authorized by NYL to establish their own office or create an office within their home. As set forth

2    in further detail in the Agent's Handbook, most TAS Agents are "housed Agents" in that they

3    maintain an office within the physical confines of the GO.

4           NYLIFE maintains General Offices, and the Managing Partner of each general
            Office is responsible for supervising the Agents associated with the General Office.
5           All agents are associated with a General Office and subject to the supervision of the
            Managing Partner of that General Office. Each agent maintains an office either (i)
6           within the physical confines of the General Office (i.e. "housed Agents"); or (ii) in a
            location outside the physical confines of the General Office (i.e. "detached Agents"
7           or "detached locations").

8    (Agent's Handbook, § I, G.)

9           10.    During the relevant 2004 to 2006 period and at other times, NYL had the exclusive

10   right to assign additional work, including but not limited to evening phone calling sessions and

11   Saturday morning development sessions, to Participating TAS Agents.

12          11.    During the relevant 2004 to 2006 period and at other times, NYL retained discretion

13   over when and how long Participating TAS Agents worked. For example, as set forth in further

14   detail in the Agent's Handbook:

15          TAS Agents may not engage in any ["Outside Business Activities" or "OBA"] that
            involves active participation in a commercial enterprise, any other sales activities or
16          any activity that, in the judgment of the Company, would violate the full-time nature
            of the TAS Agent's employment; and
17
            Brokering traditional life products, except through a Company-Sponsored Marketing
18          Agreement (SMA) operating under a DBA.

19   (Agent's Handbook, § I, Y "Outside Business Activities (OBA), Agents Operating Under TAS
     Agreements.")
20
            12.    During the relevant 2004 to 2006 period and at other times, Participating TAS
21
     Agents were required to attend regular meetings at the GO with GO management, such as weekly
22
     performance reviews.
23
            13.    During the relevant 2004 to 2006 period and at other times, Participating TAS
24
     Agents were prohibited from operating under a name other than their own and/or establishing or
25
     utilizing a personal "Doing Business As" ("DBA") designation, as set forth in further detail in the
26
     Agent's Handbook:
27

2

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108

DECLARATION OF WILLIAM SCOTT ANDERS IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEF ON
MOTION TO REMAND--CASE NO. C07-4088 PJH

1           TAS Agents are generally prohibited from operating under a name other than their
2   own and/or establishing or utilizing a personal Doing Business As ("DBA")
   designation.

3
4   (Agent's Handbook, § III, E(1).)

5       14.   During the relevant 2004 to 2006 period and at other times, Participating TAS
6   Agents were not permitted to share commissions with non-NYL agents, as set forth in further detail
7   in the Agent's Handbook:

8           Non-TAS Agents are permitted to share commissions with licensed non-NYL agents
   and issue Form 1099, under the conditions set forth above, only in those jurisdictions
9   that permit this practice. TAS Agents are not permitted to engage in such
   arrangements.

10
11   (Agent's Handbook, § III, 4(B) )

12       15.   During the relevant 2004 to 2006 period and at other times, Participating TAS
13   Agents sold NYL insurance products. The sale of insurance products is and was an integral part of
14   NYL's business. The nature of the Participating TAS Agents' relationship to New York Life's
15   business is set forth in further detail in the Agent's Handbook:

16           TAS Agents sell NYL insurance products. Sales through agents are an integral part
   of NYL's business.

17   (Agent's Handbook, § B "Authority of an Agent".)

18       16.   During the relevant 2004 to 2006 period and at other times, Participating TAS
19   Agents were hired by NYL to perform duties related to the sales of NYL insurance products. The
20   nature of TAS Agents' roles are set forth more fully in the Agent's Handbook and TAS Agreement.
21   (Agent's Handbook, § B "Authority of an Agent.")

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
DECLARATION OF WILLIAM SCOTT ANDERS IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEF ON
MOTION TO REMAND—CASE NO : C07-4088 PJH

1    I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct. Executed this /9th day of December 2007 in *New York* , New York.

3

4                                                   William Scott Anders

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

2

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108

DECLARATION OF WILLIAM SCOTT ANDERS IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEF ON
MOTION TO REMAND--CASE NO. C07-4088 PJH