Ray Bourhis, Esq. SBN 53196
Lawrence Mann, Esq. SBN 83698
Bennett M. Cohen, Esq. SBN 90865
**BOURHIS & MANN**
1050 Battery Street
San Francisco, CA 94111
Tel: (415) 392-4660; Fax: (415) 421-0259

Attorneys for Plaintiff LYLE HUGHES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYLE HUGHES,<br><br>　　Plaintiff,<br><br>v.<br><br>UNUMPROVIDENT CORPORATION, UNUM CORPORATION, NEW YORK LIFE INSURANCE COMPANY, THE COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE and DOES 1 through 20, inclusive<br><br>　　Defendants. | ) Case No.: C 07-4088 PJW **(E-FILING)**<br>)<br>) PLAINTIFF LYLE HUGHES'<br>) SUPPLEMENTAL BRIEF IN SUPPORT<br>) OF MOTION TO REMAND BACK TO<br>) STATE COURT AND REQUESTS FOR<br>) COSTS AND FEES (28 U.S.C. §§1332 and<br>) 1447(c))<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Pursuant to the Court's Order Re Motion To Remand" dated November 30, 2007, Plaintiff submits the following response.

A. <u>**NON-OPPOSITION WITH RESPECT TO NEW YORK LIFE GROUP LONG TERM DISABILITY POLICY**</u>

In the Court's Order, the Court limited briefing to whether the New York Life Group Long Term Disability Policy is governed by ERISA and, more specifically, whether the persons insured under this particular policy are employees or independent contractors under *Nationwide Mut. Ins.*

*Co. v. Darden* 503 U.S. 318 (1992).

Based on the showing made by Defendant Insurer's, Plaintiff does not presently contest that this policy is subject to ERISA and that federal jurisdiction applies to the dispute arising under this policy <u>only</u>.

Plaintiff wishes to stress that, based upon the Court's Order, all <u>other</u> policies and/or contracts under which Plaintiff claims benefits or compensation are not governed by ERISA. As the Court has found that diversity of jurisdiction does not exist as to all policies and contracts other than the New York Life Group Long Term Disability policy, remand as to these policies and/or contracts, Plaintiff respectfully submits, is required by federal law.

### B. <u>OBJECTIONS TO DEFENDANT INSURER'S ATTEMPTED RE-ARGUMENT REGARDING SUPPLEMENTAL JURISDICTION</u>

Without the Court's permission, Defendant Insurer improperly attempts to re-argue the Court's ruling that it has no jurisdiction to hear Plaintiff's claims arising under any policies or contracts <u>other</u> than possibly the New York Life Group Long Term Disability Policy. (Defendant Insurer's Supplemental Brief, pages 14-15). Plaintiff, accordingly, objects to Defendant Insurer's improper and unauthorized argument that the Court should assume supplemental jurisdiction over Plaintiff's state law based claims.

In the event that the Court decides to consider Defendant Insurer's further argument, Plaintiff respectfully invites the Court's attention to the arguments Plaintiff has already made regarding the propriety of the federal court hearing and adjudicating Plaintiff's state law claims, especially the arguments set forth in Plaintiff's reply brief.

Dated: January 2, 2008

BOURHIS & MANN

By: _____
Ray Bourhis, Esq.
Lawrence Mann, Esq.
Bennett M. Cohen, Esq.
Attorneys for Plaintiff LYLE HUGHES

## PROOF OF SERVICE
### Lyle Hughes v. Unumprovident Corporation, et al.
### U.S. District Court, Northern District of California, Case No. C07-4088 PJW

I am a resident of the State of California, over the age of eighteen years and not a party to this action. My business address is 1050 Battery Street, San Francisco, California 94111. On January 2, 2008, I will serve the following documents:

PLAINTIFF LYLE HUGHES' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO BACK TO STATE COURT AND REQUESTS FOR COSTS AND FEES (28 U.S.C. §§1332 and 1447(c))

in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid. I am employed in the county where the mailing described below occurred, and am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed a true copy of the specified document(s) in a sealed envelope(s) with postage thereon fully prepaid. The envelope(s) will be deposited with the United States Postal Service on this day in the ordinary course of business in San Francisco, California.

**UNUMPROVIDENT CORPORATION, etc.**
John C. Ferry, Esq.
Thomas M. Herlihy, Esq.
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Ste. 2500
San Francisco, CA 94104-4798
Phone: (415) 951-0535
Fax:   (415) 391-7808
Email: jferry@kelher.com
Email: herlihy@kelher.com


**(X) (FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at San Francisco, California, on January 2, 2008.

_Mary M. Martin_