UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LYLYE HUGHES,

    Plaintiff,

    v.

UNUMPROVIDENT CORPORATION, et al.,

    Defendants.

_____/

No. C 07-4088 PJH

**ORDER GRANTING REMAND IN PART AND DENYING REMAND IN PART**

On November 30, 2007, the court ordered further briefing in connection with plaintiff's motion to remand the complaint for lack of subject matter jurisdiction. Specifically, the court sought further briefing on the issue whether the group long term disability plan submitted into evidence by defendants is in fact governed by ERISA, such that ERISA preemption applies to plaintiff's state law claims. Having now duly considered defendants' supplemental brief in opposition to the motion for remand, as well as plaintiff's supplemental brief in support of the motion, and for good cause shown, the court hereby GRANTS plaintiff's motion to remand in part, and DENIES it in part.

First, federal jurisdiction is warranted with respect to all claims premised upon the denial of benefits under the New York Life Group Long Term Disability Plan ("Group LTD Plan"). Significantly, plaintiff now concedes that at least some of his claims are brought pursuant to this plan and that the plan is subject to ERISA, such that the exercise of federal jurisdiction is warranted. See Pl's. Supp. Br. at 2:2-4 ("[p]laintiff does not presently contest that this policy is subject to ERISA and that federal jurisdiction applies to the dispute arising under" it). This concession, in addition to the showing made by defendants in their original and supplemental opposition briefs, compel the court's conclusion that (1) ERISA governs

the Group LTD Plan in question; and (2) ERISA furthermore preempts plaintiff's first, second, third, and fourth causes of action, since each of these claims depends in part on, and relates to, the Group LTD Plan.  See, e.g., 29 U.S.C. § 1132(e)(federal courts have concurrent jurisdiction over individual claims for benefits "under the terms of [a] plan," or to enforce or clarify rights "under the terms of [a] plan" brought pursuant to Section 502(a)(1)(B)); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987)(state law claims that "relate to an employee benefit plan" are preempted and may be removed); Tingey v. Pixley-Richards West, Inc., 953 F.2d 1124, 1129-30 (9th Cir. 1992)(same); Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1404, (9th Cir. 1988)(for purposes of ERISA-preemption, "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan").  Accordingly, remand is DENIED with respect to these claims.

In so ruling, the court also rejects plaintiff's request that the court partially remand the first through fourth causes of action, to the extent they set forth claims based on policies and contracts *other* than the Group LTD Plan.  Plaintiff asserts that partial remand of these claims is required, in view of the court's prior finding that diversity of jurisdiction does not exist as to all policies and contracts other than the Group LTD Plan.  However, although the court's November 30 order expressly stated that the California Insurance Commissioner had been properly named, therefore destroying diversity jurisdiction with respect to these state law claims, the order also expressly noted that the court was unable to conclusively decide whether plaintiff's state law claims were preempted by ERISA, due to lack of clarity regarding the group long term disability plan introduced by defendants.  See November 30, 2007 Order at 2.  Now that the parties have established ERISA preemption with respect to the Group LTD Plan, the court concludes that federal question jurisdiction is appropriate with respect to *all* claims premised on the denial of plaintiff's disability benefits.  This is largely because plaintiff's complaint is so poorly pled with respect to the various different policies and contracts at issue, that it is impossible for the court to

adequately determine what portion of plaintiff's claims relates to the Group LTD Plan exclusively, and which portion relates to any policies and contracts other than the Group LTD Plan. Accordingly, the court assumes federal jurisdiction over plaintiff's first through fourth causes of action – all of which allege a failure to pay disability benefits – in their entirety, and remand is denied as to these claims. See, e.g., 28 U.S.C. § 1367(a)(allowing supplemental jurisdiction over related claims that "form part of the same case or controversy"). This denial is without prejudice, however, to plaintiff's ability to seek remand of all claims that pertain to policies and contracts other than the Group LTD Plan, should it become clear that such policies and contracts present distinct claims that can be segregated from the plaintiff's claim pursuant to the Group LTD Plan.

Remand is GRANTED, however, with respect to plaintiff's fifth, sixth, and seventh causes of action. Both parties acknowledge that remand as to plaintiff's claims against the Commissioner are warranted, in view of the court's earlier finding regarding lack of diversity jurisdiction with respect to those claims against the Commissioner. Furthermore, and although the court does not reach the issue conclusively here, it is probable that Eleventh Amendment immunity applies.

For all the above reasons, plaintiff's motion to remand is GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**

Dated: February 6, 2008

PHYLLIS J. HAMILTON
United States District Judge

3