J. Russell Stedman (117130), rstedman@barwol.com
Jennifer N. Lee (230727), jlee@barwol.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California 94108-2713
Telephone: (415) 434-2800
Facsimile: (415) 434-2533

Attorneys for Defendant
NEW YORK LIFE INSURANCE COMPANY only

Thomas M. Herlihy (83615), herlihy@kelher.com
John C. Ferry (104411), jferry@kelher.com
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, California 94104-4798
Telephone: (415) 951-0535
Facsimile: (415) 391-7808

Attorneys for Defendants
UNUM GROUP (formerly known as
UNUMPROVIDENT CORPORATION),
FIRST UNUM LIFE INSURANCE COMPANY
(erroneously sued as UNUM CORPORATION) and
NEW YORK LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYLE HUGHES, | CASE NO.: C07-4088 PJH |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. | Date: February 14, 2008<br>Time: 2:30 p.m. |
| UNUMPROVIDENT CORPORATION; UNUM CORPORATION; NEW YORK LIFE INSURANCE COMPANY; THE COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE; and DOES 1 through 20 inclusive, | THE HONORABLE PHYLLIS J. HAMILTON<br><br>Complaint Filed: June 28, 2007 |
| Defendants. | |

Pursuant to the Court's Initial Case Management Scheduling Order and the Court's Order of January 7, 2008 approving the parties' stipulation to continue the case management conference and the deadline to submit a joint case management statement in the above-entitled action, the parties, through their counsel of record, jointly submit this Case Management Statement.

## 1. JURISDICTION AND SERVICE

Defendants removed this action for declaratory, injunctive, and monetary relief pursuant to § 502 of ERISA (29 U.S.C. § 1132), the Declaratory Judgment Act, 28 U.S.C. § 2201 and 28 U.S.C. § 1367. Plaintiff's motion to remand the action is presently pending. The motion has been fully briefed, oral argument has been held and the matter is submitted.

All parties except the Commissioner of the California Department of Insurance have appeared and answered. There are no unserved parties to this action, nor do the parties currently have any intent to join any additional parties in this matter.

## 2. FACTS

This is a dispute over benefits to Plaintiff Lyle Hughes ("Plaintiff") under a long-term group disability policy (which Plaintiff does not contest is governed by ERISA, hereafter referred to as the "Plan"), two individual disability income insurance policies and the New York Life Insurance Company ("NYL") contract no. QN6-82. Plaintiff filed a claim for benefits, claiming to be totally disabled from performing the duties of his occupation as a NYL insurance agent.

Plaintiff filed this action in San Francisco County Superior Court claiming breach of contract, breach of the covenant of good faith and fair dealing, intentional and negligent misrepresentation and intentional infliction of emotional distress against defendants Unum Group, First Unum Life Insurance Company (collectively "Unum") and NYL. Plaintiff also asserted causes of action for writ of mandamus and declaratory relief against the Commissioner of the California Department of Insurance.

On August 8, 2007, Unum and NYL removed the case to this Court on federal question and diversity jurisdiction grounds. Plaintiff filed his Motion to Remand on September 11, 2007.

Plaintiff contends as follows:

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

- He is disabled under the terms and provisions of all policies and contracts. He suffers from fibromyalgia, inflammatory arthritis, myofascial pain syndrome, a bi-polar condition, sleep apnea, rheumatoid arthritis and lupus. Plaintiff's symptoms include significant pain, fatigue, inability to focus and impairment of memory. Plaintiff's symptoms are worsening.
- Due to Plaintiff's illnesses and incapacitating symptoms, he is unable to perform his duties as an insurance agent or perform any other jobs for which he is suited by reason of schooling, training or experience.
- Plaintiff calculates that his disability benefits from all policies projected over 19 years (to age 65) equal $1,354,870.00.
- Plaintiff contends that the Defendants' denial of disability benefits has been patently erroneous and in bad faith. Plaintiff further contends that by reason of Defendants' denial, they are liable not only for policy benefits but also for damages for emotional distress and for punitive damages. Plaintiff further contends that with respect to the Plan, benefits are owing as the Defendants' denial was improper under any standard of review—whether the *de novo* standard or the arbitrary and capricious standard.

Unum and NYL contend that Plaintiff has failed to establish that he is disabled and entitled to disability benefits under any of the policies at issue in this litigation.

NYL further contends that the NYL contract no. QN6-82, which was entered into between NYL and Plaintiff due to his status as an eligible NYL insurance agent, is not an insurance policy, but rather a contract between NYL and Plaintiff which relates to his compensation. In addition, NYL contends, and intends to address further by way of a partial summary judgment motion, that it did not breach the QN6-82 contract because it paid Plaintiff all amounts due under the contract.

### 3.    LEGAL ISSUES

The principal legal issues in dispute are:

1) the proper standard and scope of review this Court should apply in resolving Plaintiff's claim for benefits under the Plan;

2) whether there has been a breach of the QN6-82 contract;

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-3-
JOINT CASE MANAGEMENT STATEMENT
CASE NO.: C07-4088 PJH

3) whether New York Life's QN6-82 contract is an insurance policy;

4) whether the Court's review is limited to the administrative record or whether consideration of additional evidence will be allowed with respect to Plaintiff's claim under the Plan;

5) whether Plaintiff and Defendants have fulfilled their respective duties under the terms of the Plan;

6) whether Plaintiff is entitled to payment of his claim for disability benefits under the Plan or any other contractual benefits because he is "totally disabled"; and

7) whether any party is entitled to attorneys' fees under the facts of this case.

