UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYLE HUGHES,<br><br>    Plaintiff,<br><br>v.<br><br>UNUMPROVIDENT CORPORATION; UNUM CORPORATION, NEW YORK LIFE INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No.:   CV07-04088 PJH<br><br>**[PROPOSED] ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, JUDGMENT UNDER RULE 52**<br><br>Date     :   August 27, 2008<br>Time    :   9:00 a.m.<br>Courtroom :   3<br>Floor     :   17<br>Before   :   Hon. Phyllis J. Hamilton |

The motion of defendants, Unum Group (formerly known as Unumprovident Corporation), First Unum Life Insurance Company (erroneously sued as Unum Corporation) (hereafter, jointly, "Unum") and New York Life Insurance Company, came on for hearing pursuant to proper notice on August 27, 2008; appearances of counsel for the parties having been noted in the Court's minutes; and good cause appearing, the Court hereby GRANTS defendants' motion for partial summary judgment.

---

1

[PROPOSED] ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, JUDGMENT UNDER RULE 52
USDC NDCA Case #CV07-044088 PJH
364255.1

1  The record before this Court, and the previous concession of plaintiff at the time of his motion to remand, establish that defendant New York Life Insurance created a Group Long Term Disability plan for certain of its employees, and made participation in that plan available to certain of its agents. That plan, and the plaintiff's claims for benefits under that plan, are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA).

The terms of that plan appoint defendant, First Unum Life Insurance Company as the claims fiduciary for the plan, and grant it discretionary authority to resolve claims and pay benefits, such that benefits under the plan "will be paid only if Unum, as claims fiduciary, decides in its discretion that the applicant is entitled to them." In this circumstance, the Court's review of Unum's decision is limited to the information contained in the administrative record of the claim, *Abatie v. Alta Health & Life Ins.*, 458 F.3d 955, 970 (9th Cir. 2006), and Unum's decision must be upheld unless it is "arbitrary and capricious." *Metropolitan Life v. Glenn*, No. 06-923, slip op. at 4 (June 19, 2008), *citing Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

When the decision of an ERISA plan administrator's decision will be reviewed for an abuse of discretion, "a motion for summary judgment is merely the conduit to bring the legal question before the district court and the usual tests of summary judgment, such as whether a genuine dispute of material fact exists, do not apply." *Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999). Therefore, the Court rules that the defendants' motion for partial summary judgment is an appropriate procedure for the resolution of plaintiff's ERISA claims here.

The administrative record in this matter, even when viewed with a "level of skepticism," *Abatie, supra,* 967-68, does not create "a 'definite and firm conviction that a mistake has been committed.'" *Snow v. Standard Insurance Company*, 87 F3d 327, 329 (9th Cir 1996). Unum did not make "a decision without any explanation, or in a way that conflicts with the plain language of the plan, or that is based on clearly erroneous findings of fact." *Atwood v. Newmont Gold Co., Inc.*, 45

F.3d 1317, 1323-24 (9th Cir 1995), *overruled on other grounds in Abatie, supra*, 458 F.3d at 966-68. Although evidence favoring plaintiff does appear in the administrative record, taking the evidence in that record as a whole, Unum's decision was reasonable, and did not constitute an abuse of discretion. Therefore, the Court rules that plaintiff has no right to any past benefits under the New York Life Insurance Company long term disability plan, and no rights to any future benefits under that plan. 29 U.S.C. § 1132(a)(1)(B).

For the above reasons, defendants have no liability to plaintiff on his ERISA claims as a matter of law, and defendants' motion for partial summary judgment is hereby GRANTED.

Dated:_____     By:_____
                          HONORABLE PHYLLIS J. HAMILTON
                          UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, JUDGMENT UNDER RULE 52
USDC NDCA Case #CV07-044088 PJH
364255.1