```
 1  THOMAS M. HERLIHY (SBN 83615)
    LAWRENCE J. ROSE (SBN 129511)
 2  WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP
 3  525 Market Street, 17th Floor
    San Francisco, CA  94105
 4  Telephone:   (415) 433-0990
    Facsimile:   (415) 434-1370
 5
    Attorneys for Defendants
 6  UNUM GROUP (formerly known as UNUMPROVIDENT CORPORATION),
    FIRST UNUM LIFE INSURANCE COMPANY (erroneously sued as
 7  UNUM CORPORATION) and NEW YORK LIFE INSURANCE COMPANY

 8  J. RUSSELL STEDMAN  (SBN 117130)
    JENNIFER N. LEE  (SBN 230727)
 9  BARGER & WOLLEN LLP
    650 California Street, 9th Floor
10  San Francisco, CA  94108
    Telephone:   (415) 434-2800
11  Facsimile:   (415) 434-2533

12  Co-Counsel for NEW YORK LIFE INSURANCE COMPANY only
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYLE HUGHES,<br><br>   Plaintiff,<br><br>v.<br><br>UNUMPROVIDENT CORPORATION; UNUM CORPORATION, NEW YORK LIFE INSURANCE COMPANY, et al.,<br><br>   Defendants. | Case No.:   CV07-04088 PJH<br><br>**DEFENDANTS' OBJECTIONS TO THE DECLARATION OF JOHN SARGENT AND MOTION TO STRIKE SAME**<br><br>Hearing Date : September 17, 2008<br>Time          : 9:00 a.m.<br>Courtroom     : 3<br>Floor         : 17 |

Defendants, Unum Group (formerly known as Unumprovident Corporation), First Unum Life Insurance Company (erroneously sued as Unum Corporation) and New York Life Insurance Company, hereby submit these objections to the declaration testimony of John Sargent, plaintiff's

---

1

**DEFENDANTS' OBJECTIONS TO DECLARATION OF JOHN SARGENT**

retained expert witness, ("Sargent declaration") averred to support plaintiff's opposition to the defendants' motion for partial summary judgment, or in the alternative, motion for judgment under Rule 52.

## OBJECTIONS

1.  Defendants object to the Sargent declaration in its entirety, and move that it be stricken, on the grounds that the declaration is an impermissible attempt to augment the administrative record, in violation of the substantive law governing ERISA claims. As demonstrated in defendants' opening and reply briefs, Unum's decision in this case is assessed under a deferential standard review; therefore, under established Ninth Circuit precedent, this court's analysis must be based solely on the information contained in the administrative record of the claim. *Abatie v. Alta Health & Life Ins.*, 458 F.3d 955, 970 (9th Cir. 2006), citing *Jebian v. Hewlett-Packard Co. Emple. Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1110 (9th Cir. 2003). Indeed, even if a *de novo* standard of review were applied, "the record that was before the administrator furnishes the primary basis for review." *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999). Use of the Sargent declaration, which purports to rely on a regulatory investigation that is not even attached to the declaration, and is certainly not part of the plaintiff's administrative record, and a ten (10) page quote from a website discussion of fibromyalgia, is precisely the type of material that should be excluded under the Ninth Circuit Court's clear guidance: "a district court should not take additional evidence merely because someone at a later time comes up with new evidence that was not presented to the plan administrator." *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 944 (9th Cir. 1995).

In this regard, the Sargent declaration is irrelevant: nothing contained in the declaration makes any fact of consequence more or less likely, because the facts in this matter are contained in the administrative record, and their analysis is to be performed by the Court under the requisite abuse of discretion standard. This declaration, therefore, should be stricken.

2.  Defendants object to the Sargent declaration in its entirety, and move that it be stricken on the grounds that the declarant bases his opinions upon, and uses as their foundation,

sources that are not within the plaintiff's administrative record in this matter. Thus, even if expert testimony might ever be admissible by declaration in a motion for judgment under ERISA, the Sargent declaration remains defective, because the opinions set forth are based on specific materials, cited by the declarant, that are not contained in the administrative record. For example, the declarant testifies at page 3, lines 3-12, that he examined and relied upon several medical articles about fibromyalgia that he apparently obtained himself. Similarly, the declaration is replete with references to the "report" of the Multistate Market Conduct Examination, which is not present before the Court, and certainly not part of the administrative record. The declaration demonstrates that Sargent's review of this matter has been permeated by this information that he obtained through these extra-juridical sources, and therefore the declaration in its entirety should be stricken.

3. Defendants object to the Sargent declaration in its entirety, and move that it be stricken as improper legal opinion. Although Sargent attempts to cloak his personal opinions with references to industry standards, the actual goal of this declaration is revealed in its discussion of case law and regulatory "requirements." For example, at page 4, lines 18ff, the declarant attempts to use a decision of a South Carolina federal court as a basis to testify to what Unum allegedly should have known, while at page 21, line 23-25, he refers to "mandates" supposedly imposed by the Market Conduct Examination. Other examples could easily be found, as well.

