```
1   THOMAS M. HERLIHY  (SBN 83615)
    LAWRENCE J. ROSE  (SBN 129511)
2   WILSON, ELSER, MOSKOWITZ,
       EDELMAN & DICKER LLP
3   525 Market Street, 17th Floor
    San Francisco, CA  94105
4   Telephone:    (415) 433-0990
    Facsimile:    (415) 434-1370
5
    Attorneys for Defendants
6   UNUM GROUP (formerly known as UNUMPROVIDENT CORPORATION),
    FIRST UNUM LIFE INSURANCE COMPANY (erroneously sued as
7   UNUM CORPORATION) and NEW YORK LIFE INSURANCE COMPANY

8   J. RUSSELL STEDMAN  (SBN 117130)
    JENNIFER N. LEE  (SBN 230727)
9   BARGER & WOLLEN LLP
    650 California Street, 9th Floor
10  San Francisco, CA  94108
    Telephone:    (415) 434-2800
11  Facsimile:    (415) 434-2533

12  Co-Counsel for NEW YORK LIFE INSURANCE COMPANY only

13

14                      UNITED STATES DISTRICT COURT

15                      NORTHERN DISTRICT OF CALIFORNIA

16
```

| | |
|---|---|
| LYLE HUGHES,<br><br>         Plaintiff,<br><br>    v.<br><br>UNUMPROVIDENT CORPORATION; UNUM CORPORATION, NEW YORK LIFE INSURANCE COMPANY, et al.,<br><br>         Defendants. | Case No.:   CV07-04088 PJH<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, JUDGMENT UNDER RULE 52**<br><br>Hearing Date :   September 17, 2008<br>Time         :   9:00 a.m.<br>Courtroom    :   3<br>Floor        :   17 |

Defendants, Unum Group (formerly known as Unumprovident Corporation), First Unum Life Insurance Company (erroneously sued as Unum Corporation) and New York Life Insurance Company, hereby submit these objections to the plaintiff's request for judicial notice of two

---
1
**DEFENDANTS' OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE**
USDC NDCA Case #CV07-044088 PJH
371948.1

documents, averred to support his opposition to defendants' motion for partial summary judgment, or in the alternative, motion for judgment under Rule 52.

## OBJECTIONS

1.      Defendants object to plaintiff's request for judicial notice of his **Exhibit A**, which he describes as "a news release concerning the Multistate Market Conduct Examination which appears on Unum's website," on the grounds that the document is irrelevant, is inadmissible under Federal Rules of Evidence 404 (regarding character) and 408 (regarding settlements), is hearsay, and violates the Best Evidence Rule.

First, the document is irrelevant. The only purpose for plaintiff's Exhibit A is as an attempt to provide a foundation for the plaintiff's "expert" declaration testimony about alleged "findings" of a Multistate Market Conduct Examination. However, as shown in the defendants' objections to that declaration, the "expert's" testimony is incompetent, and inadmissible as hearsay and conjecture. And, as shown in defendants' reply memorandum, the substantive law of ERISA that controls the dispute here also excludes this type of evidence and the "expert's" declaration. Therefore, this document has no bearing on any fact of consequence in this action, and should be excluded on that ground alone.

In addition, the document consists of statements about a settlement agreement, which the plaintiff is offering as evidence of alleged prior bad acts and/or as a purported admission of liability. Both of those uses are improper. *See* Fed. R. Evid. 404(b) & 408(a); *cf. Troutman v. Unum Life Ins. Co.*, 2008 U.S. Dist. LEXIS 53756 *20-21 (N.D. Cal. 7/14/2008)(excluding evidence of a settlement pursuant to FRE 408).

Finally, although this document might constitute an admission under Federal Rule 801(d)(2) with regard to Unum Group and First Unum Life Insurance Company, with regard to defendant New York Life, the document is hearsay. Moreover, because it consists of one party's description of written document, it violates the Best Evidence Rule, Federal Rule of Evidence 1002. In light of those weaknesses, this document should be excluded even if it were relevant, as it carries the risks of confusion and undue prejudice. Fed. R. Evid. 403.

1    The only use for this document is to provide leverage for the plaintiff's effort to boot-strap his "expert's" declaration. That declaration has its own fatal flaws, and thus this document serves no purpose at all. It is irrelevant and otherwise inadmissible, and plaintiff's request for judicial notice should be denied.

2.    Defendants object to plaintiff's request for judicial notice of his **Exhibit B**, which he describes as "the first page of a Website from the State of Maine regarding Multistate Market Conduct Examination" on the grounds that this document is irrelevant, is inadmissible under Federal Rules of Evidence 404 (regarding character) and 408 (regarding settlements), is hearsay, and violates the Best Evidence Rule; in addition, as the plaintiff concedes, it is apparently incomplete.

This document is subject to the same evidentiary flaws as plaintiff's Exhibit A, but they are magnified here because this document cannot be claimed to constitute an admission – indeed, its author is unknown. In this regard, defendants note that there is a difference between a request to take judicial notice of *the existence* of a public document, and the request that plaintiff actually makes here – that the court take judicial notice of the *contents* of the document. In this instance, the contents of Exhibit B are hearsay; they cannot qualify for admission under the exception for public records because plaintiff cannot establish the factual foundation that is required.

Even if the court were willing to overlook that fundamental failing, the document still consists of a secondary description of a written instrument, which is still a settlement agreement. Thus, the use of the document violates the Best Evidence Rule, and its contents are inadmissible under Fed. R. Evid. 404 and 408. Further, the document is irrelevant, just as Exhibit A is. In this circumstance, plaintiff's request for judicial notice of Exhibit B should be denied.

Dated: August 22, 2008    WILSON, ELSER, MOSKOWITZ,
                          EDELMAN & DICKER LLP


By: ____/s/ Thomas M. Herlihy_____
THOMAS M. HERLIHY
LAWRENCE J. ROSE
Attorneys for Defendants
UNUM GROUP (formerly known as UNUMPROVIDENT CORPORATION), FIRST UNUM LIFE INSURANCE COMPANY (erroneously sued as UNUM CORPORATION) and NEW YORK LIFE INSURANCE COMPANY

3
DEFENDANTS' OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE
USDC NDCA Case #CV07-044088 PJH
371948.1