United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LYLE HUGHES,

    Plaintiff,

    v.

UNUMPROVIDENT CORPORATION, et al.,

    Defendants.

No. C 07-4088 PJH

**ORDER GRANTING MOTION TO REMAND; DENYING MOTION FOR ATTORNEY'S FEES; AND VACATING HEARING**

Before the court is plaintiff Lyle Hughes' ("plaintiff") renewed motion to remand pursuant to 28 U.S.C. § 1447(c).[1] Defendants Unum Group (f/k/a Unumprovident Corporation) ("Unum"), First Unum Life Insurance Company (sued as Unum Corporation) and New York Life Insurance Company (collectively "defendants") oppose the motion. The court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and hereby VACATES the hearing scheduled for January 7, 2009. Having carefully read the parties' papers and considered the relevant legal authority, the court hereby GRANTS plaintiff's motion to remand, for the reasons stated below.

**BACKGROUND**

This is an ERISA case, challenging the denial of payment of long-term disability benefits. Plaintiff was a New York Life agent operating an independent agency in Modesto, California. He was insured under the New York Life Group Long Term Disability Plan ("Plan"), which has been determined by this court to be an ERISA plan. Unum is the

---

[1] Although plaintiff has moved for mandatory remand of this action pursuant to § 1447(c), the court, for the reasons stated below, finds that § 1447(c) does not apply to this case. The court nonetheless will consider the propriety of remand by construing plaintiff's motion as one for discretionary remand pursuant to 28 U.S.C. § 1367(c).

administrator and the funding source of the Plan.

A.      Procedural Background

Plaintiff commenced an action against Unum on June 27, 2007, alleging (1) Unum breached their insurance contract by failing to pay plaintiff disability benefits, (2) Unum fraudulently stated that it would pay him disability benefits if he became disabled, (3) Unum failed to act in good faith or deal fairly with him, and (4) Unum's conduct caused him severe emotional distress and anxiety. See Compl. In addition, plaintiff alleged three state claims against the Commissioner of the California Department of Insurance ("Commissioner"). Id. On August 8, 2007, the action was removed to this court on the basis of federal question and diversity jurisdiction. Dkt. # 1.

On September 11, 2007, plaintiff sought to remand this action to state court for lack of subject matter jurisdiction. On November 30, 2007, the court issued an order concluding that remand was appropriate with respect to all of plaintiff's state law claims because the Commissioner had been properly named as a defendant with respect to plaintiff's fifth cause of action, therefore destroying complete diversity. Dkt. # 35. In doing so, the court rejected defendants' argument that joinder of the Commissioner was fraudulent, stating, "[a]t a minimum, plaintiff's fifth claim for relief for writ of mandamus . . . is legally viable, as suggested by applicable Ninth Circuit authority . . ." Id. In light of this determination, and given that it was unclear whether plaintiff's state law claims against defendants were preempted by ERISA, such that federal jurisdiction exists, the court ordered further briefing on the issue of whether the Plan at issue is governed by ERISA. Id.

On February 6, 2008, the court issued an order granting in part and denying in part plaintiff's motion to remand. Dkt. # 44. The court concluded that ERISA did govern the Plan. Id. Accordingly, the court denied plaintiff's motion to remand with respect to those claims preempted by ERISA. Id. Specifically, the court determined that remand was inappropriate with respect to plaintiff's first through fourth causes of action since those claims are premised on the denial of disability benefits under the Plan, and therefore

preempted by ERISA. Id. The denial, however, was without prejudice to plaintiff's ability to seek remand of all claims that pertain to policies and contracts other than the Plan, should it become clear that such policies and contracts present distinct claims that can be segregated from plaintiff's claims pursuant to the Plan. Id. In addition, the court determined that remand was proper with respect to those claims alleged against the Commissioner, plaintiff's fifth through seventh causes of action. In reaching this determination, the court stated that "[b]oth parties acknowledge that remand as to plaintiff's claims against the Commissioner are warranted, in view of the court's earlier finding [in its November 30, 2007 Order] regarding lack of diversity jurisdiction with respect to those claims alleged against the Commissioner." Id. The court further stated that "although the court does not reach the issue conclusively here, it is probable that Eleventh Amendment immunity applies" to plaintiff's fifth through seventh causes of action. Id.