### 4.   MOTIONS

Unum and NYL removed the action to this Court. Plaintiff filed a motion to remand that has been fully briefed, argued and submitted. The parties are presently awaiting the Court's Order on the remand motion.

The parties presently contemplate that there will be motions for summary judgment and partial summary judgment on the standard of review, whether there has been a breach of the QN6-82 contract and whether the QN6-82 contract is even an insurance policy.

With respect to the Plan, Plaintiff may bring a motion for summary judgment. At this time, Plaintiff does not anticipate bringing any other motions prior to trial.

### 5.   AMENDMENT OF PLEADINGS

The parties do not anticipate amending their respective pleadings at this time.

### 6.   EVIDENCE PRESERVATION

The parties do not anticipate any difficulties with the preservation of evidence.

### 7.   DISCLOSURES

Pursuant to stipulation, the parties will complete their initial disclosures by February 14, 2008.

### 8.   DISCOVERY

It is Defendants' position that because this case is governed by ERISA, no discovery on the merits is appropriate. Defendant NYL's additional position is that discovery may be required on whether there has been a breach of the QN6-82 contract.

-4-

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

JOINT CASE MANAGEMENT STATEMENT
CASE NO.: C07-4088 PJH

Plaintiff reserves his right to conduct discovery.

No discovery has been taken to date, as the parties are still awaiting a determination of jurisdictional issues. The parties intend to proceed with discovery in accordance with the discovery rules set forth in Fed. R. Civ. P. 26.

## 9.  CLASS ACTIONS

This is not a class action.

## 10.  RELATED CASES

There are no related cases.

## 11.  RELIEF

At this time, Plaintiff anticipates seeking the following relief: $1,354,870.00 in policy benefits, $1,000,000.00 in damages for mental distress, $451,948.00 in attorney's fees, and $20,000,000.00 in punitive damages.

Defendants seek their attorneys' fees and costs as authorized under the ERISA statute.

## 12.  SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

The parties will pursue private mediation. The defendants' motions for summary judgment and partial summary judgment (as to Plaintiff's claim on the QN6-82 contract) should be determined prior to attempting mediation, as the adjudications are anticipated to affect the settlement negotiations.

## 13.  CONSENT TO MAGISTRATE JUDGE

The parties do not consent to a magistrate judge conducting all further proceedings in this matter.

## 14.  OTHER REFERENCES

The parties do not believe this matter is appropriate for binding arbitration or any other type of reference.

## 15.  NARROWING OF ISSUES

The determination of the standard of review and the applicability of the QN6-82 contract will assist in narrowing the issues.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-5-
JOINT CASE MANAGEMENT STATEMENT
CASE NO.: C07-4088 PJH

### 16, 17 & 18.    EXPEDITED SCHEDULE

The parties do not believe that this matter can be handled on an expedited basis with streamlined procedures. The parties request a trial date in the winter of 2008, with pre-trial discovery and other deadlines set in accordance with the Federal Rules of Civil Procedure. This trial date will allow for all appropriate summary judgment and partial summary judgment motions to be concluded in this case. It will further allow the parties to explore the possibility of settlement with the benefit of the information obtained through their initial disclosures and discovery.

The length of the trial, and whether all or part will be decided by a bench trial, will be determined by the Court's ruling on Plaintiff's remand motion.

### 19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES

At this time, Plaintiff knows of no person or entity other than the parties to this action and any parties which might be identified by the Defendants who may have a pecuniary interest in the outcome of the case.

Defendants Unum and NYL have filed Certifications of Interested Entities or Persons as required by L.R. 3-16. The following listed party (or parties) may have a pecuniary interest in the outcome of this case:

Unum Group

UnumProvident Corporation

First Unum Life Insurance Company

Unum Life Insurance Company

Unum Corporation

The Paul Revere Life Insurance Company

### 20.    OTHER MATTERS

The parties are aware of no other matters that may facilitate the just, speedy and inexpensive disposition of this matter, other than those set forth in the foregoing.

-6-
JOINT CASE MANAGEMENT STATEMENT
CASE NO.: C07-4088 PJH

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

| | | |
|---|---|---|
| 1 | Dated: February 7, 2008 | BARGER & WOLEN LLP |
| 2 | | |
| 3 | | By: /s/ J. Russell Stedman |
| 4 | | J. RUSSELL STEDMAN<br>JENNIFER N. LEE |
| 5 | | Attorneys for Defendant NEW YORK<br>LIFE INSURANCE COMPANY only |
| 6 | | |
| 7 | Dated: February 7, 2008 | KELLY, HERLIHY & KLEIN LLP |
| 8 | | |
| 9 | | By: /s/ John C. Ferry |
| 10 | | THOMAS M. HERLIHY<br>JOHN C. FERRY |
| 11 | | Attorneys for Defendants UNUM<br>GROUP (Formerly known as |
| 12 | | UNUMPROVIDENT CORPORATION)<br>and FIRST UNUM LIFE INSURANCE |
| 13 | | COMPANY (erroneously sued as UNUM<br>CORPORATION) and NEW YORK<br>LIFE INSURANCE COMPANY |
| 14 | | |
| 15 | Dated: February 7, 2008 | BOURHIS & MANN |
| 16 | | |
| 17 | | By: /s/ Bennett M. Cohen |
| 18 | | LAWRENCE MANN<br>BENNETT COHEN |
| 19 | | Attorneys for Plaintiff<br>LYLE HUGHES |

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-7-
JOINT CASE MANAGEMENT STATEMENT
CASE NO.: C07-4088 PJH