"The lay witness may not, however, testify as to a legal conclusion, such as the correct interpretation of a contract." *United States v. Crawford*, 239 F.3d 1086, 1090 (9th cir 2001), citing *Evangelista v. Inlandboatmen's Union of Pacific*, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985)(union official not permitted to testify to proper grievance handling). Nor will special training in a field that might be tangentially related to the issues permit a witness to usurp the functions of the Court. *See Calloway v. Contra Costa County Jail*, 2007 U.S. Dist. LEXIS 3038 *47-48 (N.D. Cal. 2007)(physician's testimony regarding sufficiency of evidence stricken insofar as it constitutes legal opinion); *First Nat'l Mortg. Co. v. Fed. Realty Inv. Trust*, 2006 U.S. Dist. LEXIS 57113 *41 (N.D. Cal. 2006)(real estate expert prohibited from testifying to validity of contract).

1   Of note, the District Court for the Southern District of Indiana excluded Mr. Sargent's
2   testimony in a "bad faith" case on exactly this ground. *Mohler v. Standard Ins. Co.*, 2007 U.S. Dist.
3   LEXIS 6657 *6-8 (S.D. Ind. 1/26/2007). The court noted that Sargent's "'methodology' involves
4   reviewing the medical file chronologically to determine whether [plaintiff] received a fair
5   evaluation." *Id.* at *7. The court concluded that under Seventh Circuit precedents construing the
6   Federal Rules, that was "not the appropriate role of a expert witness." *Id.*
7   In this ERISA case, in which the substantive law requires that the Court perform a sensitive
8   analysis under a deferential standard of review, the opinions expressed in the Sargent declaration
9   serve no legitimate purpose, and should be excluded as improper legal conclusions.
10  4. Defendants object to the material set out at pages 3 through 10 of Sargent declaration,
11  and move that those pages be stricken as incompetent medical opinion. For example, the declaration
12  makes clear that Sargent performed his own medical research (*e.g.*, page 3, lines 8-10, identifying
13  medical journal articles that he "consulted"), and draws his own medical conclusions (*e.g.*, page 4,
14  line 7, deciding that "Unum's position is inconsistent with ... medical literature"). From page 5
15  through page 9 of the declaration, Sargent discusses plaintiff's medical records and offers medical
16  opinion – including his own conclusion on the ultimate issue, that "Hughes has a debilitating
17  medical condition that significantly impairs his work function."
18  All of this is improper. The defendants recognize that insurance professionals, as well as
19  lawyers and judges, may develop some familiarity with medical terms and conditions. Lawyers are
20  free to argue the import of those terms in their briefs, but insurance claims personnel are not entitled
21  to offer medical opinions as if they were evidence. Given that 5 pages of the 30 page declaration
22  recite and comment on medical facts, and 10 more pages are a hearsay discussion of fibromyalgia, it
23  is no exaggeration to say that the entire declaration flows with incompetent opinion. The
24  declaration, therefore, should be stricken in its entirety; at a minimum, the improper opinions at
25  pages 3 through 10 must be stricken.
26  5. Defendants object to the material set out in pages 10 through 21 of the Sargent
27  declaration, purporting to be "information obtained from the Mayo's Clinic website regarding

fibromyalgia," and move that those pages be stricken on the grounds that this material is an improper attempt to augment the administrative record and is therefore irrelevant, constitutes incompetent medical testimony, is hearsay, and violates the Best Evidence Rule, Federal Rule of Evidence 1002.

Defendants incorporate here their previous arguments regarding plaintiff's improper attempts to augment the record and introduce medical opinion. In this instance, however, those arguments apply with additional force, because this material is also hearsay: the declarant seeks to introduce the out-of-court statements of the Mayo Clinic (reportedly) for the truths that they assert – the supposed symptoms, evaluation, treatment and sequelae of fibromyalgia. For that reason alone, these eleven pages of the Sargent declaration must be stricken. In addition, the presentation of these pages also violates the Best Evidence Rule, in that the declarant seeks to testify to the contents of a writing he claims to have found on-line. Finally, the declarant fails to provide any true citation for the material that he attributes to the Mayo Clinic; thus, its accuracy cannot readily be confirmed and it should be excluded for that reason as well.

For each of these reasons, pages 10 through 21 of the Sargent declaration should be stricken.

6. Defendants object to the material set out in pages 21 through 31 of the Sargent declaration, and move that those pages be stricken on the grounds that this material is an improper attempt to augment the administrative record and is therefore also irrelevant, constitutes improper legal opinion, is inadmissible expert testimony as it lacks foundation and is based on unreliable sources, is hearsay, and violates the Best Evidence Rule, Federal Rule of Evidence 1002.