On July 16, 2008, defendants moved for partial summary judgment, or in the alternative, judgment under Rule 52 of the Federal Rules of Civil Procedure. The court subsequently issued an order granting partial summary judgment in favor of defendants on plaintiff's first through fourth causes of action to the extent those claims are preempted by ERISA. On November 21, 2008, the parties stipulated to the dismissal with prejudice of all claims plaintiff has made or could have made against defendants that relate to, or in any way arise out of, the non-insurance contract entitled, "Nylic No. QN6-82" ("QN6-82 Contract").[2] On November 26, 2008, plaintiff filed a renewed motion to remand pursuant to § 1447(c). An opposition was filed on December 17, 2008.

**DISCUSSION**

A.  Legal Standard

Section 1447(c) provides, in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of

---

[2] The QN6-82 Contract is a non-insurance contract which sets forth the terms and conditions relating to certain compensation paid to eligible agents of New York Life.

3

>the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Thus, "[i]f a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." ARCO Envtl. Remediation v. Dep't of Health & Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).  However, if the district court has subject matter jurisdiction over the removed case (e.g., federal question jurisdiction), and the federal claims that served as the basis for removal are eliminated, the district court has discretion to remand the remaining state claims.  Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991); Satey v. JPMorgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008); see also Albingia Versicherungs A.G. v. Schenker Intern. Inc., 344 F.3d 931, 938 (9th Cir. 2003), *amended on other grounds*, 350 F.3d 916 (9th Cir. 2003), *cert. denied*, 541 U.S. 1041 (2004) (Section 1447(c) does not mean that if a facially valid claim giving rise to federal jurisdiction is dismissed, then supplemental jurisdiction is vitiated and the case must be remanded; rather, § 1447(c) means that if it is discovered at any time in the litigation that federal subject matter jurisdiction never existed, a removed case must be remanded to the state court rather than dismissed.  Once supplemental jurisdiction exists, it remains, subject to the discretionary provision for remand.).[3]

Under § 1367(c)(3), a district court has discretion "to decline to exercise supplemental jurisdiction over" an action if it "has dismissed all claims over which it has original jurisdiction."  See also O'Connor v. Nevada, 27 F.3d 357, 362-63 (9th Cir. 1997); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (holding that a

---

[3] In Albingia Versicherungs A.G., the Ninth Circuit resolved the conflict between the mandatory remand language in § 1447(c) and the discretionary remand language in § 1367(c).  There, the court explained that, if federal jurisdiction was valid initially, and if state law claims are asserted as part of the same case or controversy with a federal claim, the district court has discretion to exercise supplemental jurisdiction over the remaining state law claims and the mandatory remand provision of § 1447(c) does not apply.  Albingia Versicherungs A.G., 344 F.3d at 937-38.  In contrast, the mandatory remand language of § 1447(c) applies only if a case is removed to federal court based on the incorrect determination that federal subject matter jurisdiction existed, but it is later determined that such jurisdiction never existed in the first place.  Id. at 938.

4

district court has discretion to decline to exercise supplemental jurisdiction over non-federal claims if it has dismissed all claims over which it had original jurisdiction). When deciding whether to exercise supplemental jurisdiction, a district court should consider judicial economy, convenience, fairness, and comity. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); City of Chicago v. International College of Surgeons, 522 U.S. 156, 173 (1997). Ordinarily, if all claims over which a district court has original jurisdiction have been dismissed before trial in a removed action, the remaining state-law claims should be remanded to state court. See Acri, 114 F.3d at 1001; see also Satey, 521 F.3d at 1091 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quotation marks omitted).

B.    Legal Analysis

Defendants argue that remand is improper because the parties presently before the court are diverse. Alternatively, defendants argue that, even if the parties are not diverse, the court should retain this case by exercising supplemental jurisdiction over the remaining state law claims.

1.    Diversity Jurisdiction

As an initial matter, the court notes that all of plaintiff's federal claims (i.e. those claims predicated on the Plan and preempted by ERISA)[4] have been adjudicated in favor of defendants. The court further notes that all of plaintiff's state law claims alleged against defendants predicated on the non-insurance QN6-82 Contract have been dismissed with prejudice. Thus, it appears that the only remaining claims in this action are state law claims

---

[4] The court previously determined that plaintiff's first through fourth causes of action are preempted by ERISA because each of these claims depends in part on, and relates to, the Plan, citing e.g., Tingey v. Pixley-Richards West, Inc., 953 F.2d 1124, 1129-31 (9th Cir. 1992) (holding that claims against employer for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress and insurance bad faith, among other state law claims, are preempted by ERISA).