The opinions that Sargent expresses in pages 21 through 31 are uniformly based on his interpretation of the "report" of the Multistate Market Conduct Examination, which he understands to contain "mandates." *See, e.g.*, Declaration, page 21, line 22-26, *cf.* page 1, paragraph 4 (opinions based on *content* of the examination). The defendants have set out above the reasons why the Sargent declaration as a whole constitutes an improper attempt to augment the record, and why it constitutes improper legal conclusions; those arguments also apply to this testimony in specific. For example, as discussed above and noted in the defendants' brief, expert testimony regarding a putative "standard of care" is simply irrelevant in an ERISA action in which the claims administrator

has been provided a grant of discretion: as this Court as noted, "the issue before the court is not whether Unum reached the 'correct' decision; the issue is whether there is substantial evidence in record to support Unum's decision." *Gonzalez v. Unum Life Ins. Co.*, 2008 U.S. Dist. LEXIS 57120 *25 (N.D. Cal. 7/28/2008). Sargent's personal opinions add nothing to that analysis, and should be excluded as irrelevant.

Moreover, those opinions lack foundation, because they rely exclusively on an inadmissible and untrustworthy source – the "report" that Sargent mentions but does not produce. Sargent may refer in passing to his supposed reliance on personal experience or contact with other professionals, but his declaration testimony is clear – his exclusive source for "industry standards" is the "report." <u>See</u>, *e.g.*, page 21, para. 11; page 28, subpara. vii; & page 29, subparas. viii – ix. The contents of that report are hearsay, and they are secret hearsay, which is known only to a declarant who fails to bring forward for judicial review. This is not the type of information reasonably relied upon by experts in any field. *Cf.* Fed. R. Evid. 703 (expert may use inadmissible information if *reliable*). The opinions contained in these ten pages should be excluded because they lack foundation, rely on untrustworthy sources, and constitute hearsay.

In addition, the testimony contained in the Sargent declaration that is based on the "report" must be stricken because it violates the Best Evidence Rule – it is a declarant's attempt to testify to the contents of a writing. <u>See</u>, *e.g.*, page 21, para. 12 (purporting to explain the sponsors and methodology, and results set out in the "report"); page 23, line 4ff (describing the contents of "Exhibit D" of the "report"); page 28, lines 17-19 ("The findings of the Report … support my opinion"). This testimony is improper, and should be stricken.

In *United States v. Bennett*, 363 F.3d 947, 953 (9th Cir, 2004), the Ninth Circuit Court of Appeals applied the Best Evidence Rule to exclude a law enforcement officer's testimony about the path of a boat, as it had been displayed on the boat's GPS system. The court noted the basic statement of the rule: "The best evidence rule provides that the original of a 'writing, recording, or photograph' is required to prove the contents thereof." *Id.*, citing Fed. R. Evid. 1002. Moreover, the court noted that the rule has particular application "when the witness was not privy to the events

---

6
**DEFENDANTS' OBJECTIONS TO DECLARATION OF JOHN SARGENT**
USDC NDCA Case #CV07-044088 PJH
371955.1

those contents describe." *Id.* The court determined that officer's description of the GPS display was secondary evidence; the GPS data itself – i.e., the unit's "report" – was the original. The court stated:

> This is precisely the kind of situation in which the best evidence rule applies. *See, e.g., L.A. News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935 (9th Cir. 2002) ("We think that Fox's report of what he saw on the label... was inadmissible under the best evidence rule."), *amended by* 313 F.3d 1093 (9th Cir. 2002) ... .

*Id.* The officer's testimony was inadmissible, and the failure to exclude it was prejudicial error. *Id.* at 954.

      This is also precisely the kind of situation that Sargent's reliance on the "report" creates. He attempts to testify to the contents of a document, produced through a process in which he did not participate, and then claims that this secret information justifies his personal opinions. The Best Evidence Rule prohibits that attempt, and pages 21 through 31 of the declaration should be stricken.

      7.      Defendants object to the material set out in the Sargent declaration purporting to testify to Unum's thought processes and its alleged bias, and move that those references be stricken on the grounds that they lack foundation and constitute conjecture and speculation. For example, the declarant offers his conclusions that "Unum formed a negative institution wide opinion" (page 3, line 16), "had concerns" (page 9, line 23), speculates about what "was adopted" (page 25, lines 24-25), and offers bare conjecture that "Unum permitted bias and self-interest to impact this claims decision" (page 27, line 14). In fact, these are all guesses, based on the fact that Unum reach a result that was opposite to his client's desires. All of these references, therefore, should be stricken.

Dated: August 22, 2008           WILSON, ELSER, MOSKOWITZ,
                                            EDELMAN & DICKER LLP

                              By:      */s/ Thomas M. Herlihy*
                                    THOMAS M. HERLIHY
                                    LAWRENCE J. ROSE
                                    Attorneys for Defendants
                                    UNUM GROUP (formerly known as UMPROVIDENT CORPORATION), FIRST UNUM LIFE INSURANCE COMPANY (erroneously sued as UNUM CORPORATION) and NEW YORK LIFE INSURANCE COMPANY