5

alleged against the Commissioner.  As such, the court is perplexed as to why defendants oppose the instant motion.  Although unclear, it appears that defendants' opposition to the instant motion is premised on the notion that actionable state law claims remain against defendants predicated on policies and contracts other than the Plan.  See Tingey, 953 F.2d at 1131 (noting that an otherwise ERISA-preempted claim may survive to the extent that it relies on a theory independent of the benefit plan).  Plaintiff, however, has not shown that there are any policies or contracts that can be segregated from his claims pursuant to the Plan, that is, plaintiff has not shown that his first through fourth causes of action rely on a theory independent of the Plan.  Nor has plaintiff moved to remand on this basis.  Instead, plaintiff moves to remand on the basis that he has actionable state law claims against the Commissioner, a non-diverse defendant.

Nevertheless, even assuming for the sake of argument that the defendants have a stake in the instant motion insofar as actionable state law claims remain against them, the court finds defendants' diversity jurisdiction argument to lack merit.  Defendants have failed to cite to controlling authority casting doubt on this court's earlier determination that the Commissioner was properly joined in this action, therefore destroying diversity jurisdiction with respect to plaintiff's state law claims.[5]  To the extent defendants argue that diversity jurisdiction exists because the parties presently before the court are diverse, this argument is unavailing.  Defendants, in essence, argue that this court has diversity jurisdiction over the instant action because the state law claims alleged against the non-diverse defendant

---

[5] 28 U.S.C. § 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants.  Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, (1996).  The Ninth Circuit recognizes one exception to he requirement of complete diversity-where a non-diverse defendant has been "fraudulently joined."  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.  Id.  In its November 30, 2007 Order, the court specifically rejected defendants' argument that joinder of the Commissioner was  fraudulent, stating, "[a]t a minimum, plaintiff's fifth claim for relief for writ of mandamus . . . is legally viable, as suggested by applicable Ninth Circuit authority . . ." Dkt. # 35.

6

(Commissioner) have been remanded, thus creating complete diversity among defendants and plaintiff.  The court is not persuaded by this argument.  Defendants did not cite, and this court is unaware of, controlling authority supporting defendants' position.  Defendants failed to point to a case where a court exercised diversity jurisdiction under similar circumstances.  That is, a case where a district court retained an action on the basis of diversity jurisdiction where: (1) removal was proper on the basis of federal question jurisdiction; (2) removal was improper on the basis of diversity jurisdiction insofar as plaintiff alleged viable state law claims against a non-diverse defendant; (3) the state law claims against the non-diverse defendant were remanded; (4) the federal claims were disposed of on the merits; and (4) the remaining parties were completely diverse.  In short, defendants have cited no authority directly holding that a district court may subsequently exercise subject matter jurisdiction over a case on the basis of diversity jurisdiction where diversity was lacking at the time of removal.  The core principle of diversity removal jurisdiction is that complete diversity must exist both at the time of removal and at the time the complaint was filed in state court.  See Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002).  Diversity jurisdiction is not affected by post-removal changes.  Hill v. Blind Indus. & Servs. of Md, 179 F.3d 754, 757 (9th Cir. 1999).

       Thus, while the court has determined that remand was proper with respect to the state law claims alleged against the non-diverse defendant (Commissioner), exercising jurisdiction over this case on the basis of diversity jurisdiction is improper, even assuming that defendants and plaintiff are diverse, because complete diversity did not exist at the time of removal.  Defendants have not submitted any legal authorities compelling a contrary conclusion.  Indeed, the general rule regarding the propriety of removal jurisdiction is determined by assessing whether the action could have been brought in federal court at the time of removal, not, as defendants suggest, whether it exists at the time the federal court is considering the motion to remand.  In determining the propriety of a motion to remand, it is irrelevant that diversity was created after removal by the elimination of claims against the

non-diverse defendant.  If removal on the basis of diversity jurisdiction was not proper in the first instance, the federal court consequently has no authority to subsequently exercise jurisdiction on that basis.

In this case, the court determined that removal was proper on the basis of federal question jurisdiction because plaintiff's first through fourth causes of action fell within the purview of the exclusive remedy provisions in ERISA.  The court also determined that removal was improper on the basis of diversity jurisdiction because plaintiff alleged, at minimum, a viable state law claim against the Commissioner, a non-diverse defendant.  The court has jurisdiction over plaintiff's state law claims under § 1367, which grants district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Accordingly, because the ERISA claims supporting federal question jurisdiction have been dismissed, and because jurisdiction on the basis of diversity is improper, any jurisdiction over the remaining state law claims by this court would have to be supplemental under § 1367.  The question, then, is whether this court should use its discretion to exercise supplemental jurisdiction over plaintiff's remaining state law claims.[6]

2.   Supplemental Jurisdiction

Defendants argue that remand is improper because it would create an undue risk of confusion and duplication of efforts.  The court disagrees.

Under the present circumstances, the court finds that the issues of economy,

---

[6] The court notes that while plaintiff argues that remand is required because the Commissioner did not join the petition for removal, this argument lacks merit.  Although the failure to join all defendants in a removal petition is a procedural defect, if the procedural defect is not raised within 30 days of the filing of the notice of removal, that argument is waived under § 1447(c).  See Council of Laborers v. Pittsburgh-Des Moines Steel Co., 69 F.3d 1034, 1037-38 (9th Cir. 1995) (holding that the failure to join a named co-defendant could not be "raised later than 30 days after the filing of the notice of removal, regardless of whether a timely remand motion has been filed").  Because plaintiff raised this procedural defect in removal procedure more than 30 days after the filing of the notice of removal, remand to state court on this basis is not warranted.

8

1  convenience, fairness and comity weigh in favor of remand.  As to comity, this factor weighs
2  in favor of remand given that the remaining claims are based on state law and the
3  determination of the state law claims should generally be made in state court.  See United
4  Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (needless decisions of state law should
5  be avoided as a matter of comity).  Economy also weighs in favor of remand insofar as state
6  courts are better equipped to efficiently handle state law issues, which now exclusively
7  control this case.  Moreover, contrary to defendants assertion, this court has not invested
8  substantial resources into plaintiff's state law claims such that remand would cause a
9  duplication of efforts on the part of the undersigned.  The court did not engage in any
10 substantive analysis regarding the merits of plaintiff's state law claims.  In addition, the
11 discovery and trial preparation the parties have thus far engaged in will not lose their utility
12 in state court.  Finally, the court cannot envision how the parties would be unduly
13 inconvenienced by having this case proceed in state court or how notions of fairness would
14 in any way be impacted by a remand of this case.  Defendants did not offer persuasive
15 reasons demonstrating  that a remand would cause unreasonable delay, unnecessary
16 expense, prejudice or inconvenience.  Accordingly, the court declines to exercise
17 supplemental jurisdiction over plaintiff's remaining state law claims.  The motion for remand
18 is therefore granted.

19   3.  Request for Attorney's Fees and Costs

20   In addition to remand, plaintiff requests an award of attorney's fees and costs
21 incurred as a result of removal because there is no federal subject matter jurisdiction and/or
22 because the Notice of Removal was procedurally defective.

23   Upon granting a motion for remand, a federal court may order the defendant to pay
24 plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result
25 of the removal." 29 U.S.C. § 1447(c).  The decision to award such fees is discretionary and
26 does not require a finding of bad faith removal because the purpose of such an award is not
27 punitive, but rather to reimburse a plaintiff for wholly unnecessary litigation costs caused by
28

9

defendant. Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 446-47 (9th Cir. 1992). The standard for awarding attorney's fees turns on the reasonableness of the removal. "Absent unusual circumstances, a federal court may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Plaintiff's request for attorney's fees and costs is denied. Defendants asserted a valid basis for removal; namely, federal question jurisdiction. In addition, as discussed above, the Notice of Removal was not procedurally defective. Accordingly, because defendants did not lack an objectively reasonable basis for seeking removal, the imposition of attorney's fees and costs upon defendants is not warranted.

## CONCLUSION

For the reasons stated above, the court hereby GRANTS plaintiff's motion to remand and DENIES plaintiff's request for attorney's fees.

This case is hereby remanded to the Superior Court of the State of California, County of San Francisco.

**IT IS SO ORDERED.**

Dated: January 5, 2009

PHYLLIS J. HAMILTON
United States District Judge